## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,

      Plaintiff,

v.

2399 COLLINS AVENUE CONDOMINIUM
ASSOCIATION, INC. and JOHN P. BOSTANY,

      Defendants

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff SH Group Global IP Holdings, L.L.C. ("SH Group," as that term is further defined below), by and through its attorneys, allege against Defendants 2399 Collins Avenue Condominium Association, Inc. (the "Association") and John P. Bostany ("Bostany") (collectively, "Defendants") as follows:

## NATURE OF THE CASE

1.      SH Group's claims arise out of Defendants' willful infringement of, and efforts to trade on, SH Group's well-known "1" trademarks and SH Group's hard-earned goodwill therein, in contravention of agreements not to use or challenge the validity of SH Group's marks.  SH Group's trademarks that contain the number "1," including 1 HOTEL & HOMES and SH Group's related logos, are collectively referred to in this Complaint as the "1 HOTEL & HOMES Marks."

1

2.      Defendants are the Condominium Association for the condominiums located within SH Group's 1 HOTEL & HOMES SOUTH BEACH property in Miami Beach, Florida, and the Association's Board President, John Bostany, who is also a condominium unit owner. Despite written agreements to the contrary, Defendants have asserted ownership rights to 1 HOMES as a trademark, filed applications to register 1 HOMES as a trademark, and have attempted to begin using SH Group's marks for condominium association services as well as on merchandise. Such conduct not only breaches contractual obligations agreed to by all of the owners of the condominiums, but also constitutes infringement of SH Group's trademarks.

3.      As a threshold matter, Bostany agreed to the terms of contracts, the Purchase Agreement (including the agreements it incorporates by reference) and the Buyer's Acknowledgement—documents that he signed in connection with the purchase of his condominium at the 1 HOTEL & HOMES SOUTH BEACH property. The terms of these agreements forbid condominium owners and the Association from (1) using the trademarks and trade names of SH Group, and (2) interfering with the intellectual property rights of SH Group. As detailed below, by infringing SH Group's valuable trademarks, asserting ownership of the 1 HOMES mark, and seeking to cancel SH Group's trademark registrations, Bostany has willfully and blatantly breached both the Purchase Agreement and the Buyer's Acknowledgement.

4.      The Association, in turn, at the direction, inducement and control of Bostany, has embarked upon a calculated strategy of not only gratuitously using the 1 HOMES mark for its condominium association in South Beach, Florida, but also has begun producing merchandise using the 1 HOMES mark (the "Association's Alleged Mark"). Moreover, the Association filed applications to register the Association's Alleged Mark in connection with condominium association services, apparel, beach towels, and various other goods and services. In these

applications, the Association has fraudulently asserted that it is using the Association's Alleged

Mark in U.S. commerce and now purports to sell goods bearing the Association's Alleged Mark.

As a result of the Defendants' conduct, consumers likely will believe that the Association is

owned by, affiliated with, or sponsored by SH Group, and in particular that the Association is a

joint venture or cobranding project with SH Group, which it is not.

5.      Furthermore, the Association, at the direction, inducement and control of Bostany,

has attempted to interfere with SH Group's trademark rights by petitioning to cancel several of

SH Group's trademark registrations in the United States.  SH Group has attempted in good faith

to negotiate an amicable resolution of the parties' trademark disputes, but Defendants have

refused to cease interfering with and infringing SH Group's trademark rights.  It now seems

apparent that Defendants plan to continue to interfere with SH Group's rights and expand their

infringement of SH Group's trademarks, regardless of SH Group's attempts to make the

Defendants see reason.  In addition to the harm suffered by SH Group and its intellectual

property, the residents of the 1 HOTEL & HOMES SOUTH BEACH property continue to see

their investment in the property undermined by the willful antics of Defendants.  As a result, SH

Group has been left with no choice but to file suit to protect its brand, its shareholders'

investments, and its consumers from being confused.

6.      For these reasons, and as explained further below, SH Group seeks permanent

injunctive relief to stop the Defendants' infringing and interfering activities and contractual

breaches, as well as monetary damages to compensate SH Group for the harm suffered as a result

of Bostany's contractual breaches and Defendants' infringement of SH Group's 1 HOTEL &

HOMES Marks.  SH Group also seeks a declaratory judgment that the Association's four

pending applications for the Association's Alleged Mark be denied by the United States Patent and Trademark Office ("USPTO").

## THE PARTIES

7.    Plaintiff SH Group Global IP Holdings, L.L.C. is a Delaware limited liability company with its principal place of business at 591 West Putnam Avenue, Greenwich CT 06830. SH Group is the owner of the trademarks at issue in this case, which are licensed to and used by its affiliates in connection with developing, promoting, managing and/or operating their 1 HOTEL and 1 HOTEL & HOMES-branded properties (collectively, "SH Group").

8.    Upon information and belief, Defendant 2399 Collins Avenue Condominium Association, Inc. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 2399 Collins Avenue, Miami Beach, Florida 33139.

9.    Upon information and belief, Defendant John P. Bostany is an individual who resides in Miami Beach, Florida, who is a member of and the Board President of the Association.

## JURISDICTION AND VENUE

10.    This action asserts claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1367(a).  This Court also has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202.  This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).  In addition, because SH Group Global IP Holdings, L.L.C. and Defendants are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs, this Court also has diversity jurisdiction under 28 U.S.C. § 1332.

11.     This Court has personal jurisdiction over the Association because, upon information and belief, the Association is a corporation of Florida, conducts business in Florida, and has committed trademark infringement in Florida.

12.     This Court has personal jurisdiction over Bostany because, upon information and belief, he resides in Florida.

13.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because both the Association and Bostany reside in this District.

14.     Further, the Purchase Agreement executed by all members of the Association, including Bostany, states that "in the event of any litigation between the parties related to this Purchase Agreement (i) the parties shall and hereby submit to the personal jurisdiction of the state and federal courts of the State of Florida, and (ii) venue shall be laid exclusively in Miami-Dade County, Florida."  Thus, Defendants have submitted to personal jurisdiction and venue is proper in connection with the Purchase Agreement.

### SH GROUP, ITS SERVICES AND ITS 1 HOTEL & HOMES TRADEMARKS

15.     SH Group is a well-known and established hotel brand management company known for award-winning hotels, residences, resorts, and restaurants.  SH Group's hotels and resorts are an affiliate of global private investment firm Starwood Capital Group, the force behind some of the most recognizable and innovative hotel brands in the world, such as Westin Hotels & Resorts, W Hotels, Sheraton, The St. Regis, and Le Méridien.

16.     SH Group owns, among other things, 1 HOTEL & HOMES, a distinct, nature-inspired lifestyle hotel and residence brand, which provides a variety of hospitality and residential services under the 1 HOTEL & HOMES Marks.  The brand combines the best of environmentally sustainable architecture and design with extraordinary comfort, highly

personalized service and guest-driven technology.  The 1 HOTEL & HOMES brand was developed with the simple idea that nature is not just beautiful—it changes the way we feel.  This concept is illustrated on the www.1Hotels.com website that promotes the brand:



17.     First announced in 2006, the 1 HOTEL & HOMES brand was temporarily put on hold during the 2008 financial crisis.  In early 2015, SH Group opened a flagship property under the mark "1 HOTEL & HOMES SOUTH BEACH" in Miami Beach, Florida to great critical acclaim for its world-class amenities and service.  The property features over 400 hotel rooms and over 150 condominium residences, including luxurious penthouse properties.  Following the success of the 1 HOTEL & HOMES SOUTH BEACH property, SH Group went on to launch 1 HOTELS-brand properties in Central Park and Brooklyn Bridge Park in New York City by the end of 2015.  To date, a total of five 1 HOTELS-brand properties have been built and are operating in the United States and China, with another nine under development.

18.     SH Group's 1 HOTEL & HOMES SOUTH BEACH property upholds the nature-inspired vision of the brand by channeling nature through design, meeting eco-friendly standards, and connecting with the local community.  In the five years since its opening, the 1 HOTEL &

HOMES SOUTH BEACH property has won such prestigious accolades as being listed on Travel + Leisure's "It List," the Forbes list of Best Miami Beach Resorts, and receiving the AAA Four Diamond Award, among others.  The condominium and penthouse properties within the 1 HOTEL & HOMES SOUTH property have been met with similar acclaim.

19.     SH Group has invested significant resources in developing and promoting its business under the 1 HOTEL & HOMES Marks.  The 1 HOTEL & HOMES Marks appear in a wide variety of advertisements and promotional materials, including but not limited to brochures, websites, social media, magazines, and newspapers.  Examples of SH Group's use of the 1 HOTEL & HOMES Marks are below.











20.     Moreover, SH Group utilizes the 1 HOMES mark in marketing, advertising, and

social media to distinguish its 1 HOTEL & HOMES SOUTH BEACH property from its other

hotel properties and advertise the availability of residential real estate.  Examples of SH Group's

use of the 1 HOMES mark are below (with red circle added in the fourth image):



21.     In recognition of SH Group's rights, the USPTO has granted SH Group dozens of

trademark registrations for its 1 HOTEL & HOMES Marks (collectively, the "SH Group

Registered Marks"), many of which are incontestable, meaning that their distinctiveness and ownership cannot be challenged.  SH Group also owns additional pending trademark applications for its 1 HOTEL & HOME Marks.  SH Group's registered and applied-for 1 HOTEL & HOMES Marks are reflected in the attached Exhibit A.  Some examples of the SH Group Registered Marks are set forth below.



| **Mark and Reg. No.** | | | |
| --- | --- | --- | --- |
| Reg. No. 4,266,104 | Reg. No. 4,964,730 | Reg. No. 4,964,731 | Reg. No. 4,964,734 |
| Reg. No. 4,968,931 | Reg. No. 4,837,289 | Reg. No. 4,837,287 | Reg. No. 4,832,423 |

22.     The SH Group Registered Marks were accepted by the USPTO without proof of secondary meaning or a disclaimer of the term "1," reflecting that such term is inherently distinctive of SH Group's goods and services.

23.     The 1 HOTEL & HOMES Marks have developed tremendous goodwill and achieved widespread recognition and acclaim.  For instance, the 1 HOTEL-brand properties in New York, Miami Beach, West Hollywood and Haitang Bay, China have received awards and accolades from the top travel and hotel publications in the country including *The New York Times*, *Travel + Leisure*, *AAA*, *Condé Nast*, *Forbes*, and *Town & Country*, among many others. Due to the long and widespread use of the 1 HOTEL & HOMES Marks, the brand has become synonymous with luxury hotels and residences and amenities in the minds of consumers.

24.     As a result of the long and extensive use of the 1 HOTEL & HOMES Marks, and the significant sales, promotion, advertising, third-party acclaim, and commercial success under those marks, the 1 HOTEL & HOMES Marks have achieved widespread public exposure and recognition such that they are highly distinctive and have become well-known.

**DEFENDANT BOSTANY'S CONTRACTUAL DUTIES**

25.     Bostany is an owner of a condominium at the 1 HOTEL & HOMES SOUTH BEACH property and also is the Board President of the Association.

26.     Bostany is a party to the Purchase Agreement, dated January 21, 2014, in which he purchased a condominium unit at the 1 HOTEL & HOMES SOUTH BEACH property (the "Purchase Agreement").  The Purchase Agreement is also executed by 2377 Collins Avenue, L.P., the developer of the condominium properties at the 1 HOTEL & HOMES SOUTH BEACH property ("2377 Collins").  SH Group is a third-party beneficiary of the Purchase Agreement.

27.     As a result of his infringing conduct detailed below, Bostany is in breach of the Purchase Agreement, which contractually prevents him from interfering with the intellectual property of SH Group.

28.     Paragraph 32(e) of the Purchase Agreement states:

"Under no circumstances shall the Hotel Brand Intellectual Property be deemed part of the Condominium Property or an appurtenance of any Unit.  In no event shall the

11

Condominium, the Condominium Association nor the Unit Owners have any right, title or interest in any name under which the Hotel is operated or in any other aspect of the Hotel Brand Intellectual Property, or in any licensing arrangement between the Hotel Brand and any other party."

29.     Paragraph 33(b) of the Purchase Agreement states:

"Buyer further acknowledges and agrees that by acquiring a Unit, Buyer acquires no right, title, ownership or interest in the name '1 Hotel' or '1 Hotel & Residences,' or the marks, logos or other trademarks, service marks, trade names, symbols, emblems, logos, insignias, indicia of origin, slogans and designs used in connection with '1 Hotel' or '1 Hotel & Residences' (collectively, the 'SH Group Marks'), all of which belong to SH Group."

30.     Bostany's performance under Paragraphs 32(e) and 33(b) of the Purchase Agreement directly and substantially benefits SH Group as the owner of the trademarks, trade dress, logos, service marks, trade names, symbols, emblems, logos, insignis, indicia of origin, slogans and designs used in connection with the 1 HOTEL & HOMES SOUTH BEACH property, including without limitation the 1 HOTEL & HOMES Marks.

31.     Paragraph 37 of the Purchase Agreement states: "The explanations, definitions, disclaimers and other provisions set forth in the Condominium Documents are incorporated into this Agreement as if repeated at length here."

32.     Pursuant to this provision, the Purchase Agreement incorporates by reference the publicly recorded Declaration of 2399 Collins Avenue Condominium, dated December 24, 2014 ("Declaration of Condominium").

33.     Paragraph 21.3(a) of the Declaration of Condominium states: "No Unit Owner shall have the right, license or ability (or otherwise through the purchase or ownership of a Unit acquire any entitlement) to use for any purpose, including in connection with the sale, rental or marketing of his, her or its Unit) [sic] any trade name, trademark or service mark associated with the Hotel or the operator thereof."  The "Hotel" referenced in Paragraph 21.3(a) refers to the 1 HOTEL & HOMES SOUTH BEACH property owned and operated by SH Group.

34.     Bostany's performance under Paragraph 21.3(a) of the Declaration of Condominium directly and substantially benefits SH Group as the owner of the trade names, trademarks, and service marks relating to the 1 HOTEL & HOMES SOUTH BEACH property, including without limitation the 1 HOTEL & HOMES Marks.

35.     The Purchase Agreement also incorporates by reference the publicly filed agreement entitled Declaration of Covenants, Restrictions, and Easements, dated December 26, 2014 (the "Resort Covenants").

36.     Paragraph 14.2 of the Resort Covenants states: "No Element or Condominium Owner shall have the right, license or ability … to use for any purpose … any trade name, trademark, or service mark associated with the Hotel or the operator thereof."

37.     Bostany's performance under Paragraph 14.2(a) of the Resort Covenants directly and substantially benefits SH Group as the owner of the trade names, trademarks, and service marks relating to the 1 HOTEL & HOMES SOUTH BEACH property, including without limitation the 1 HOTEL & HOMES Marks.

38.     The Purchase Agreement also incorporates by reference the publicly filed "Prospectus for 2399 Collins Avenue Condominium" with an effective date of August 2013 (the "Prospectus").

39.     Paragraph 21(n) of the Prospectus states: "In no event shall the Condominium, the Condominium Association nor the Unit Owners have any right, title or interest in any name under which the Hotel is operated or any other aspect of the Hotel Brand Intellectual Property." The "Hotel" referred to in the Prospectus is the 1 HOTEL & HOMES SOUTH BEACH property owned and operated by SH Group.

40.     Bostany's performance under Paragraph 14.2(a) of the Resort Covenants directly and substantially benefits SH Group as the owner of the trade names, trademarks, service marks, and other intellectual property relating to the 1 HOTEL & HOMES SOUTH BEACH property, including without limitation the 1 HOTEL & HOMES Marks.

41.     Each of the individual owners of condominiums within the 1 HOTEL & HOMES SOUTH BEACH property, including Bostany, agreed to the Buyer's Acknowledgement upon purchasing a condominium.  Bostany executed the Buyer's Acknowledgement on January 21, 2014.

42.     The Buyer's Acknowledgement states: "Buyer shall not interfere with or contest Licensor's rights in and to the Brand Trademarks."  The Licensor referred to in the Buyer's Acknowledgement is SH Group.

43.     Bostany's performance under the Buyer's Acknowledgement directly and substantially benefits SH Group as the owner of the trade names, trademarks, service marks, and other intellectual property relating to the 1 HOTEL & HOMES SOUTH BEACH property, including without limitation the 1 HOTEL & HOMES Marks.

44.     As detailed below, by inducing, directing and encouraging the Association to use the Association's Alleged Mark on the Association's website, board meetings, and merchandise, as well as by using the Association's Alleged Mark on his own LinkedIn profile, Bostany has blatantly and knowingly breached his contractual duties under the Purchase Agreement, and by extension the Declaration of Condominium, Resort Covenants, and Prospectus, as well as his duties under the Buyer's Acknowledgement.  By inducing, directing and encouraging the Association to file and continue to pursue applications before the USPTO for the Association's

Alleged Mark, Bostany continues to violate these agreements and cause material harm to SH Group and its valuable intellectual property.

**DEFENDANTS' INFRINGEMENT OF THE 1 HOTEL & HOMES MARKS**

45.     In 2019, long after SH Group had established strong rights to its 1 HOTEL & HOMES Marks, the Association began referring to itself as "1 HOMES" and began a calculated strategy to assert ownership over and attempt to use such trademark.  The Association did not consult with or seek permission from any employee or representative from SH Group before using 1 HOMES for its condominium association services, on its website, and on merchandise.

46.     On June 3, 2019, the Association, under the direction, inducement and control of Bostany, filed application Serial No. 88/457,662 before the USPTO to register the alleged mark "1 HOMES" in International Class 36 for "Building management; Real estate services, namely, condominium management services" (the "Association's '662 Application").  Bostany signed the Association's '662 Application on behalf of the Association, as its Board President.

47.     On June 21, 2019, counsel for SH Group contacted Bostany regarding its concerns concerning the Association's '662 Application.  When SH Group's objections to the Association's '662 Application were not resolved via email discussions, counsel for SH Group sent two letters to Bostany on August 2, 2020 and September 11, 2020, formally objecting to the Association's use of and application to register the mark 1 HOMES for its condominium management services.  SH Group requested that the Association abandon the Association's '662 Application and cease use of any and all terms confusingly similar to SH Group's 1 HOTEL & HOMES Marks.  The Association refused to do so.

48.     On August 22, 2019, the USPTO issued an Office Action for the Association's '662 Application, which refused registration based on a likelihood of confusion with SH Group's

registrations for 1 HOTEL & HOME, 1 HOTEL & HOMES, and 1 HOTEL & HOMES SOUTH BEACH (the "1 HOTEL & HOMES Registrations," as defined further below).

49.     Since receiving SH Group's cease and desist letters and the USPTO's refusal of its initial trademark application, the Association has filed three additional applications to register the Association's Alleged Mark with the USPTO: (1) Serial No. 88/879,248 for "1 HOMES" in International Class 25 for "Hats; Shirts;" (2) Serial No. 88/914,537 for "1 HOMES" in International Class 21 for "mugs; glasses; and tea kettles," in International Class 24 for "home goods, namely beach towels, throws and blankets," and in International Class 28 for "stuffed animals and plush toys;" and (3) Serial No. 88/925,433 for "1 HOMES" in International Class 35 for "online retail store services for clothing and accessories; On-line retail gift shops" (collectively, along with the Association's '662 Application, the "Association's 1 HOMES Applications").

50.     Upon information and belief, the Association's use of the Association's Alleged Mark includes, without limitation, display of 1 HOMES on the website of the Association, located at www.2399collinsave.nabrnetwork.com/home.php, and use of the Association's Alleged Mark on the minutes of the Board of Directors of the Association and related newsletters sent to unit owners.  Examples of this use are shown below:

**Association Website**               **Minutes of the Board**



51.     The Association's use of a mark confusingly similar to SH Group's 1 HOTELS & HOMES Marks in connection with condominium services is likely to make consumers mistakenly believe there is a connection, sponsorship, or association between the Association and SH Group.  For instance, consumers and prospective unit owners are likely to assume that the Association is owned and/or operated by SH Group when that is not the case, and SH Group and the Association may not have the same interests.

52.     The Association further exacerbates the likelihood of confusion by continuing to use the Association's Alleged Mark on a growing number of goods and services, misleading consumers further as to SH Group's sponsorship, connection, or association with the Association.  For example, the Association has recently begun providing an online store where consumers can purchase clothing and other goods bearing the Association's Alleged Mark. Consumers are likely to mistakenly believe that SH Group provides, is affiliated with, or sponsors such online store and branded merchandise.  An example of a hat bearing the Association's Alleged Mark is below.

**"1 Homes Hat"**

Adjustable Hat  - $40.00

**1 Homes Hat**



17

53.     The overall look and presentation of the Association's advertising also increases the likelihood of confusion.  For example, the Association's website uses images of nature associated with SH Group's 1 HOTELS & HOMES SOUTH BEACH-brand property, such as beaches.  SH Group's 1 HOTEL & HOMES-brand properties are nature-inspired hotels and residences, drawing on the surrounding environment near each property.  As such, SH Group's advertising and marketing of the 1 HOTEL & HOMES Marks features elements of nature found at each of its 1 HOTEL & HOMES-brand properties.  Below is an example of how SH Group uses its 1 HOTEL & HOMES Marks on its website in connection with the 1 HOTEL & HOMES SOUTH BEACH property, side-by-side with the Association's use of the Association's Alleged Mark on its own website, both of which show a beach.

| 1 Hotels Website | Association Website |
|---|---|

 

54.     Bostany has further increased the likelihood of confusion between Defendants' use of the Association's Alleged Mark and SH Group's 1 HOTEL & HOMES Marks by listing himself as the "Board President for 1 Homes at 1 Hotels" on his LinkedIn profile, as shown below.  Bostany's profile even uses one of SH Group's distinctive 1 HOTELS logos, thus communicating that he is employed by SH Group.  Bostany has styled his LinkedIn profile to inflate his role and misleadingly and falsely communicate that he is a board member or executive

at SH Group, as opposed to the president of the Association's board of directors.  Bostany is not currently, nor has he ever been, an employee or board member of SH Group or 1 Hotel & Homes.



**DEFENDANTS' ATTEMPT TO CANCEL SH GROUP'S REGISTERED MARKS**

55.     On October 19, 2019, the Association instituted Cancellation No. 92073091 before the USPTO (the "Cancellation Petition").

56.     The Cancellation Petition seeks to cancel three of SH Group's Registered Marks: Reg. Nos. 4,832,423 (1 HOTEL & HOME design), 4,837,287 (1 HOTEL & HOMES design), and 4,837,289 (1 HOTEL & HOMES SOUTH BEACH design) (collectively, the "1 HOTEL & HOMES Registrations").  Further details regarding the 1 HOTEL & HOMES Registrations are included in Exhibit A, attached hereto.

57.     By directing, inducing, and encouraging the Association to challenge the validity of SH Group's marks and file the Cancellation Petition, Bostany further breached his contractual

duties under the Purchase Agreement (and its related agreements) and the Buyer's

Acknowledgement.

## COUNT I
## BREACH OF THE PURCHASE AGREEMENT
### (Against Defendant Bostany)

58.     SH Group repeats and incorporates herein by reference each and every one of the

allegations contained in paragraphs 1 through 57 of this Complaint with the same force and

effect as if herein again set forth in full.

59.     The Purchase Agreement and the agreements it incorporates by reference is a

valid and enforceable written contract executed by Bostany and 2377 Collins, of which SH

Group is a third-party beneficiary.

60.     The Purchase Agreement and the documents it incorporates by reference

primarily and directly benefit SH Group as the owner of the trademarks, trade dress, logos,

service marks, trade names, symbols, emblems, logos, insignis, indicia of origin, slogans and

designs used in connection with the 1 HOTEL & HOMES SOUTH BEACH property, including

without limitation the 1 HOTEL & HOMES Marks.

61.     Paragraphs 32(e) and 33(b) of the Purchase Agreement demonstrate that it was the

clear intent of Bostany and 2377 Collins to make SH Group a third-party beneficiary of the

Purchase Agreement and the documents it incorporates by reference, due to SH Group's

ownership of the 1 HOTEL & HOMES Marks, including without limitation the 1 HOTEL &

HOMES Registrations.

62.     Paragraph 21.3(a) of the Declaration of Condominium demonstrates that it was

the clear intent of 2377 Collins to make SH Group a third-party beneficiary of the Declaration of

Condominium, due to SH Group's ownership of the 1 HOTEL & HOMES Marks, including without limitation the 1 HOTEL & HOMES Registrations.

63.     Paragraph 14.2 of the Resort Covenants demonstrates that it was the clear intent of 2377 Collins to make SH Group a third-party beneficiary of the Declaration of Condominium, due to SH Group's ownership of the 1 HOTEL & HOMES Marks, including without limitation the 1 HOTEL & HOMES Registrations.

64.     Paragraph 21(n) of the Prospectus demonstrates that it was the clear intent of 2377 Collins to make SH Group a third-party beneficiary of the Declaration of Condominium, due to SH Group's ownership of the 1 HOTEL & HOMES Marks, including without limitation the 1 HOTEL & HOMES Registrations.

65.     Pursuant to the Purchase Agreement and the documents it incorporates by reference, Bostany agreed that neither he nor the Association had any right, title, ownership or interest in the 1 HOTEL & HOMES Marks, and thus that he would not use or induce the Association to use any trademark or service mark of SH Group.

66.     Bostany has intentionally breached the Purchase Agreement by using the Association's Alleged Mark and infringing the 1 HOTEL & HOMES Marks.  Upon information and belief, Bostany also has intentionally breached the Purchase Agreement by directing and inducing the Association to assert ownership of and file applications for the Association's Alleged Mark, thus infringing the 1 HOTEL & HOMES Marks.

67.     These actions constitute willful and knowing violations of law and material breaches of the Purchase Agreement.

68.     Bostany's failure to perform his contractual duties under the Purchase Agreement has damaged SH Group and, unless enjoined by the Court, will further impair the value of SH

Group's marks, reputation, and goodwill.  This harm constitutes an injury for which SH Group has no adequate remedy at law.

69.     Paragraph 15(a) of the Purchase Agreement states that "[i]n the event of any litigation between the parties under this Agreement, the prevailing party shall be entitled to reasonable attorneys', paralegals and paraprofessionals fees and court costs at all trial and appellate levels."

70.     Because Bostany has failed his contractual duties under the Purchase Agreement and SH Group has no adequate remedy at law to alleviate its harm resulting from Bostany's contractual breaches, justice requires that the Court order specific performance by Bostany under the Purchase Agreement, among other remedies outlined below.

**COUNT II**
**BREACH OF THE BUYER'S ACKNOWLEDGEMENT**
**(Against Defendant Bostany)**

71.     SH Group repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 70 of this Complaint with the same force and effect as if herein again set forth in full.

72.     The Buyer's Acknowledgement is a valid and enforceable written contract between Bostany and SH Group.

73.     Pursuant to the Buyer's Acknowledgement, Bostany agreed not to "interfere with or contest" SH Group's trademark rights.

74.     Upon information and belief, Bostany has intentionally breached the Buyer's Acknowledgement by directing, encouraging and inducing the Association to contest the validity of the 1 HOTEL & HOMES Registrations and file the Cancellation Petition.

22

75.     This action constitutes a willful and knowing violation of law and a material breach of the Buyer's Acknowledgement.

76.     Bostany's failure to perform his contractual duties under the Buyer's Acknowledgement has damaged SH Group and, unless enjoined by the Court, will further impair the value of SH Group's marks, reputation, and goodwill.  This harm constitutes an injury for which SH Group has no adequate remedy at law.

77.     Because Bostany has failed his contractual duties under the Buyer's Acknowledgement and SH Group has no adequate remedy at law to alleviate its harm resulting from Bostany's contractual breaches, justice requires that the Court order specific performance by Bostany under the Buyer's Acknowledgement, among other remedies outlined below.

<u>COUNT III</u>
**TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP**
**(Against Defendant Association)**

78.     SH Group repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 77 of this Complaint with the same force and effect as if herein again set forth in full.

79.     Under the terms of the Purchase Agreement, Buyer's Acknowledgement, and the documents incorporated by reference therein, SH Group is in a business relationship with Bostany, as recited above.

80.     Upon information and belief, the Association is aware of the business relationship between SH Group and Bostany and has been aware of the business relationship since at least the time that the Association first attempted to use the Association's Alleged Mark in commerce.

81.     The Association improperly, intentionally, and unjustifiably interfered in the relationship between SH Group and Bostany as set forth in the Purchase Agreement, Buyer's

Acknowledgement, and the documents incorporated by reference therein, by attempting to use the Association's Alleged Mark in commerce, seeking to register the Association's 1 HOMES Applications and filing the Cancellation Petition. The Association's actions intended to induce a breach or disruption of the business relationship between SH Group and Bostany.

82.     The Association's knowing and intentional interference with the business relationship between SH Group and Bostany has damaged SH Group and will continue to cause SH Group irreparable harm unless enjoined by this Court.

**COUNT IV**
**INFRINGEMENT OF REGISTERED TRADEMARKS**
**(SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114)**

83.     SH Group repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 82 of this Complaint with the same force and effect as if herein again set forth in full.

84.     SH Group has prior rights over the Association in and to the 1 HOTEL & HOMES Marks in the United States by virtue of its use of the 1 HOTEL & HOMES Marks in interstate commerce and as evidenced by the SH Group Registered Marks.

85.     The SH Group Registered Marks are valid, subsisting, used in commerce and inherently distinctive. The SH Group Registered Marks also have acquired secondary meaning in the marketplace. Many of these marks have been declared incontestable by the USPTO.

86.     The Association's Alleged Mark is confusingly similar to the SH Group Registered Marks.

87.     Defendants' use of the Association's Alleged Mark is likely to cause confusion or mistake with the SH Group Registered Marks. Consumers likely will believe that the Association's goods and services are provided by, sponsored by, associated with, or otherwise

24

affiliated with SH Group because of the Association's use of the Association's Alleged Mark, which is confusingly similar to the SH Group Registered Marks.

88.     Defendants knew that their use of the Association's Alleged Mark would cause confusion or mistake as to SH Group's sponsorship of, association with, or affiliation with the Association's goods and services.

89.     Defendants' use of the confusingly similar Association's Alleged Mark is likely to cause irreparable injury to SH Group's marks, reputation, and goodwill.  The extent of this harm cannot be quantified, and therefore leaves SH Group with no adequate remedy at law.

90.     Defendants' use of the Association's Alleged Mark constitutes infringement of the SH Group Registered Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

91.     By reason of the foregoing, SH Group is entitled to permanent injunctive relief against the Defendants, restraining them and all those in active concert and participation with them from any further acts of infringement, and for all remedies available to it under 15 U.S.C. § 1117, including an accounting and disgorgement of Defendants' profits, and recovery of any damages (to the extent calculable) proven to have been caused by reason of Defendants' aforesaid acts, among other remedies as outlined below.

**COUNT V**
**FALSE DESIGNATION OF ORIGIN**
**(SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A))**

92.     SH Group repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 91 of this Complaint with the same force and effect as if herein again set forth in full.

93.     The 1 HOTEL & HOMES Marks are protected as common law trademarks by virtue of SH Group's longtime use of such marks in the marketplace.

94.     As noted above, the Association's Alleged Mark, which has been promoted, distributed, and used in commerce, is confusingly similar to the 1 HOTEL & HOMES Marks. Defendants' use of the Association's Alleged Mark implies to consumers that its services come from the same source as SH Group's services.  Such implications are false, confusing to consumers, and material to consumers' purchasing decisions.

95.     Defendants' unauthorized use of the Association's Alleged Mark, in connection with the promotion or sale of its services falsely suggests that these services are provided by, connected with, sponsored by, affiliated with, or related to, SH Group.

96.     Defendants' unauthorized use of the 1 HOTEL & HOMES Marks constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

97.     Defendants' conduct has damaged SH Group and, unless enjoined by the Court, will further impair the value of SH Group's marks, reputation, and goodwill.  This harm constitutes an injury for which SH Group has no adequate remedy at law.

98.     By reason of the foregoing, SH Group is entitled to permanent injunctive relief against Defendants, restraining them and all those in active concert and participation with Defendants from any further acts of trademark infringement, and for all remedies available to it under 15 U.S.C. § 1117, including an accounting and disgorgement of Defendants' profits, and recovery of any damages (to the extent calculable) proven to have been caused by reason of the Defendants' aforesaid acts, among other remedies as outlined below.

## COUNT VI
## TRADEMARK INFRINGEMENT
## (UNDER SECTION 495.001, ET SEQ., FLORIDA STATUTES)

99.     SH Group repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 98 of this Complaint with the same force and effect as if herein again set forth in full.

26

100.    SH Group has prior rights over the Defendants in and to the 1 HOTEL & HOMES Marks in the United States by virtue of its use of the 1 HOTEL & HOMES Marks in interstate commerce and as evidenced by the SH Group Registered Marks.

101.    The SH Group Registered Marks are valid, subsisting, used in commerce and inherently distinctive.  SH Group Registered Marks also have acquired secondary meaning in the marketplace.  Many of these marks have been declared incontestable by the USPTO.

102.    The Association's Alleged Mark is a colorable imitation of the SH Group Registered Marks.

103.    Defendants' use of the Association's Alleged Mark is likely to cause confusion or mistake with the SH Group Registered Marks.  Consumers likely will believe that the Association's goods and services are provided by, sponsored by, associated with, or otherwise affiliated with SH Group because of the Association's use of the Association's Alleged Mark, which is confusingly similar to the SH Group Registered Marks.

104.    Defendants knew that their use of the Association's Alleged Mark would cause confusion or mistake as to SH Group's sponsorship of, association with, or affiliation with the Association's goods and services.

105.    Defendants' use of the confusingly similar Association's Alleged Mark is likely to cause irreparable injury to SH Group's marks, reputation, and goodwill.  The extent of this harm cannot be quantified, and therefore leaves SH Group with no adequate remedy at law.

106.    Defendants' use of the Association's Alleged Mark constitutes infringement of the SH Group Registered Marks in violation of Fla. Stat. § 495.131.

107.    By reason of the foregoing, SH Group is entitled to permanent injunctive relief against the Association, restraining it and all those in active concert and participation with

Defendants from any further acts of infringement, an accounting and disgorgement of Defendants' profits derived from Defendants' sale of infringing products and services and/or to the recovery of any damages (to the extent calculable) proven to have been caused by reason of Defendants' aforesaid acts, pursuant to Fla. Stat. § 495.141, among other remedies as outlined below.

**COUNT VII**
**COMMON LAW TRADEMARK INFRINGEMENT**

108.     SH Group repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 107 of this Complaint with the same force and effect as if herein again set forth in full.

109.     SH Group has prior rights over the Defendants in and to the 1 HOTEL & HOMES Marks in the United States by virtue of its use of the 1 HOTEL & HOMES Marks in interstate commerce and as evidenced by the Registered SH Group Marks.

110.     The Association's Alleged Mark is confusingly similar to the 1 HOTEL & HOMES Marks.

111.     Defendants' use of the Association's Alleged Mark is likely to cause confusion or mistake with the 1 HOTEL & HOMES Marks.  Consumers likely will believe that the Defendants' goods and services are provided by, sponsored by, associated with, or otherwise affiliated with SH Group because of the Association's use of the Association's Alleged Mark, which is confusingly similar to the 1 HOTEL & HOMES Marks.

112.     Defendants knew that their use of the Association's Alleged Mark would cause confusion or mistake as to SH Group's sponsorship of, association with, or affiliation with the Defendants' goods and services.

113.    Defendants' use of the confusingly similar Association's Alleged Mark is likely to cause irreparable injury to SH Group's marks, reputation, and goodwill.  The extent of this harm cannot be quantified, and therefore leaves SH Group with no adequate remedy at law.

114.    Defendants' use of the Association's Alleged Mark constitutes common law infringement of the 1 HOTEL & HOMES Marks and the Registered SH Group Marks.

115.    By reason of the foregoing, SH Group is entitled to permanent injunctive relief against the Association, restraining it and all those in active concert and participation with Defendants from any further acts of infringement, and to recovery of any damages (to the extent calculable) proven to have been caused by reason of Defendants' aforesaid acts, among other remedies as outlined below.

<u>COUNT VIII</u>
**COMMON LAW UNFAIR COMPETITION**

116.    SH Group repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 115 of this Complaint with the same force and effect as if herein again set forth in full.

117.    The 1 HOTEL & HOMES Marks are protected as common law trademarks by virtue of SH Group's longtime use of such marks in the marketplace.

118.    As noted above, the Association's Alleged Mark, which has been promoted, distributed, and used in commerce, is confusingly similar to the 1 HOTEL & HOMES Marks. Defendants' use of the Association's Alleged Mark implies to consumers that its services come from the same source as SH Group's services.  Such implications are unfair, deceptive, and material to consumers' purchasing decisions.

119.     Defendants' unauthorized use of the Association's Alleged Mark, in connection with the promotion or sale of its services deceptively suggests that these services are provided by, connected with, sponsored by, affiliated with, or related to, SH Group.

120.     The aforementioned acts by Defendants constitute common law unfair competition.

121.     Defendants' conduct has damaged SH Group and will, unless enjoined by the Court, further impair the value of SH Group's marks, reputation, and goodwill.  This harm constitutes an injury for which SH Group has no adequate remedy at law.

122.     By reason of the foregoing, SH Group is entitled to permanent injunctive relief against Defendants, restraining them and all those in active concert and participation with Defendants from any further acts of unfair competition, among other remedies as outlined below.

**COUNT IX**
**DECLARATORY JUDGMENT FOR THE**
**DENIAL OF THE ASSOCIATION'S 1 HOMES APPLICATIONS**
**(15 U.S.C. § 1119; 28 U.S.C. §§ 2201 and 2202)**

123.     SH Group repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 122 of this Complaint with the same force and effect as if herein again set forth in full.

124.     Upon information and belief, Defendants were not using the 1 HOMES mark in U.S. commerce in connection with each of the services identified in the Application Serial No. 88/457,662 on June 3, 2019, pursuant to 15 U.S.C. § 1051(a).

125.     Upon information and belief, Defendants were not using the 1 HOMES mark in U.S. commerce in connection with each of the services identified in the Association's '662 Application on May 1, 2016, the claimed date of first use in the Association's '662 Application, pursuant to 15 U.S.C. § 1051(a).

126.    Upon information and belief, any use by Defendants of "1 HOMES" is after SH Group applied for, used, and established trademark rights in the 1 HOTEL & HOMES Marks. Indeed, the Association was not formed until after SH Group filed the applications for the 1 HOTEL & HOMES Registrations.  Accordingly, any trademark rights possessed by Defendants in 1 HOMES are junior to the superior rights of SH Group.

127.    SH Group will be damaged if the Association's 1 HOMES Applications mature to registration because Defendants' use of the Association's Alleged Mark is likely to cause confusion or mistake with the SH Group Registered Marks due to the similarity in sound, look, and meaning of the SH Group Registered Marks, on the one hand, and the Association's Alleged Mark on the other hand.  Consumers likely will believe that the Association's goods and services are provided by, sponsored by, associated with, or otherwise affiliated with SH Group because of the Association's use of the Association's Alleged Mark, which is confusingly similar to the SH Group Registered Marks.

128.    The Association's '662 Application was refused by the USPTO based, in part, on a likelihood of confusion with the 1 HOTEL & HOMES Registrations.  Thus, the issues involved in the pending Association's 1 HOMES Applications share a close nexus with the above-stated likelihood of confusion between the SH Group Registered Marks, on the one hand, and the Association's Alleged Mark on the other hand.

129.    Because of the likelihood of confusion resulting from the similarity in sound, look, and meaning between the SH Group Registered Marks and the Association's Alleged Mark as reflected in the Association's 1 HOMES Applications, the registration of the Association's 1 HOMES Applications should be denied pursuant to 15 U.S.C. §§ 1051, 1119.

## PRAYER FOR RELIEF

WHEREFORE, SH Group demands trial by jury, and respectfully prays that the Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. An Order declaring that Defendants' use of the mark 1 HOMES infringes the 1 HOTEL & HOMES Marks and constitutes unfair competition under federal and/or state law, as detailed above;

B. An Order declaring that Bostany has breached his duties under the Purchase Agreement and Buyer's Acknowledgement and agreements incorporated by reference, as detailed above;

C. An Order declaring that Bostany must specifically perform his duties under the Purchase Agreement, Buyer's Acknowledgement, and agreements incorporated by reference by ceasing use anywhere in the United States of the mark 1 HOMES, or any other trademark that is confusingly similar to the 1 HOTEL & HOMES Marks and directing the Association to withdraw the Cancellation Petition and the Association's 1 HOMES Applications;

D. An injunction permanently enjoining Defendants and all those in active concert or participation with it (including, but not limited to all of their respective officers, directors, agents, principals, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, affiliates, successors, assigns, and contracting parties) from:

(i) using anywhere in the United States, applying to register in the United States, or maintaining a registration in the United States for the mark 1

32

HOMES, or any other trademark that is confusingly similar to the 1 HOTEL & HOMES Marks;

(iii)    representing, by any means whatsoever, that any products or services manufactured, distributed, advertised, offered, or sold by the Association are SH Group's products or services or vice versa, and from otherwise acting in a way likely to cause confusion, mistake, or deception on the part of purchasers or consumers as to the origin or sponsorship of such goods or services; and

(iv)    seeking to oppose any of SH Group's applications to register its 1 HOTEL & HOMES Marks, or seeking to cancel any of SH Group's registrations for its 1 HOTEL & HOMES Marks, in the USPTO, including but not limited to the 1 HOTEL & HOMES Registrations.

E.    An Order directing that Defendants and all those in active concert or participation with them (including, but not limited to, their respective officers, directors, agents, principals, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, affiliates, successors, assigns, and contracting parties) take affirmative steps in the United States to dispel such false impressions that heretofore have been created by their use of the mark 1 HOMES, including, but not limited to, recalling from any and all channels of trade any and all infringing services and associated materials and undertaking corrective advertising.

F.    An Order directing that Defendants account to SH Group for their profits and any damages sustained by SH Group, to the extent calculable, arising from the

foregoing acts of trademark infringement, false designation of origin, deceptive acts and practices in the United States.

G.    An Order requiring that, in accordance with such accounting, Defendants pay to SH Group their profits from their infringing conduct, and SH Group's damages and a trebling of such award, and costs of the action, pursuant to 15 U.S.C. § 1117.

H.    An Order requiring that, in accordance with such accounting, Defendants pay to SH Group treble damages.

I.    An Order directing that Bostany account to SH Group for the damages sustained by SH Group, to the extent calculable, arising from the foregoing breaches of contract.

J.    An Order requiring that Defendants pay SH Group treble damages, in view of Defendants' intentional and willful trademark infringement and other conduct, disgorgement of Defendants' profits and, if the amount of the recovery based on profits is inadequate, for judgment for such sum as the court shall find to be just, according to the circumstances of the case, pursuant to Fla. Stat. § 495.141(1).

K.    An Order requiring that Defendants compensate SH Group for SH Group's costs, including its reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1117, Fla. Stat. § 495.141(1), and Section 15(a) of the Purchase Agreement.

L.    An Order requiring that Defendants file with the Court and serve on counsel for SH Group within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting

forth in detail the manner and form in which Defendants have complied with any injunction which the Court may enter in this action.

M.     An Order denying the Association's 1 HOMES Applications pursuant to 15 U.S.C. § 1119.

N.     Other relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SH Group demands trial by jury in this action of all issues triable by jury in this matter.

Respectfully submitted this 12th day of June, 2020.

/s/ *Gavin C. Gaukroger*
Gavin C. Gaukroger
Fla. Bar. No. 76489
Christina M. Perry
Fla. Bar. No. 1003098
**BERGER SINGERMAN LLP**
350 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
Email: ggaukroger@bergersingerman.com
Email: cperry@bergersingerman.com
Email: DRT@bergersingerman.com

DALE M. CENDALI
(*Pro Hac Vice Forthcoming*)
CLAUDIA RAY
(*Pro Hac Vice Forthcoming*)
SHANTI SADTLER CONWAY
(*Pro Hac Vice Forthcoming*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel. (212) 446-4800
Fax (212) 446-6460
Email: dale.cendali@kirkland.com
Email: claudia.ray@kirkland.com
Email: shanti.conway@kirkland.com

*Attorneys for Plaintiff*