UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22423-UU

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,
A Delaware limited liability company,

        Plaintiff,

v.

2399 COLLINS AVENUE CONDOMINIUM
ASSOCIATION, INC., a Florida corporation,
and JOHN P. BOSTANY, an Individual,

        Defendants.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants 2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC. ("Association") and JOHN P. BOSTANY ("Mr. Bostany") (both collectively, "Defendants"), by and through their undersigned counsel, hereby respectfully request this Court dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), all counts against Mr. Bostany for failure to state a claim upon which relief may be granted. Further, Defendants respectfully request that the Court dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Count III for tortious interference with a business relationship and Count VI for Florida trademark infringement against the Association for failure to state a claim upon which relief may be granted. In support of this motion, Defendants state as follows:

**I.**    **Background**

This case is essentially a strike suit brought by Plaintiff in retaliation for a pending 2019 Cancellation Proceeding (No. 92073091) (hereinafter "Cancellation Proceeding") which Defendant Association filed before the Trademark Trial and Appeal Board ("TTAB") for

1

cancellation of Plaintiff's Registration Nos. 4,837,287, 4,832,423, and 4,837,289 for the marks 1 HOTEL & HOMES (Stylized), 1 HOTEL & HOME (Stylized), 1 HOTEL & HOMES SOUTH BEACH (Stylized), respectively. The Association sought to cancel the above-mentioned registrations based upon fraud committed by Plaintiff during the prosecution of the registrations, descriptiveness, lack of *bona fide* intent to use the marks at the time of application, lack of *bona fide* use at the time the statement of use was filed, and abandonment. The Association filed the Cancellation Proceeding following months of discussions and meetings by the Association Board of Directors as well as meetings between the full Board and Plaintiff.

Throughout the Cancellation Proceeding, Plaintiff tactically sought to prevent the TTAB from ruling upon the merits of the Cancellation Proceeding by seeking long extensions of time and refusing to provide any substantive answers to written discovery. Ultimately, attempting to use the Court to pressure the Association, Plaintiff filed the instant action against the Association and the Association's Board President, Mr. Bostany, in his individual capacity. *See* D.E. 1. As a result, the Cancellation Proceeding has been stayed pending resolution of the instant action.

The Association is a condominium association for condominiums situated within a mixed-use residential, hotel and commercial facility located at 2301-2399 Collins Avenue, Miami Beach FL 33139 (the "Project"). The hotel is known as 1 Hotel and the condominiums are known as 1 Homes. Defendant Mr. Bostany is the Association's Board President. The Plaintiff, SH Group Global IP Holdings, L.L.C., is a Delaware limited liability company which claims to own certain trademarks and allegedly licenses such trademarks to "affiliates in connection with developing, promoting, managing and/or operating" Plaintiff's affiliated 1 HOTEL-branded properties. D.E. 1 at ¶ 7. Plaintiff never identifies who these "affiliates" may be. Such affiliates may include the developer of the Project who sold the residential units to the homeowners and would therefore no

longer use the mark, or it could include an entity which operates the "1 Hotel South Beach" hotel located at the Project. The Court and Defendants are left to guess.

**II.     The Standard for Dismissal Under Rule 12(b)(6).**

Under the Federal Rules of Civil Procedure Rule 12(b)(6), "a motion to dismiss will be awarded if the plaintiff fails to state a claim in which relief can be granted." *Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1277 (S.D. Fla. 2012). According to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff's pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

The Supreme Court has stated that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

In considering a motion to dismiss for failure to state a cause of action, the "plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, the mere possibility the defendant acted unlawfully is

insufficient to survive a motion to dismiss. *ADA v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1950).

Thus, "[d]ismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss" and a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

> **A.   Count I for Breach of the Purchase Agreement Against Mr. Bostany, Count II for Breach of the Buyer's Acknowledgement Against Mr. Bostany, Count III for Tortious Interference with a Business Relationship Against the Association Must be Dismissed Under Rule 12(b)(6).**

Plaintiff has failed to provide allegations sufficient to establish a prima facie case of breach of any of the agreements by Mr. Bostany in his individual capacity. As an initial matter, all of the allegations concern actions taken by Mr. Bostany in his role as President of the Association's Board of Directors. Plaintiff has failed to provide any allegation that Mr. Bostany was acting in his individual capacity nor any allegation that would justify construing the actions of the Association as actions of Mr. Bostany in his individual capacity.

Further, Plaintiff has failed to provide any allegation that may serve as a basis to hold Mr. Bostany personally liable for the actions taken by the Association or by Mr. Bostany in his role as President of the Association's Board of Directors. Section 617.0834 of the Florida Statutes provides that:

> *An officer or director of a nonprofit organization. . .* ***is not personally liable for monetary damages to any person for any statement, vote, decision, or failure to take an action, regarding organizational management or policy by an officer or director***, *unless:*

4

> *(a) The officer or director breached or failed to perform his or her duties as an officer or director; and*
> *(b) The officer's or director's breach of, or failure to perform, his or her duties constitutes:*
> *1. A violation of the criminal law…;*
> *2. A transaction from which the officer or director derived an improper personal benefit, directly or indirectly; or*
> *3. Recklessness or an act or omission that was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.*

(emphasis added); *See also Sonny Boy, L.L.C. v. Asnani*, 879 So. 2d 25, 27-28 (Fla. 5th DCA 2004)(citing *Perlow v. Goldberg*, 700 So. 2d 148 (Fla. 3d DCA 1997)) (maintaining that section 617.0834(1), Florida Statutes "provides insulation for condominium association directors from liability in their individual capacities absent fraud, criminal activity, self-dealing, or unjust enrichment.")

Notably, the actions undertaken by Mr. Bostany in his individual capacity do not bind the Association, which is an independent and distinct entity. *See Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1073 (11th Cir. 2003)("Generally, a contract does not bind one who is not a party to the contract, or who has not in some manner agreed to accept its terms.")(citing *Consolidated Resources Healthcare Fund I, Ltd. v. Fenelus*, 853 So. 2d 500, 503-04 (Fla. Dist. Ct. App. 2003); *CH2M Hill Southeast, Inc. v. Pinellas County*, 598 So. 2d 85, 89 (Fla. Dist. Ct. App. 1992)).

In the instant matter, Plaintiff has failed to allege that Mr. Bostany engaged in fraud, criminal activity, self-dealing, unjust enrichment or any such other actions which may serve as a basis upon which to hold Mr. Bostany personally liable for any actions taken by the Association or by Mr. Bostany in his role as President of the Association's Board of Directors. As such, the Court should dismiss under Rule 12(b)(6) Count I for breach of the Purchase Agreement and Count

II for breach of the Buyer's Acknowledgement against Mr. Bostany, for failure to state a claim upon which relief may be granted.

Further, Plaintiff has failed to allege any conduct by Mr. Bostany, in his individual capacity or otherwise, that would constitute a breach of the Purchase Agreement as asserted in Count I. In support of its Count I for breach of the Purchase Agreement, Plaintiff cites to the following provisions:

> Paragraph 32(e) of the Purchase Agreement:
> "Under no circumstances shall the **Hotel Brand Intellectual Property** be deemed part of the Condominium Property or an appurtenance of any Unit. In no event shall the Condominium, the Condominium Association nor the Unit Owners have any right, title or interest in any name under which the Hotel is operated or in any other aspect of the **Hotel Brand Intellectual Property**, or in any licensing arrangement between the Hotel Brand and any other party."
>
> Paragraph 33(b) of the Purchase Agreement:
> "Buyer further acknowledges and agrees that by acquiring a Unit, Buyer acquires no right, title, ownership or interest in the name **'1 Hotel' or '1 Hotel & Residences,' or the marks, logos or other trademarks, service marks, trade names, symbols, emblems, logos, insignias, indicia of origin, slogans and designs used in connection with '1 Hotel' or '1 Hotel & Residences'** (collectively, the 'SH Group Marks'), all of which belong to SH Group."

*See* D.E. 1, ¶ 28-29 (emphasis added). Plaintiff further points to documents allegedly included by reference in the Purchase Agreement, including the Declaration of Condominium, Resorts Covenant, and Prospectus, citing to the following provisions:

> Paragraph 21.3(a) of the Declaration of Condominium:
> "No Unit Owner shall have the right, license or ability (or otherwise through the purchase or ownership of a Unit acquire any entitlement) to use for any purpose, including in connection with the sale, rental or marketing of his, her or its Unit) [sic] **any trade name, trademark or service mark associated with the Hotel or the operator thereof**." The "Hotel" referenced in Paragraph 21.3(a) refers to the 1 HOTEL & HOMES SOUTH BEACH property owned and operated by SH Group.
>
> Paragraph 14.2 of the Resort Covenants:
> "No Element or Condominium Owner shall have the right, license or ability ... to use for any purpose ... **any trade name, trademark, or service mark associated with the Hotel or the operator thereof.**"

6

> Paragraph 21(n) of the Prospectus states:
> "In no event shall the Condominium, the Condominium Association nor the Unit Owners have any right, title or interest **in any name under which the Hotel is operated or any other aspect of the Hotel Brand Intellectual Property**." The "Hotel" referred to in the Prospectus is the 1 HOTEL & HOMES SOUTH BEACH property owned and operated by SH Group.

*See* D.E. 1, ¶¶ 33, 36, 39 (emphasis added). Plaintiff alleges that Mr. Bostany has breached the above-mentioned agreements "by inducing, directing and encouraging the Association to use the Association's Alleged Mark." *Id*. at ¶ 44. However, there are no factual allegations that refer to Mr. Bostany's conduct outside his capacity as a Board member of the Association's three-person Board. More than that, had Mr. Bostany undertaken conduct in an individual capacity, i.e. using 1 HOMES to sell his own apartment for example (and there are no such allegations) the cited contract language would not as a matter of law prohibit that. 1 HOMES is not one of the trademarks identified in the cited language. *See DiMase v. Aquamar 176, Inc.*, 835 So. 2d 1150, 1155 (Fla. 3d DCA 2002)("the rule in contract law is that any ambiguity should be construed against the party that drafted the contract."). The 1 HOMES mark is not and has never been a name "associated with the Hotel or the operator thereof" nor has it been a mark "under which the Hotel is operated or any other aspect of the Hotel Brand Intellectual Property." Unsurprisingly, Plaintiff has failed to allege otherwise. Thus, Plaintiff has failed to plead a prima facie case of breach of the Purchase Agreement and the Court should dismiss Count I for failure to state a claim upon which relief may be granted.

Moreover, based on the foregoing, Plaintiff's claim for tortious interference (Count III) alleged against the Association, must necessarily fail. Plaintiff has failed to allege any actions by Mr. Bostany in his individual capacity that would constitute a breach of any agreement or business relationship between Mr. Bostany in his individual capacity and Plaintiff, let alone that any such

breach was a result of interference by the Association. Thus, the Court should dismiss under Rule 12(b)(6), Count III for tortious interference against the Association for failure to state a claim upon which relief may be granted.

### B.     Count VI for Florida Trademark Infringement Must be Dismissed Under Rule 12(b)(6).

The Court should dismiss Count VI for Florida trademark infringement under Rule 12(b)(6) because Plaintiff fails to plausibly plead a cause of action for Florida trademark infringement under Fla. Stat. § 495.131, as alleged in paragraph 106 of the Plaintiff's Complaint. Plaintiff has failed to allege that it owns a requisite valid Florida state trademark registration to bring a cause of action under Fla. Stat. § 495.131.

Florida Statute 495.131 provides as follows:

> ***495.131   Infringement.***—*Subject to the provisions of s. 495.161, any person who shall, **without the consent of the registrant***:
> *(1)   Use any reproduction, counterfeit, copy, or colorable imitation of **a mark registered under this chapter** in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive; or*
> *(2)   Reproduce, counterfeit, copy, or colorably imitate a mark registered under this chapter and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive;*
>
> *shall be liable in a civil action by the owner of such registered mark for any or all of the remedies provided in s. 495.141, except that under subsection (2) hereof the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such mark is intended to be used to cause confusion or mistake or to deceive.*

(emphasis added). The Act permits only Florida trademark registrants to sue for infringement under Fla. Stat. § 495.131. *See Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1024 (11th Cir. 1989).

Based on the foregoing, because Plaintiff has failed to plead that it owns any valid Florida trademark registrations, it has failed to state a claim upon which relief may be granted and its claim must, therefore, be dismissed as to both Defendants pursuant to Rule 12(b)(6).

C. **Count IV for Infringement of Registered Trademarks Under 15 U.S.C. § 1114, Count V for False Designation of Origin Under 15 U.S.C. § 1125(a), Count VII for Common Law Trademark Infringement, and Count VII for Common Law Unfair Competition Against Mr. Bostany Must be Dismissed Under Rule 12(b)(6).**

Plaintiff has failed to provide any allegations in the Complaint regarding Mr. Bostany's use in commerce, in his individual capacity, of Plaintiff's alleged trademarks sufficient to plead a prima facie case of trademark infringement under 15 U.S.C. § 1114 (Count IV) or under theories of common law trademark infringement (Count VII). As argued above, Plaintiff has failed to provide any allegation that Mr. Bostany was acting in his individual capacity nor any other allegation that would justify construing the actions taken by the Association, of allegedly using marks confusingly similar to Plaintiff's trademarks and moving to cancel the trademarks of Plaintiff, as actions of Mr. Bostany in his individual capacity. As such, the Court should dismiss Counts IV for infringement of registered trademarks under 15 U.S.C. § 1114 and Counts VII for common law trademark infringement against Mr. Bostany under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Moreover, based on the foregoing, Plaintiff's claims of false designation of origin under 15 U.S.C. § 1125(a) (Count V) and common law unfair competition (Count VIII) against Mr. Bostany, in his individual capacity, must also necessarily fail, as Plaintiff has not alleged any use

9

of the asserted trademarks by Mr. Bostany in his individual capacity that would constitute trademark infringement nor a basis for Plaintiff's claims of unfair competition or false designation of origin. Thus, the Court should also dismiss Counts V and VIII against Mr. Bostany under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### III. Conclusion

Based on the foregoing, Defendants respectfully request that this Court dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), all counts against Mr. Bostany for failure to state a claim upon which relief may be granted. Further, Defendants respectfully request that the Court dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Count III for tortious interference with a business relationship, and Count VI for Florida trademark infringement against the Association, for failure to state a claim upon which relief may be granted.

Respectfully submitted this July 20, 2020.

*/s/ Stephanie Vazquez*
Stephanie Vazquez, Esq., FL Bar #1011124
Email: svazquez@allendyer.com
ALLEN, DYER, DOPPELT + GILCHRIST, PA
1221 Brickell Ave., Suite 2400
Miami, Florida 33131
Telephone:   (305) 374-8303
Facsimile:   (305) 374-8306

Brian R. Gilchrist, Esq., FL Bar #774065
Email: bgilchrist@allendyer.com
ALLEN, DYER, DOPPELT + GILCHRIST, PA
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone:   (407) 841-2330
Facsimile:   (407) 841-2343

*Counsel for Defendants-Counterclaimants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2020, I presented the foregoing to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a Notice of Electronic Filing to Counsel of Record:

Gavin Cunningham Gaukroger
Berger Singerman LLP
350 East Las Olas Blvd., Ste 1000
Fort Lauderdale, FL 33301
(954) 525-9900
Fax: (954) 523-2872
Email: ggaukroger@bergersingerman.com

Christina Michele Perry
Berger Singerman LLP
1450 Brickell Avenue, Ste. 1000
Miami, FL 33131
305-755-9500
Fax: 305-714-4340
Email: cperry@bergersingerman.com

Claudia Ray
Email: claudia.ray@kirkland.com
Dale M. Cendali
Email: dale.cendali@kirkland.com
Shanti Sadtler Conway
Email: shanti.conway@kirkland.com
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

*/s/ Stephanie Vazquez*
Stephanie Vazquez, Esq.