# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:20-cv-22423-UU

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,
A Delaware limited liability company,

        Plaintiff,

v.

2399 COLLINS AVENUE CONDOMINIUM
ASSOCIATION, INC., a Florida corporation,
and JOHN P. BOSTANY, an Individual,

        Defendants.

_____

2399 COLLINS AVENUE CONDOMINIUM
ASSOCIATION, INC., a Florida corporation,

        Counterclaimant,

v.

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,
A Delaware limited liability company,

        Counter-defendant.

_____

## DEFENDANT 2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS, AND JURY DEMAND

Defendant 2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC. ("Association"), by and through its undersigned counsel, submit the following answer, counterclaims, and jury demand in response to the Complaint [D.E. 1] filed by Plaintiff SH GROUP GLOBAL IP HOLDINGS, L.L.C.'s ("SH Group" or "Plaintiff"), and states as follows:

## ANSWER

## NATURE OF THE CASE

1.     Admitted only to the extent this action is described as one for trademark infringement. The reminder of this paragraph is denied.

2.     Admitted only to the extent that Defendant Association represents the condominiums located at 2399 Collins Avenue, Miami Beach, FL 33139. Admitted that Defendant John P. Bostany ("Mr. Bostany") is the Association's Board President and owns a unit in the condominium. Admitted that the Association has asserted ownership rights in its trademark 1 HOMES and has filed federal trademark registrations for its 1 HOMES mark. The remainder of the paragraph is denied.

3.     Admitted only to the extent that Mr. Bostany executed the Purchase Agreement and Buyer's Acknowledgement in his individual capacity when purchasing his condominium unit. The remainder of the paragraph is denied.

4.     Admitted only to the extent that the Association has filed federal trademark registrations for its 1 HOMES mark. The remainder of the paragraph is denied.

5.     Admitted only to the extent that on December 31, 2019, the Association moved to cancel Plaintiff's registrations for the marks 1 HOTEL & HOMES (Stylized), Reg. No. 4,837,287; 1 HOTEL & HOMES (Stylized), Reg. No. 4,832,423; and 1 HOTEL & HOMES SOUTH BEACH (Stylized), Reg. No. 4,837,289 (collectively, the "SHG Registrations" or "SHG Marks") on the basis of fraud in the prosecution of the SHG registrations, descriptiveness, lack of bona fide intent to use the marks when filing the applications, lack of bona fide use of the marks when filing the Statements of Use, and abandonment of the marks. The remainder of the paragraph is denied.

6.     Denied.

## THE PARTIES

7.     The Association is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies.

8.     Admitted.

9.     Admitted.

## JURISDICTION AND VENUE

10.     Admitted only to the extent that the Court has subject-matter jurisdiction over this action, otherwise denied.

11.     Admitted only to the extent that Court has personal jurisdiction over the Association in this action and that the Association is a Florida corporation and conducts business in Florida, otherwise denied.

12.     Admitted.

13.     Admitted.

14.     Denied.

## SH GROUP, ITS SERVICES AND ITS 1 HOTEL & HOMES TRADEMARKS

15 - 24.  The Association is without sufficient knowledge or information to admit or deny the allegations of these paragraphs, and therefore denies

## DEFENDANT BOSTANY'S CONTRACTUAL DUTIES

25.     Admitted that Mr. Bostany is the Association's Board President and owns a unit in the condominiums located at 2399 Collins Avenue, Miami Beach, FL 33139.

26.     Admitted only to the extent that Mr. Bostany executed the Purchase Agreement in his individual capacity when purchasing his condominium unit. The Association is without sufficient knowledge or information to admit or deny the remaining allegations in this paragraphs, and therefore denies.

27. Denied.

28. The document speaks for itself.

29. The document speaks for itself.

30. Denied.

31. The Association is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies.

32. The Association is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies.

33. The document speaks for itself.

34. Denied.

35. The document speaks for itself.

36. The document speaks for itself.

37. Denied.

38. The document speaks for itself.

39. The Association is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies.

40. This paragraph appear to be legal a conclusion and, as such, does not require any response from the Association. To the extent any allegations present require a response, the Association denies the same.

41. The Association is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies.

42. The Association is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies.

43.     This paragraph appears to be legal a conclusion and, as such, does not require any response from the Association. To the extent any allegations present require a response, the Association denies the same.

44.     Denied.

**DEFENDANTS' INFRINGEMENT OF THE 1 HOTEL & HOMES MARKS**

45.     Denied.

46.     Admitted only to the extent that Mr. Bostany signed the Association's federal trademark application Serial No. 88/457,662 in his capacity as the Association's Board President. The remainder of the paragraph is denied.

47.     Denied.

48.     The trademark application file history speaks for itself.

49.     Admitted only to the extent that the Association has filed the following trademark registrations applications: (1) Serial No. 88/879,248 for "1 HOMES" in International Class 25 for "Hats; Shirts"; (2) Serial No. 88/914,537 for "1 HOMES" in International Class 21 for "mugs; glasses; and tea kettles," in International Class 24 for "home goods, namely beach towels, throws and blankets," and in International Class 28 for "stuffed animals and plush toys"; and (3) Serial No. 88/925,433 for "1 HOMES" in International Class 35 for "online retail store services for clothing and accessories; On-line retail gift shops", otherwise denied.

50.     Admitted.

51.     Denied.

52.     Admitted only to the extent that the Association operates an on-line retail shop that offers for sale t-shirts, hats, and bags bearing the Association's 1 HOMES mark, otherwise denied.

53.     Denied.

54.     Denied.

**DEFENDANTS' ATTEMPT TO CANCEL SH GROUP'S REGISTERED MARKS**

55.    Denied, the Petition to Cancel for Cancellation Petition (No. 92073091) was filed on December 31, 2019 and the proceeding was instituted by the TTAB on January 6, 2020.

56.    Admitted.

57.    Denied.

**COUNT I**
**BREACH OF THE PURCHASE AGREEMENT (Against Defendant Bostany)**

58.    The Association restates and incorporates by reference its answers to paragraphs 1 – 57.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

**COUNT II**
**BREACH OF THE BUYER'S ACKNOWLEDGEMENT**
**(Against Defendant Bostany)**

71.    The Association restates and incorporates by reference its answers to paragraphs 1

– 70.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

**COUNT III**
**TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP**
**(Against Defendant Association)**

78.    The Association restates and incorporates by reference its answers to paragraphs 1

– 78.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

**COUNT IV**
**INFRINGEMENT OF REGISTERED TRADEMARKS (SECTION 32 OF THE**
**LANHAM ACT, 15 U.S.C. § 1114)**

83.    The Association restates and incorporates by reference its answers to paragraphs 1

– 82.

84.    Denied.

85.    Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

## COUNT V
## FALSE DESIGNATION OF ORIGIN
## (SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A))

92.     The Association restates and incorporates by reference its answers to paragraphs 1

– 91.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

## COUNT VI
## TRADEMARK INFRINGEMENT
## (UNDER SECTION 495.001, ET SEQ., FLORIDA STATUTES)

99.     The Association restates and incorporates by reference its answers to paragraphs 1

– 98.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

**COUNT VII**
**COMMON LAW TRADEMARK INFRINGEMENT**

108.   The Association restates and incorporates by reference its answers to paragraphs 1

– 107.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

**COUNT VIII**
**COMMON LAW UNFAIR COMPETITION**

116.   The Association restates and incorporates by reference its answers to paragraphs 1

– 115.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

**COUNT IX**
**DECLARATORY JUDGMENT FOR THE**
**DENIAL OF THE ASSOCIATION'S 1 HOMES APPLICATIONS (15 U.S.C. § 1119; 28**
**U.S.C. §§ 2201 and 2202)**

123.    The Association restates and incorporates by reference its answers to paragraphs 1 – 122.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

**PLAINTIFF SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S PRAYER FOR RELIEF**

In response to the allegations and demands of Plaintiff's Prayer for Relief, the Association denies the same, and respectfully requests that Plaintiff be denied all relief requested by its Complaint, that judgment be entered in favor of the Association and John P. Bostany (collectively "Defendants") and that the Court award Defendants the costs of this action and reasonable attorneys' fees as well as such other and further relief as the Court shall deem just.

**AFFIRMATIVE DEFENSES**

Without admitting any allegations of the Complaint not otherwise admitted, the Association maintains the following affirmative defenses:

**First Affirmative Defense**

Counts III and VI fail to state a claim against the Association upon which relief may be granted.

## Second Affirmative Defense

The Association has not engaged in any acts which constitute infringement of any of Plaintiff's asserted trademarks.

## Third Affirmative Defense

The Association's use of Plaintiff's asserted trademarks constitutes fair use, nominative fair use, and/or descriptive use.

## Fourth Affirmative Defense

The Association's use of Plaintiff's asserted trademarks is not likely to cause confusion with Plaintiff as to the source or sponsorship of any goods or services.

## Fifth Affirmative Defense

Plaintiff's asserted trademarks are not inherently distinctive and have not attained secondary meaning because consumers do not associate Plaintiff's alleged trademarks with Plaintiff alone.

## Sixth Affirmative Defense

The Association has priority of use and is therefore the senior user of the 1 HOMES mark.

## Seventh Affirmative Defense

Plaintiff has abandoned any rights to its asserted trademarks.

## Eighth Affirmative Defense

Plaintiff's claims are barred or limited, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel.

## Ninth Affirmative Defense

Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of the Association's actions.

**Tenth Affirmative Defense**

Plaintiff is precluded by the unclean hands doctrine from seeking any relief from this Court, let alone equitable relief, including because Plaintiff acquired its SHG registrations through fraud.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has misused the asserted trademarks.

The Association reserves the right to assert additional defenses, affirmative or otherwise, if their existence is established through discovery or investigation, particularly with respect to any equitable conduct on behalf of Plaintiff or its affiliates.

**<u>DEFENDANT 2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC.'S
COUNTERCLAIMS AGAINST SH GROUP GLOBAL IP HOLDINGS, L.L.C.</u>**

Defendant and Counter-Plaintiff 2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC. (the "Association"), presents the following counterclaims against Plaintiff and Counter-Defendant SH GROUP GLOBAL IP HOLDINGS, L.L.C. ("Plaintiff" or "SH Group"):

### NATURE OF THE CASE

1.      The Association's claims arise out of Plaintiff's willful infringement of the Association's 1 HOMES mark and the Association's hard-earned goodwill therein.

2.      Plaintiff has made infringing use of the Association's 1 HOMES mark.

### PARTIES

3.      The Association is a condominium association organized pursuant to the provisions of Chapter 718, Florida Statutes. It is a Florida not-for-profit corporation having a principal place of business at 2399 Collins Avenue, Miami Beach, Florida 33139. The Association is the condominium association for the condominiums situated within a mixed-use residential, hotel and commercial facility located at 2301-2399 Collins Avenue, Miami Beach FL 33139 (the "Project").

4.      Mr. Bostany is the Association's Board President who resides in Miami Beach, Florida. Mr. Bostany has been the Association's Board President continuously since June 2018.

5.      On information and belief, Plaintiff is a Delaware limited liability company with its principal place of business at 591 West Putnam Avenue, Greenwich CT 06830. Plaintiff is the owner of record of the registered trademark registrations at issue in this case.

### JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and 15 U.S.C. § 1125(A).

7.       Plaintiff has submitted itself to the jurisdiction of this Court by filing its Complaint initiating this Action.

8.       Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the acts complained of occurred and are occurring in the United States and in this District and have caused damage to the Association in the United States and in this District.

**STATEMENT OF FACTS**

9.       The Association is the sole and exclusive owner of the common law trademark 1 HOMES.

10.      The Association applied for the mark 1 HOMES in United States Service Mark Application Serial No. 88457662 (the "First Association Application") on June 3, 2019. The First Association Application is for the following services: Building management; Real estate services, namely, condominium management services. The Association has used the mark in commerce in connection with such services since at least as early as December 31, 2018.

11.      On August 22, 2019, the United States Patent and Trademark Office ("USPTO") issued a non-final office action including a Section 2(d) Refusal to the First Association Application based, in part, on alleged likelihood of confusion with the following registrations (herein the "SHG Registrations" or "SHG Marks"), the record owner of which is Plaintiff:

| Mark | Registration No. | Alleged Date of First Use in Commerce | Goods and Services |
|------|------|------|------|
| 1 HOTEL & HOMES (Stylized) | 4,837,287 | August 1, 2015 | IC 035. US 100 101 102. G & S: Hotel management for others; business management and consultation in the hotel industry.<br><br>IC 036. US 100 101 102. G & S: Leasing, rental, and management of condominiums, apartments, villas and |



residential homes; leasing, rental, and management of condominiums, apartments, villas and residential homes in vacation and resort communities; real estate brokerage services.

IC 037. US 100 103 106. G & S: Real estate development, namely, hotel development for others; real estate development, namely, resort communities development for others; real estate development in the nature of hotel development and resort communities.

IC 041. US 100 101 107. G & S: Casinos, namely, gambling and gaming services; live entertainment, namely, live performances by musical bands and live comedy shows; night club services; health club services, namely, providing instruction and equipment in the field of physical exercise; leisure club services, namely, country club and golf club services; providing golf facilities; providing golf instruction and golf equipment; providing tennis facilities; providing tennis instruction and tennis equipment; ski resorts; providing skiing facilities; providing skiing instruction and skiing equipment; provision of sport and recreational facilities; arranging and conducting educational conferences; arranging and conducting entertainment exhibitions in the nature of comedy acts, dance acts, theater acts, plays, stage productions, magic shows, performance art shows; theatrical booking agencies, namely, theater, opera and concert ticket reservations.

IC 043. US 100 101. G & S: Hotels; condominium hotels; hotel services; resort hotel services; spa services, namely, providing temporary accommodations and meals to clients

| | | | |
|---|---|---|---|
| | | | of a health or beauty spa; restaurants; bars; restaurant and bar services.<br>IC 044. US 100 101. G & S: Health spa services for health and wellness of the body and spirit offered at health resorts; health spa services, namely, cosmetic body care services. |
| 1 HOTEL & HOME (Stylized)<br><br>1<br><br>HOTEL & HOME | 4,832,423 | August 1, 2015 | IC 035. US 100 101 102. G & S: Hotel management for others; business management and consultation in the hotel industry.<br><br>IC 036. US 100 101 102. G & S: Leasing, rental, and management of condominiums, apartments, villas and residential homes; leasing, rental, and management of condominiums, apartments, villas and residential homes in vacation and resort communities; real estate brokerage services.<br>IC 037. US 100 103 106. G & S: Real estate development, namely, hotel development for others; real estate development, namely, resort communities development for others; real estate development in the nature of hotel development and resort communities.<br>IC 041. US 100 101 107. G & S: Casinos, namely, gambling and gaming services; live entertainment, namely, live performances by musical bands and live comedy shows; night club services; health club services, namely, providing instruction and equipment in the field of physical exercise; leisure club services, namely, country club and golf club services; providing golf facilities; providing golf instruction and golf equipment; providing tennis facilities; providing tennis instruction and tennis equipment; ski resorts; providing skiing facilities; providing skiing instruction and skiing equipment; provision of sport and recreational |

| | | | |
|---|---|---|---|
| | | | facilities; arranging and conducting educational conferences; arranging and conducting entertainment exhibitions in the nature of comedy acts, dance acts, theater acts, plays, stage productions, magic shows, performance art shows; theatrical booking agencies, namely, theater, opera and concert ticket reservations. IC 043. US 100 101. G & S: Hotels; condominium hotels; hotel services; resort hotel services; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; restaurants; bars; restaurant and bar services. IC 044. US 100 101. G & S: Health spa services for health and wellness of the body and spirit offered at health resorts; health spa services, namely, cosmetic body care services. |
| 1 HOTEL & HOMES SOUTH BEACH (Stylized) <br><br>  | 4,837,289 | March 1, 2015 | IC 035. US 100 101 102. G & S: Hotel management for others; business management and consultation in the hotel industry. <br><br> IC 036. US 100 101 102. G & S: Leasing, rental, and management of condominiums, apartments, villas and residential homes; leasing, rental, and management of condominiums, apartments, villas and residential homes in vacation and resort communities; real estate brokerage services. IC 037. US 100 103 106. G & S: Real estate development, namely, hotel development for others; Real estate development, namely, resort communities development for others; real estate development in the nature of hotel development and resort communities. IC 041. US 100 101 107. G & S: Casinos, namely, gambling and gaming services; live entertainment, namely, live performances by musical |

| | | | bands and live comedy shows; night club services; health club services, namely, providing instruction and equipment in the field of physical exercise; leisure club services, namely, country club and golf club services; providing golf facilities; providing golf instruction and golf equipment; providing tennis facilities; providing tennis instruction and tennis equipment; ski resorts; providing skiing facilities; providing skiing instruction and skiing equipment; provision of sport and recreational facilities; arranging and conducting educational conferences; arranging and conducting entertainment exhibitions in the nature of comedy acts, dance acts, theater acts, plays, stage productions, magic shows, performance art shows; theatrical booking agencies, namely, theater, opera and concert ticket reservations. IC 043. US 100 101. G & S: Hotels; condominium hotels; hotel services; resort hotel services; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; restaurants; bars; restaurant and bar services. IC 044. US 100 101. G & S: Health spa services for health and wellness of the body and spirit offered at health resorts; health spa services, namely, cosmetic body care services. |
|---|---|---|---|

12.     The SHG Registrations were filed September 10, 2013, pursuant to Section 1(b) of

the Lanham Act, 15 U.S.C. § 1051(b), based on alleged bona fide intention to use the marks in

U.S. commerce in connection with all of the applied-for services.

13.     In each application for the SHG Marks, Plaintiff declared that it "has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services."

14.     On August 6, 2015, Plaintiff filed Statements of Use for each of the SHG Marks with the USPTO alleging dates of first use of the marks in U.S. commerce of at least as early as March 1, 2015 (the '289 Registration) and August 1, 2015 (the '287 Registration and the '423 Registration) and claiming use of the SHG Marks in connection with all of the applied-for services, sworn and attested to by Plaintiff.

15.     In the Statements of Use for each of the SHG Registrations, Plaintiff declared that it "is using the mark in commerce on or in connection with all the goods/services in the application or notice of allowance, or as subsequently modified."

16.     In the mark 1 HOTEL & HOMES that is the subject of the '287 Registration, Plaintiff disclaimed the exclusive right to use HOTEL & HOMES apart from the mark as shown in the registration.

17.     In the mark 1 HOTEL & HOME that is the subject of the '423 Registration, Plaintiff disclaimed the exclusive right to use HOTEL & HOME apart from the mark as shown in the registration.

18.     In the mark 1 HOTEL & HOMES SOUTH BEACH that is the subject of the '289 Registration, Plaintiff disclaimed the exclusive right to use HOTEL & HOMES SOUTH BEACH apart from the mark as shown in the registration.

19.     On December 31, 2019, the Association filed a cancellation petition before the United States Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB") to cancel the SHG Registrations on the basis of fraud in the prosecution of the SHG registrations,

descriptiveness, lack of *bona fide* intent to use the marks when filing the applications, lack of

bona fide use of the marks when filing the Statements of Use, and abandonment of the marks.

20.     On April 20, 2020, the Association applied for the mark 1 HOMES in United States

Service Mark Application Serial No. 88879248 (the "Second Association Application") on an

intent to use basis in International Class 25 for "Hats; Shirts."

21.     On May 13, 2020, the Association filed U.S. Application Serial No. 88914537 (the

"Third Association Application") before the USPTO to register "1 HOMES" on an intent to use

basis in International Class 21 for "mugs; glasses; and tea kettles," in International Class 24 for

"home goods, namely beach towels, throws and blankets," and in International Class 28 for

"stuffed animals and plush toys."

22.     On May 20, 2020, the Association filed U.S. Application Serial No. 88925433 (the

"Fourth Association Application") before the USPTO on May 20, 2020 to register "1 HOMES"

in International Class 35 for "online retail store services for clothing and accessories; On-line

retail gift shops."

23.     The Association's First Association Application, Second Association Application,

Third Association Application, and Fourth Association Application (collectively, the 1 HOMES

Applications) remain pending before the United States Patent and Trademark Office.

24.     The Association's 1 HOMES mark is protected as a common law trademark due to

the Association's extended use of the mark in commerce.

25.     Upon information and belief, Plaintiff has improperly used in commerce in the

United States the Association's 1 HOMES mark.

26.     Plaintiff's use of the 1 HOMES mark was without permission or consent of the

Association.

27.     The Association has not granted Plaintiff a license to use its 1 HOMES mark.

28.     Plaintiff's unauthorized use of the 1 HOMES mark constitutes direct infringement of the Association's exclusive rights in its 1 HOMES mark.

29.     Plaintiff's use of the Association's 1 HOMES mark in interstate commerce in connection with its services is likely to confuse, mislead, or deceive the public as to the origin of the mark, or cause these persons to believe that the services or products have been sponsored, approved, authorized, licensed by, or are in some way affiliated or connected with the Association.

30.     The Association has requested that Plaintiff cease its acts of trademark infringement and has given Defendants actual notice of its common law trademark rights in the mark 1 HOMES but Defendants refused to cease their infringing acts.

31.     Moreover, Plaintiff and its counsel have engaged in what can only be characterized as a campaign of harassment against the Association's members. Plaintiff, via its counsel, has been contacting individual members of the Association, without the inclusion of the Association's counsel in an effort to harass and intimidate members of the Association by spreading misinformation regarding the dispute between the Parties and threatening further legal action against members of the Association in their individual capacity.

**COUNT I:**
**DECLARATORY JUDGMENT OF CANCELLATION OF PLAINTIFF'S SHG REGISTRATIONS BASED ON FRAUD COMITTED DURING PROSECUTION**

32.     The Association herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 31 herein.

33.     Upon information and belief, contrary to Plaintiff's declaration, it did not have the requisite *bona fide* intention to use the SHG Marks in U.S. commerce in connection with all of the applied-for services when it filed its applications for the SHG Marks.

34.     Upon information and belief, contrary to Plaintiff's declaration, Plaintiff was not using the SHG Marks in U.S. commerce in connection with all of the applied-for services when it filed its Statements of Use for the 1 HOTEL & HOMES Registrations.

35.     Upon information and belief, Plaintiff falsely represented to the USPTO that it had the requisite *bona fide* intention to use the SHG Marks in U.S. commerce in connection with all of the applied-for services when Plaintiff filed its applications for the SHG Marks.

36.     Upon information and belief, Plaintiff falsely represented to the USPTO that it was using the SHG Marks in U.S. commerce in connection with all of the applied-for services when Plaintiff filed its Statements of Use for the SHG Marks.

37.     Upon information and belief, at the time of filing its applications for the SHG Marks, Plaintiff had knowledge that its representation that it had the requisite *bona fide* intention to use the SHG Marks in U.S. commerce in connection with all of the applied-for services was false.

38.     Upon information and belief, at the time of filing its Statements of Use for the SHG Marks, Plaintiff had knowledge that its representation that it was using the SHG Marks in U.S. commerce in connection with all of the applied-for services was false.

39.     Upon information and belief, at the time of filing its applications for the SHG Marks, Plaintiff intended to induce the USPTO into conferring registration upon Plaintiff for the SHG Marks.

40.     Upon information and belief, at the time of filing its Statements of Use for the SHG Marks, Plaintiff intended to induce the USPTO into conferring registration upon Plaintiff for the SHG Marks.

41.     Based upon the foregoing, and upon information and belief, Plaintiff knowingly committed fraud on the USPTO by making false, material representations in its applications and

Statements of Use for the SHG Marks that Plaintiff knew were false with intent to deceive the USPTO.

42.     Based on the foregoing, and upon information and belief, the SHG Registrations, resulting from the USPTO's reliance on Plaintiff's false representations, were obtained fraudulently, rendering the SHG Registrations invalid and subject to cancellation.

43.     Fraud cannot be cured by the deletion of services from registrations.

44.     Based upon the foregoing, the SHG Registrations should be cancelled for having been procured by fraud under Section 14(3) of the Lanham Act.

**COUNT II:**
**DECLARATORY JUDGMENT OF CANCELLATION OF PLAINTIFF'S SHG REGISTRATIONS BASED ON DESCRIPTIVENESS OF THE SHG MARKS AND LACK OF SECONDARY MEANING**

45.     The Association herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 31 herein.

46.     Each of the SHG Marks is merely descriptive.

47.     The SHG Marks had not obtained at the time of the filing of the applications sufficient secondary meaning to qualify for registration and have not acquired secondary meaning at this time to qualify for registration.

48.     The term "1" in the SHG Marks is merely descriptive and had not obtained at the time of the filing of the applications sufficient secondary meaning to qualify for registration and has not acquired secondary meaning at this time to qualify for registration.

49.     The wording "HOTEL & HOMES" in the '287 Registration is merely descriptive.

50.     The wording "HOTEL & HOME" in the '423 Registration is merely descriptive.

51.     The term "HOTEL & HOMES SOUTH BEACH" in the '289 Registration is merely descriptive.

52.     The term "SOUTH BEACH" in the '289 Registration is geographically descriptive.

53.     As merely descriptive marks, the SHG Registrations should not stand as an obstacle to the Association Application.

54.     Based upon the foregoing, the SHG Registrations should be cancelled for being merely descriptive under Section 2(e) of the Lanham Act.

**COUNT III:**
**DECLARATORY JUDGMENT OF CANCELLATION OF PLAINTIFF'S SHG REGISTRATIONS BASED ON LACK OF BONA FIDE INTENT TO USE THE SHG MARKS AT THE TIME OF APPLICATION**

55.     The Association herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 31 herein.

56.     Upon information and belief, Plaintiff did not have the requisite *bona fide* intention to use the SHG Marks in U.S. commerce in connection with all of the applied-for services when Plaintiff filed its applications for the SHG Marks.

57.     Upon information and belief, as of the application filing date for the SHG Registrations, Plaintiff did not have the requisite *bona fide* intention to use the SHG Marks in U.S. commerce in connection with, *inter alia*, the following services identified in the applications for the SHG Marks:

> "*leasing, rental, and management of condominiums; real estate brokerage services*" [Class 36]; "*casinos, namely, gambling and gaming services; live entertainment, namely, live performances by musical bands and live comedy shows; night club services; leisure club services, namely, country club and golf club services; ski resorts; providing skiing facilities; providing skiing instruction and skiing equipment; arranging and conducting entertainment exhibitions in the nature of comedy acts, dance acts, theater acts, plays, stage productions, magic shows, performance art shows*" [Class 41]; and "*health spa services, namely, cosmetic body care services*" [Class 44].

58.     Based on the foregoing, Plaintiff did not have a *bona fide* intent to use the SHG Marks in U.S. commerce in connection with all of the identified services as of the filing date of

the applications under Section 1(b) of the Lanham Act, rendering the SHG Registrations invalid and subject to cancellation.

59. The SHG Registrations should therefore be cancelled.

**COUNT IV:**
**DECLARATORY JUDGMENT OF CANCELLATION OF PLAINTIFF'S SHG REGISTRATIONS BASED ON LACK OF BONA FIDE INTENT TO USE THE SHG MARKS AT THE TIME OF FILING ITS STATEMENT OF USE**

60. The Association herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 31 herein.

61. Upon information and belief, Plaintiff was not using the SHG Marks in U.S. commerce in connection with all of the applied-for services when Plaintiff filed its Statements of Use for the SHG Marks.

62. Pursuant to Sections 1(b), 1(d) and 3 of the Lanham Act and 37 C.F.R. Section 2.88, all services included in the Statement of Use filed for in an application for registration under Section 1(b) must have been "in use" at the time of filing of the Statement of Use.

63. Upon information and belief, as of the date the Statements of Use for the SHG Marks were filed, Plaintiff was not using the SHG Marks in U.S. commerce in connection with, *inter alia*, the following services identified in the Statements of Use for the SHG Marks:

> "*leasing, rental, and management of condominiums; real estate brokerage services*" [Class 36]; "*casinos, namely, gambling and gaming services; live entertainment, namely, live performances by musical bands and live comedy shows; night club services; leisure club services, namely, country club and golf club services; ski resorts; providing skiing facilities; providing skiing instruction and skiing equipment; arranging and conducting entertainment exhibitions in the nature of comedy acts, dance acts, theater acts, plays, stage productions, magic shows, performance art shows*" [Class 41]; and "*health spa services, namely, cosmetic body care services*" [Class 44].

64. Based on the foregoing, Plaintiff did not have *bona fide* use of the SHG Marks in U.S. commerce in connection with all of the identified services as of the date the Statements of

Use were filed or otherwise within the expiration of the time for filing Statements of Use, rendering the SHG Registrations invalid and subject to cancellation.

65.     The SHG Registrations should therefore be cancelled.

**COUNT V:**
**DECLARATORY JUDGMENT OF CANCELLATION OF PLAINTIFF'S SHG**
**REGISTRATIONS BASED ON ABANDONMENT OF THE SHG MARKS**

66.     The Association herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 31 herein.

67.     Upon information and belief, despite the SHG Registrations having registered more than four (4) years ago, Plaintiff has never used, does not presently use, and has no *bona fide* intention to use the SHG Marks in U.S. commerce in connection with all of the services for which the SHG Marks are registered.

68.     Upon information and belief, despite the SHG Registrations having registered more than four (4) years ago, Plaintiff has never used, does not presently use, and has no *bona fide* intention to use the SHG Marks in U.S. commerce in connection with, *inter alia*, the following services for which the SHG Marks are registered:

> "*leasing, rental, and management of condominiums; real estate brokerage services*" [Class 36]; "*casinos, namely, gambling and gaming services; live entertainment, namely, live performances by musical bands and live comedy shows; night club services; leisure club services, namely, country club and golf club services; ski resorts; providing skiing facilities; providing skiing instruction and skiing equipment; arranging and conducting entertainment exhibitions in the nature of comedy acts, dance acts, theater acts, plays, stage productions, magic shows, performance art shows*" [Class 41]; and "*health spa services, namely, cosmetic body care services*" [Class 44].

69.     Upon information and belief, given that more than four (4) years have elapsed since the SHG Registrations registered, Plaintiff has no *bona fide* intention to use the SHG Marks in U.S. commerce in connection with, *inter alia*, the foregoing services.

70.     Consequently, the SHG Registrations have been abandoned and are therefore subject to cancellation for such services.

71.     The SHG Registrations should therefore be cancelled.

**COUNT VI:**
**FALSE DESIGNATION OF ORIGIN**
**(SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A))**

72.     The Association herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 31.

73.     Plaintiff's use of the Association's 1 HOMES mark improperly suggests to relevant prospective and/or actual consumers that Plaintiff's services and/or products are affiliated, sponsored or related to the Association.

74.     Plaintiff's use of the Association's 1 HOMES mark is likely to cause confusion or mistake, or is likely to deceive as to the origin or sponsorship of Plaintiff's services or commercial activities in violation of 15 U.S.C. §1125(a). More specifically, Plaintiff has used and continues to use, in relation to commercial activities, a false designation or origin, or a false or misleading description which is likely to cause confusion, and to cause mistake, and to deceive, as to the affiliation, connection, or association of Plaintiff with the Association.

75.     As a direct and proximate result of Plaintiff's willful and deliberate conduct, the Association has suffered, and will continue to suffer, substantial injuries, loss, and damage to its business and goodwill.

76.     Upon information and belief, Plaintiff's acts of unfair competition are willful, and this is an exceptional case.

77.     If Plaintiff is permitted to continue its willful and deliberate acts of infringement, the Association will be irreparably harmed. As such, the Association is entitled to injunctive relief prohibiting Plaintiff and its affiliates from using the 1 HOMES mark with their services.

## COUNT VII:
## COMMON LAW TRADEMARK INFRINGEMENT

78.     The Association herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 31.

79.     Plaintiff's use of the Association's 1 HOMES mark is likely to cause confusion or mistake, or is likely to deceive as to the origin or sponsorship of Plaintiff's services or commercial activities.

80.     Plaintiff's' use of the Association's 1 HOMES mark constitutes common law trademark infringement.

81.     Upon information and belief, Plaintiff's acts of infringement are willful, and this is an exceptional case.

82.     If Plaintiff is permitted to continue its willful and deliberate acts of infringement, the Association will be irreparably harmed. As such, the Association is entitled to injunctive relief prohibiting Plaintiffs from using the 1 HOMES mark with their services.

### JURY TRIAL REQUEST

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, the Association demands a trial by jury of all issues properly triable as of right by a jury.

### PRAYER FOR RELIEF

WHEREFORE, Defendant 2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC. prays for entry of judgment in its favor and against Plaintiff as follows:

a)  A judgment that Plaintiff has infringed the Association's 1 HOMES mark;

b)  A judgment that Plaintiff has committed acts of unfair competition, false designation of origin and false advertising under 15 U.S.C. §1125(a);

c)   A permanent injunction restraining and enjoining Plaintiff, and all of their parents, officers,

directors, managers, owners, executives, employees, contractors, agents, successors and

assigns, and all persons in active concert or participation with any of them from using the

Association's 1 HOMES mark;

d)   An award to the Association of the costs of this action and reasonable attorneys' fees; and

e)   An award to the Association of such other and further relief as the Court shall deem just.

Respectfully submitted this July 20, 2020.

*/s/ Stephanie Vazquez*
Stephanie Vazquez, Esq., FL Bar #1011124
Email: svazquez@allendyer.com
ALLEN, DYER, DOPPELT + GILCHRIST, PA
1221 Brickell Ave., Suite 2400
Miami, Florida 33131
Telephone:     (305) 374-8303
Facsimile:     (305) 374-8306

Brian R. Gilchrist, Esq., FL Bar #774065
Email: bgilchrist@allendyer.com
ALLEN, DYER, DOPPELT + GILCHRIST, PA
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone:     (407) 841-2330
Facsimile:     (407) 841-2343

*Counsel for Defendants-Counterclaimants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2020, I presented the foregoing to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a Notice of Electronic Filing to Counsel of Record:

Gavin Cunningham Gaukroger
Berger Singerman LLP
350 East Las Olas Blvd., Ste 1000
Fort Lauderdale, FL 33301
(954) 525-9900
Fax: (954) 523-2872
Email: ggaukroger@bergersingerman.com

Christina Michele Perry
Berger Singerman LLP
1450 Brickell Avenue, Ste. 1000
Miami, FL 33131
305-755-9500
Fax: 305-714-4340
Email: cperry@bergersingerman.com

Claudia Ray
Email: claudia.ray@kirkland.com
Dale M. Cendali
Email: dale.cendali@kirkland.com
Shanti Sadtler Conway
Email: shanti.conway@kirkland.com
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

*/s/ Stephanie Vazquez*
Stephanie Vazquez, Esq.