# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-22423-UU

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,

      Plaintiff,

v.

2399 COLLINS AVENUE CONDOMINIUM
ASSOCIATION, INC. and JOHN P. BOSTANY,

      Defendants

## STIPULATED PROTECTIVE ORDER

THIS CAUSE is before the Court upon the parties' Joint Motion for Entry of Stipulated Protective Order (D.E. 25) (the "Motion"). The Court having considered the Motion and the pertinent parts of the record, being otherwise fully advised in the premises, and for good cause shown, it is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 25, is GRANTED. Pursuant to rule 26(c)(1) of the Federal Rules of Civil Procedure, and pursuant to the agreement of the Parties, it is hereby ORDERED that:

1.    **Scope.**  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as set forth below.

## DEFINITIONS

2.      The term "Confidential Information," as used in this Order, shall mean (a) information not in the public domain that is so proprietary or competitively sensitive that its public disclosure is likely to cause competitive injury; (b) information that constitutes or contains trade secrets pursuant to applicable law; (c) the non-public, personal information of individuals or entities, including but not limited to information that identifies the personal or financial information for a given person or entity, including name, address, account number, telephone number, place or position of work, or other identifying information; (d) information protected from disclosure by contractual obligations with third-parties; and (e) information protected from disclosure by law.

3.      The terms "Producing Party" or "Designating Party" as used in this Order shall mean any party or non-party producing documents in this action under this Order.

4.      The term "Receiving Party" as used in this Order shall mean any party or non-party receiving documents in this action under this Order.

5.      The term "document" or "documents," as used in this Order shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

## DESIGNATION OF CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

6.      **Form and Timing of Designation.**  Any Producing Party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document.  Documents shall be designated prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the

2

designation CONFIDENTIAL or ATTORNEYS' EYES ONLY, the physical media on which such electronically stored information is produced, as well as all applicable file names, shall be marked with the applicable designation.  The Receiving Party shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.  By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS' EYES ONLY, even though the original documents being produced have not themselves been so labeled.  All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation.  The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS' EYES ONLY, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation.  The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

7.      **Documents Which May be Designated CONFIDENTIAL.**  Any Producing Party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential, including without limitation agreements and contracts; current and future business, product, or strategic plans; financial information; marketing documents; private personal identifying information; trade secrets; interrogatory answers; responses to requests for admission; or documents or information that, if released publicly, would cause embarrassment or be damaging to the reputation of the Producing Party or third

parties.  Public records and other information or documents that are publicly available may not
be designated as CONFIDENTIAL.

        8.      **Documents Which May be Designated ATTORNEYS' EYES ONLY.**  Any
Producing Party may designate documents ATTORNEYS' EYES ONLY after making a good
faith determination that (1) the documents contain information that is particularly sensitive,
private, or competitively valuable, which constitutes or discloses sales or other financial
information, financial projections, future business, products or strategic plans, trade secrets, or
other competitively sensitive information, and (2) designating the document CONFIDENTIAL
under this Order would be insufficient to protect the Producing Party's competitive interests or
the document discloses a party's sensitive financial information or an individual's private
information.

        9.      Any copies or reproductions, excerpts, summaries, or other documents or media
that paraphrase, excerpt, or contain information that has been designated CONFIDENTIAL or
ATTORNEYS' EYES ONLY shall be treated as such pursuant to this Order.

        10.    **Depositions.**  Deposition testimony may be designated CONFIDENTIAL or
ATTORNEYS' EYES ONLY in its entirety by indicating that fact on the record at the
deposition.  Alternatively, if a Designating Party has advised the court reporter that Confidential
Information has been disclosed during a deposition, the court reporter shall include on the cover
page the following indication: "DEPOSITION CONTAINS CONFIDENTIAL INFORMATION
— SUBJECT TO A PROTECTIVE ORDER."  Within thirty (30) days of receipt of the initial
deposition transcript, the Designating Party shall advise the court reporter and counsel for the
Receiving Party of the specific pages and lines which it designates as CONFIDENTIAL or
ATTORNEYS' EYES ONLY. No party may designate the entire transcript as ATTORNEY'S

EYES ONLY.  The court reporter shall supplement the transcript to mark the specific pages and lines designated and amend the cover page to reflect that these specific designations have been made.  Counsel for the Receiving Party may have immediate access to the deposition transcript but, prior to the page and line designations, shall treat the entire transcript as CONFIDENTIAL or ATTORNEYS' EYES ONLY, if so designated at the deposition.

      11.   **Protection of Confidential Material.**

      a)  **General Protections.**  Documents designated for protection under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Paragraph 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, as well as any appeal thereof.

      b)  **Protection of Documents Designated CONFIDENTIAL.**  The parties and counsel for the parties to this Order shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs 1)–7) below.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

         1) **Counsel.**  Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

         2) **Parties.**  Parties and employees of a party to this Order.

         3) **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

         4) **The Court**.  This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical

personnel) recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this action;

5) **Consultants, Investigators and Experts.**  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

6) **Non-Party Fact Witnesses**.  Any non-party fact witness and his or her counsel, if separate from counsel to the parties, when such disclosure is reasonably necessary for the purpose of deposition or trial preparation. All non-party fact witnesses shall execute the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound; and

7) **Others by Consent.**  Other persons only by written consent of the Producing Party shall execute the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound or upon order of the Court and on such conditions as may be agreed or ordered.

c) **Protection of Documents Designated ATTORNEYS' EYES ONLY.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any ATTORNEYS' EYES ONLY documents to any third person or entity except as set forth in subparagraphs 1) – 6) below.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS' EYES ONLY.

6

1) **Counsel.**  Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

2) **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

3) **The Court**.  This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this action;

4) **Consultants, Investigators and Experts.**  Experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound and;

5) **Others by Consent.**  Other persons only by written consent of the Producing Party shall execute the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound or upon order of the Court and on such conditions as may be agreed or ordered.

d)  **Control of Documents.**  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection pursuant to the terms of this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order, pursuant to Attachment A, Acknowledgment and Agreement to Be

Bound, for a period of six months after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

e) **Copies.**  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated for protection under this Order, or any individual portion of such a document, shall be affixed with the designation if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.

f) **Inadvertent Production.**  Inadvertent production of Confidential Information prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality.  Any such error shall be corrected within a reasonable time.

g) Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver.  If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or any other privilege or immunity, the Designating Party will promptly notify each Receiving Party in writing of the inadvertent production.  When a party receives notice of such inadvertent production, the Receiving Party shall immediately sequester all copies of inadvertently produced material as well as any notes or summaries referring or relating to any such inadvertently produced material and shall not distribute or review such discovery materials prior to resolution of the privilege issue as provided herein or it shall

immediately return or certify destruction of all copies of inadvertently produced material as well as any notes or summaries referring or relating to any such inadvertently produced material.    Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court, after first complying with the notice of inadvertent production and attempting in good faith to meet and confer with the Designating Party in an effort to resolve the challenge to such notice.  In the event of a challenge to a notice of inadvertent production, the Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material.    If a Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, counsel for the Receiving Party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) destroy or return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

12.    **Outside Counsel's Advice.**  Nothing in this Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of documents protected under this Order; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make disclosure of any information so designated except pursuant to the provisions of this Order.

13.     **Filing of CONFIDENTIAL or ATTORNEYS' EYES ONLY Documents**

**Under Seal.**  Absent a statute or an order of this Court, documents may not be filed under seal, consistent with the Court's General Policy as set forth in Local Rule 5.4(a).  *See* S.D.L.R. 5.4(a). The Parties shall comply with the Court's Procedure for Filing Under Seal in Civil Cases, as set forth in Local Rule 5.4(b)(1).  *See* S.D.L.R. 5.4(b)(1).

14.     **Challenges by a Party to Designation as Confidential.**  Any CONFIDENTIAL or ATTORNEYS' EYES ONLY designation is subject to challenge by any party or nonparty with standing to object (hereafter "party").  Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation as to any documents subject to the objection, the Designating Party shall serve on all parties a notice specifying the documents and the nature of the agreement.  If the Producing Party cannot resolve the objection after meeting and conferring, the disputed information shall continue to be treated with the level of protection to which it is entitled under the Producing Party's designation until the Court rules on a motion.

15.     **Action by the Court.**  Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

16.     **Obligations on Conclusion of Litigation.**

a) **Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b) **Return of Documents Designated for Protection Under this Order.**  Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined in Paragraph 5(d), shall be returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Producing Party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be designated for protection under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.  Counsel for the parties shall be entitled to retain a file copy of Confidential Information as part of its document retention practices, but such counsel shall maintain such documents in accordance with the terms of this Order.

c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated for protection under this Order by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

20. **Logging Privileged Documents.** Consistent with the Federal Rules of Civil Procedure, a party withholding or redacting any document on the grounds of privilege, immunity or any similar claim shall provide to the Receiving Party a privilege or redaction log. The parties shall have no obligation to log material created after June 12, 2020.

The log shall contain the following information: (i) the date of the document; (ii) the identity of all persons who sent, authored, signed or otherwise prepared the document; (iii) the

identity of all persons designated as addressees or copyees; (iv) a description of the contents of the document that, without revealing information that itself is privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity; (v) the type or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); and (vi) for redacted documents only, the Bates numbers corresponding to the first and last page of any document redacted.  To the extent e-mail is included and described on the log, any e-mail chain (i.e., a series of e-mails linked together by e-mail responses and forwarding) that is withheld or redacted on the grounds of privilege, immunity or any similar claim may be logged as a single entry and identified by the most recent (i.e., top-most) e-mail.  The parties shall not be required to break up an e-mail chain and log each individual e-mail separately.  If, however, an e-mail contained within a given chain exists as a separate document, then the parties shall log that material in accordance with this Paragraph.  Activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) are protected from disclosure under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

Pursuant to Local Rule 26.1(e)(2)(D) the parties agree and the Court orders the parties shall not be required to serve privilege logs within fourteen (14) days following service of (i) any interrogatory response or document production from which some information or documents are withheld on the basis of such privilege or protection; or (ii) the response to the request for production if all responsive documents are being withheld on the basis of such privilege or protection, and instead shall serve their respective privilege logs at the substantial completion of their respective document production(s).

21.     **Application to Non-Parties.**  This Order shall apply to any non-party who (a) provides discovery, by subpoena, deposition, production of documents, or otherwise, in this Action, (b) requests the protection of this Order as to its documents, and (c) agrees to be bound by the provisions of this Order by executing the Acknowledgment and Agreement to be Bound attached to this Order at Attachment A.  This Order also shall apply to non-parties who are afforded access to documents or information produced in this Action, whether by deposition, production of documents, or otherwise.  Prior to receiving such documents or information, such Non-Parties shall execute the Acknowledgement and Agreement to be Bound attached to this Order.

22.     **Subpoenas**.  Any party or person in possession of information that has been designated CONFIDENTIAL or ATTORNEYS' EYES ONLY  who receives a subpoena or other process from any person or entity who is not a party seeking production or other disclosure of such information shall promptly and in any case within three (3) business days give telephonic notice and written notice by overnight delivery or facsimile to counsel for the Producing Party who designated the documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY, identifying the materials sought and enclosing a copy of the subpoena or other process.  The party or person receiving the subpoena also shall inform the person seeking the information that such information is subject to this Order.  No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process.  Nothing contained within this Paragraph shall obligate any party or person who receives a subpoena or other process seeking the production or disclosure of information designated as CONFIDENTIAL or

ATTORNEYS' EYES ONLY to resist such production or disclosure, or be construed as

encouraging any party or person not to comply with any court order, subpoena, or other process.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this _3d__ day of August,

2020.

_____

URSULA UNGARO

UNITED STATES DISTRICT JUDGE

Copies: all counsel of record

## ATTACHMENT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-22423-UU

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,

       Plaintiff,

v.

2399 COLLINS AVENUE CONDOMINIUM
ASSOCIATION, INC. and JOHN P. BOSTANY,

       Defendants

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Florida in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name:

Job Title:

Employer: _____

Business Address: _____

_____

Date: _____   _____
                                Signature