UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 1:20-cv-22423-UU**

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,
A Delaware limited liability company,

        Plaintiff,

v.

2399 COLLINS AVENUE CONDOMINIUM
ASSOCIATION, INC., a Florida corporation,
and JOHN P. BOSTANY, an Individual,

        Defendants.

**DEFENDANTS' REPLY TO OPPOSITION TO
MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. #26)**

**INTRODUCTION**

Six months after a condominium association sought to cancel the Plaintiff's trademarks for fraud on the USPTO, Plaintiff brought this action against both the association and one of its board members.[1] Five counts are jointly asserted against Mr. Bostany and the Association, two counts against only Mr. Bostany and two counts only against the Association.

On July 20, 2020, both Defendants filed a Motion to Dismiss the Complaint. Mr. Bostany seeking dismissal of all counts asserted against him and the Association seeking dismissal of certain counts. Contemporaneously, on the same date, the Association filed an Answer as to the remaining claims, and included therein pro-forma answers to the claims that it had sought to dismiss.

For the Court's ease of reference, this Reply Memorandum will address the claims against Mr. Bostany first and will then proceed to address the claims against the Association.

I.   COUNTS I AND II, BREACH OF CONTRACT CLAIMS, FAIL TO STATE CLAIMS AGAINST MR. BOSTANY.

As described in the Motion to Dismiss, this case is nothing more than a strike suit, brought to punish an individual board member for serving on a board that has taken action with which Plaintiff disagrees. Plaintiff's response in opposition includes remarks designed to insult and attack counsel unnecessarily ("Defendants' arguments misstates, or Defendants misapprehend, the factual allegations or Defendants' confused assertions.") Setting aside the baseless attacks, Plaintiff offers nothing to contradict the heart of the motion -- the entirety of the claims against Mr. Bostany are based upon Mr. Bostany allegedly voting as a member of the Board of an independent legal entity. The vague and non-specific allegations (Complaint, ¶¶ 44 – 55, ¶¶ 66 –

---

[1] The Board of the Association consists of Michael Rock (part of management for the Hotel owner), Richard Egan (owner of condominium units) and John P. Bostany (owner of a condominium unit).

67) referred to by Plaintiff fail to state a claim upon which relief may be granted.

The nucleus of the Plaintiff's theory is the flawed premise that because the Association adopted the "1 Homes" mark in 2018, Mr. Bostany breached an individual contract that he signed with the Plaintiff's alleged affiliate when he purchased his home in 2014. There is no allegation the Association is the alter ego of Mr. Bostany. The only allegations which identify Mr. Bostany's individual actions are vague and conclusory claims that Mr. Bostany "induced, directed, and encouraged the Association …." (*See*, Complaint ¶¶ 44, 66) Mere conclusory statements "are not entitled to the assumption of truth." *See, Ashcroft v. Iqbal,* 556 U.S. 662, 664 (U.S. 2009). The factual allegations alone must state a facially plausible entitlement to relief. *Id.* The standard of facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* at 678 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (U.S. 2007); *see also*. *Lindquist v. Jin Linxian*, 2012 WL 3811800 at *3; 2019 U.S. Dist. LEXIS 125081 (S.D. Fla. 2012). There are no allegations that allege how, when, or in what manner Mr. Bostany induced or directed the Association in any way outside his proper elected role as President of the Board of Directors.[2]

Plaintiff next suggests that it is inappropriate in a 12(b)(6) motion to consider issues of contract interpretation. This is true only if there is a dispute about reasonable interpretation. *See*, *Managed Care Solutions, Inc. v. Cmty. Health Sys.*, 2011 WL 6024572, 2011 U.S. Dist. LEXIS (S.D. Fla. 2011). Notably, the interpretation of a contract is normally a matter of law that is

---

[2] The Complaint does allege Mr. Bostany, in ¶54, personally utilized a LinkedIn page which listed him as Board President for "1 Homes at 1 Hotels." This allegation is not sufficient to save the complaint. The statement found on LinkedIn is factually accurate and is not alleged to have been used in a manner which would result in consumer confusion between any products or services. The page simply describes Mr. Bostany as being Board President for the Association, which is located at 1 Hotel, an accurate factual statement not subject to reasonable dispute. (*See also*, Section V, *supra*.). Plaintiff alleges (incorrectly) that the statement is inflated as it suggests that Mr. Bostany is an employee of 1 Hotels. Even if that is true, such an "inflated" description is not infringement of a trademark under the Lanham Act and is not alleged to cause damages to Plaintiff.

determined by the court. *Smith v. State Farm Mut. Auto. Ins. Co.*, 231 So. 2d 193, 194 (Fla. 1970); *Strama v. Union Fid. Life Ins. Co.*, 793 So. 2d 1129, 1132 (Fla. 1st DCA 2001). "The initial determination of whether the contract term is ambiguous is a question of law for the court, and, if the facts of the case are not in dispute, the court will also be able to resolve the ambiguity as a matter of law." *Strama*, 793 So. 2d at 1132. A contract's "language is ambiguous only if it is susceptible to more than one reasonable interpretation." *Vyfvinkel v. Vyfvinkel*, 135 So. 3d 384, 385 (Fla. 5th DCA 2014) (quoting *BKD Twenty-One Mgmt. Co. v. Delsordo*, 127 So. 3d 527, 530 (Fla. 4th DCA 2012)). "A true ambiguity does not exist [in a contract] merely because [the] contract can possibly be interpreted in more than one manner. Indeed, fanciful, inconsistent, and absurd interpretations of plain language are always possible." *Id*. Moreover, it is well-established that "a provision in a contract will be construed most strongly against the party who drafted it …." *Sol Walker & Co. v. Seaboard C.L.R.*, 362 So. 2d 45, 49 (Fla. 2d DCA 1978).

Here, the contract's terms are not susceptible to multiple meanings. The contract drafted by the Plaintiff's affiliate is very specific. Plaintiff argues that no owner (Mr. Bostany included) may use or adopt the "Hotel Brand" marks, *which the contract allegedly specifies as* "1 Hotel" or "1 Hotel & Residences." (Complaint, ¶¶ 28-29; *see also*, discussion in Motion to Dismiss, p. 7.) Plaintiff attempts to import a prohibition against using the mark "1 Homes" into the contract. The contract does not include prohibition against using "1 Homes" nor does it restrict the use of marks that are similar to 1 Hotel as Plaintiff seeks to lead the Court to believe. *See, State Farm Fire & Cas. Ins. Co. v. Deni Assocs.*, 678 So. 2d 397, 403 (Fla. 4th DCA 1996) (finding that "is an error for the court to engage in further construction of [a] defined term" as the "purpose of defining a contractual term is to make clear that the parties intend something in addition to the plain and ordinary meaning of the defined term.").

3

Even if there were facts alleged in the Complaint which make a director individually liable for the Association's adoption of "1 Homes", there is no breach of any contract. Plaintiff is not permitted to use loose and vague descriptions of property in the hope that it can create some ambiguity to survive a Motion to Dismiss. Under *Iqbal* and *Twombly,* the Plaintiff has the burden to allege facts in the complaint that establish a plausible claim for relief, which includes a plausible claim that every element of the cause of action is satisfied. *Sargeant v. Maroil Trading Inc.*, 2018 WL 3031841, at *8, 2018 U.S. Dist. LEXIS 90949 (S.D. Fla. 2018). More than that, the Association's actions are not Mr. Bostany's actions and cannot be presumed to be taken by an individual board member as the Complaint sets forth.

Plaintiff seeks to avoid the dictates of the State statute by arguing that in certain discreet situations, actions against individual directors are permitted. Plaintiff cites to several cases that permitted an action against an individual defendant that individually violated the Federal Fair Housing Statute. *See, Hous. Opportunities Project for Excellence, Inc. v. Key Colony No. 4 Condo. Assoc.*, 510 F. Supp. 2d 1003, 1013 (S.D. Fla. 2007); *Sabal Palm Condos. of Pine Island Ridge Ass'n v. Fischer*, No. 12-60691-Civ., 2014 WL 988767, at *4, 2014 U.S. Dist. LEXIS 32705 (S.D. Fla. Mar. 13, 2014); *Rosado v. Cypress at Woodmont II Condo, Ass'n,* No. 10-61503-Civ., 2011 WL 13269719, at *3, 2011 U.S. Dist. LEXIS 173227 (S.D. Fla. Jan. 6, 2011). Plaintiff further cites to another case that allowed a tort action against a property manager reasoning "agents such as property managers can be held liable when they have 'personally committed or contributed to a Fair Housing Act violation.'" *Fair Hous. Ctr. of the Greater Palm Beaches, Inc. v. Sonoma Bay Cmty. Homeowners Ass'n, Inc.*, 141 F. Supp. 3d 1321, 1326 (S.D. Fla. 2015). However, in this case there is no claim of any violation of the Fair Housing Act. Instead, Plaintiff launches allegation of breach of contract which themselves do not implicate any federal statute.

Further, the Lanham Act allegations presented by Plaintiff do not set forth any alleged trademark violations by Mr. Bostany in his individual capacity independent from the Board's activities in which Mr. Bostany voted as part of the Board. Plaintiff has not cited any case law which would allow a Director to be sued merely because he is voting a certain way as part of an organization's board of directors. As such, the cases cited by Plaintiff are inapposite. The facts as set forth in the Complaint are far more aligned with the cases cited in the moving brief wherein votes by a Board member are challenged.

It is well established in Florida that absent fraud, self-dealing and betrayal of trust, directors of condominium associations are not personally liable for the decisions they make in their capacity as directors of condominium associations. *See, e.g.*, *Perlow v. Goldberg,* 700 So. 2d 148 (Fla. 3d DCA 1997) (finding directors of condominium associations not individually liable for actions and governance of condominium association); *Taylor v. Wellington Station Condominium Ass'n,* 633 So. 2d 43 (Fla. 5th DCA 1994) (finding that in general, corporate directors and officers cannot be personally liable for corporate acts absent actual wrongdoing in the form of fraud, self-dealing or unjust enrichment to trigger individual liability); *Munder v. Circle One Condominium, Inc.,* 596 So. 2d 144 (Fla. 4th DCA 1992) (reversing lower court's finding of individual liability by condominium developer).

II. THE FACTUAL ALLEGATIONS CONCERNING THE ASSOCIATION'S USE OF "1 HOMES" IN COUNTS IV – VII DO NOT SUPPORT TRADEMARK CLAIMS AGAINST MR. BOSTANY.

As set forth above, the primary allegation against Mr. Bostany is that while he was a board member, the Association adopted the mark "1 Homes." To establish a trademark infringement claim against Mr. Bostany individually, Plaintiff must allege that Mr. Bostany himself made unauthorized use of a mark such that there is a likelihood of consumer confusion. (Plaintiff's

Opposition Brief, p. 17) Here, the allegations fail to establish any such claim. Plaintiff first alleges the Association adopted the mark "1 Homes." (Complaint, ¶ 45) There is no allegation Mr. Bostany ever engaged in any commercial use of this mark. Next, Plaintiff alleges the Association (not Mr. Bostany) filed a trademark application signed by Mr. Bostany in his role as Board President. (Complaint, ¶¶ 46, 49)

Not only is Mr. Bostany not personally liable for the filing of the Trademark application but Plaintiff offers no authority for the proposition that the act of filing a trademark application somehow constitutes trademark infringement. Plaintiff's lack of authority for such a unique proposition is not unsurprising as the filing of a trademark application is not commercial use of a mark. Even if Mr. Bostany filed his own application, which he did not, this is not use in commerce and is not actionable.

Plaintiff moves on to allege that the Association has used the term "1 Homes" to identify itself on a website and in newsletters *to the condominium owners*. (Complaint, ¶¶ 50-51) There is no allegation Mr. Bostany created, maintained, or benefited from the website or newsletter. Even if all the actions were taken by Mr. Bostany individually, which they were not, this will not give rise to a claim for trademark infringement as Mr. Bostany has no personal commercial interest in products or services sold under the "1 Homes" mark and is merely a sitting Board member on a condominium association. In making vague and at times unintelligible allegations, Plaintiff seeks, in vain, to mislead the court into believing that the complained of actions of the Association were somehow taken without Board vote and instead taken by Mr. Bostany individually. However, the allegations must fail because they only allude to such a phenomenon and do not, as required, specify what particular acts were allegedly taken by Mr. Bostany individually. *See, Fox v. Prof'l Wrecker Operators of Fla., Inc.*, 801 So. 2d 175, 181-82 (Fla. 5th DCA 2001) (dismissing claims

6

against directors of a not-for-profit corporation for failing to allege sufficient facts to state causes of action against the directors individually).

Plaintiff next alleges that the Association has used the mark for the sale of certain goods. (Complaint, ¶ 52) There is no allegation that Mr. Bostany profited from sales, directed sales or that any sales or use of the mark were for Mr. Bostany's own account. The Plaintiff truly stretches for the next allegation, that pictures of "nature" on the website somehow supports the claims. (Complaint, ¶ 53) A picture of a beach scene for a Miami Beach condominium website causes confusion? Even if this was Mr. Bostany's website, which it is not, there is no cognizable claim of trademark infringement for using a beach scene.

Finally, the sole specific allegation against Mr. Bostany is that he identified himself as "Board President for 1 Homes at 1 Hotels." (Complaint, ¶ 54)[3] This statement is factually correct.[4] Correctly identifying oneself as Board President cannot give rise to a claim for trademark infringement. It is undisputed that the Association conducts its business within the same building as 1 Hotel and stating such a fact is not actionable. Importantly, the claim does not allege that his listing of his position is an act of trademark infringement, only that by doing so, Mr. Bostany has somehow "inflated his role." Inflation of a person's role is not an act of trademark infringement. Next, Plaintiff suggests the factually accurate statements somehow imply he is employed by Plaintiff, a conclusion wholly unsupported by the page captured in ¶ 54, and not an act of trademark infringement.[5]

---

[3] The remaining paragraphs cited to by Plaintiff (¶¶83-91) are merely conclusions and have no facts asserted therein.
[4] Defendant asks the Court to take judicial notice of the Official Records of the Florida Department of State, showing 1 Homes is registered as the fictitious name for 2399 Collins Avenue Condominiums Association, Registration No. G20000026298.
[5] The placing of the logo is a function of LinkedIn, not something Mr. Bostany placed on the page.

III.    PLAINTIFF'S ARGUMENTS ON THE TORTIOUS INTERFERENCE CLAIM AGAINST THE ASSOCIATION (COUNT III) IS A CIRCULAR ARGUMENT.

The allegations in Count III claim that the Association improperly, intentionally, and unjustifiably interfered in the relationship between Plaintiff and Mr. Bostany. Plaintiff alleges Mr. Bostany induced, directed, and encouraged the Association to breach his contract. Setting aside the fact there was no breach, Plaintiff then asserts the same Mr. Bostany, encouraged by himself, breached the agreement. (Complaint, ¶ 44)

The Association cannot be both directed by Mr. Bostany and acting independently when inducing and encouraging a breach. An agent acting on behalf of a corporate party cannot be considered to be a separate entity for a tortious interference claim. *See, Richard Bertram, Inc. v. Sterling Bank & Trust*, 820 So. 2d 963 (Fla. 4th DCA 2002). Mr. Bostany cannot be both responsible for the acts of the Association for encouraging adoption of the name, and yet be completely independent for purposes of qualifying as a separate entity as required to bring a claim for tortious interference under Count III. Thus, Plaintiff cannot argue that the Association, through Mr. Bostany's own actions, somehow caused a tortious interference between Mr. Bostany himself and Plaintiff.

IV.    WITHOUT A FLORIDA REGISTERED MARK, PLAINTIFF CANNOT BRING AN ACTION AGAINST EITHER DEFENDANT IN COUNT VI.

Plaintiff fundamentally misunderstands the statutory framework of Chapter 495, Florida Statutes. While a claim under Chapter 495 may look to Federal case law on trademarks to interpret and analyze a Florida registered trademark dispute, this does not mean the registration requirement of Chapter 495 is somehow optional. The clear and unequivocal language of Section 495.131(1) provides relief for infringement of "a mark registered under this chapter." *See*, *Tally-Ho, Inc. v. Coast Community College Dist.*, 889 F.2d 1018, 1024 (11th Cir. 1989) (Florida Chapter 495

permits a *registrant* to sue for infringement under section 495.131, finding an unregistered, common law mark cannot be enforced under this chapter) (emphasis added).

"The Eleventh Circuit has addressed whether registration in the state of Florida is required in order to seek relief under the Florida Act." *Delta Sigma Theta Sorority, Inc. v. Bivins*, No. 2:14-cv-147-FtM-38CM, 2014 U.S. Dist. LEXIS 175416, at *9 (M.D. Fla. 2014) (citing *Tally-Ho*, 889 F.2d at 1024). The court acknowledged that "[i]n Florida, registration under the trademark statute is 'prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in this state in connection with the goods or services specified in the certificate, subject to any conditions and limitations stated therein.'" *Id*. (citing *Tally-Ho*, 889 F.2d at 1023). The court went on to note that the Florida Act permits a registrant to sue for infringement under Section 495.131, but "common law owners of unregistered marks are limited to common law remedies in infringement actions." *Id*. (citing *Tally-Ho*, 889 F.2d at 1023). Likewise in *Bivins*, the court following *Tally-Ho*, rejected Plaintiff's argument that a federally regulated mark may be enforced under Chapter 495.

V.     THE ASSOCIATION'S MOTION TO DISMISS COUNTS III AND VI IS NOT MOOT.

Pursuant to Rule 12(b), a defense asserting Plaintiff fails to state a claim upon which relief may be granted "must be made before pleading if a responsive pleadings is allowed." Here, the Association filed the motion before its responsive pleading, complying with the clear language of Rule 12(b). *See, Ward v. Glen Cnty. Bd. of Comm'rs,* 2016 U.S. Dist. LEXIS 106470 (S.D. Ga. 2016). The Rule does not state that filing a subsequent responsive pleading moots the motion. The Eleventh Circuit has not found that filing a subsequent responsive pleading moots the motion. District courts have taken a variety of positions on the issue. *See*, *ParkerVision, Inc. v. Qualcomm Inc.*, 2012 U.S. Dist. LEXIS 119545, 2012 WL 3637154 (M.D. Fla. 2012). In *Brisk v. City of*

9

*Miami Beach,* 709 F. Supp. 1146 (S.D. Fla. 1989), the primary case cited by Plaintiff, the motion was actually filed five (5) days *after* the responsive pleading and thus was converted to a Rule 12(c) motion by the Court.[6] See also, *Thornton v. City of St. Petersburg*, 2012 U.S. Dist. LEXIS 79590 (M.D. Fla. 2012) (same); *but see Blitz Telecom. Consulting, LLC v. Mingo*, 2011 U.S. Dist. LEXIS 28878 (M.D. Fla. 2011).

Here there is no dispute that the Association filed its Motion to Dismiss before its Answer which was filed contemporaneously. *See*, Motion to Dismiss Dkt. No. 22, Answer Dkt. No 23. However, if the procedural argument presents any difficulty, the Association respectfully requests permission to amend its Answer to delete any response to Counts III and VI. Alternatively, the Court may in its discretion convert the Association's Motion to Dismiss to a motion for judgment on the pleadings pursuant to Rule 12(c).

## **CONCLUSION**

As set forth in the Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), all Counts against Mr. Bostany should be dismissed, and Counts III and VI against the Association are due to be dismissed.

Respectfully submitted this August 10, 2020.

> */s/ Brian R. Gilchrist*
> Brian R. Gilchrist, FL Bar #774065
> Email: bgilchrist@allendyer.com
> ALLEN, DYER, DOPPELT + GILCHRIST, PA
> 255 South Orange Avenue, Suite 1401
> Orlando, Florida 32801
> Telephone:   (407) 841-2330
> Facsimile:   (407) 841-2343

---

[6] The Court did seem to excuse the late filing in its ruling.

        Stephanie Vazquez, FL Bar #1011124
        Email: svazquez@allendyer.com
        ALLEN, DYER, DOPPELT + GILCHRIST, PA
        1221 Brickell Ave., Suite 2400
        Miami, Florida 33131
        Telephone:   (305) 374-8303
        Facsimile:   (305) 374-8306

        *Counsel for Defendants-Counterclaimants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2020, I presented the foregoing to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a Notice of Electronic Filing to Counsel of Record:

| | |
|---|---|
| Gavin Cunningham Gaukroger<br>Berger Singerman LLP<br>350 East Las Olas Blvd., Ste 1000<br>Fort Lauderdale, FL 33301<br>(954) 525-9900<br>Fax: (954) 523-2872<br>Email: ggaukroger@bergersingerman.com | Claudia Ray<br>Email: claudia.ray@kirkland.com<br>Dale M. Cendali<br>Email: dale.cendali@kirkland.com<br>Shanti Sadtler Conway<br>Email: shanti.conway@kirkland.com<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>(212) 446-4800 |
| Christina Michele Perry<br>Berger Singerman LLP<br>1450 Brickell Avenue, Ste. 1000<br>Miami, FL 33131<br>305-755-9500<br>Fax: 305-714-4340<br>Email: cperry@bergersingerman.com | |

        */s/ Brian R. Gilchrist*
        Brian R. Gilchrist, FL Bar #774065