**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:20-CV-22423-UU

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,

    Plaintiff/Counterclaim-Defendant,

v.

2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC.

    Defendant/Counterclaim-Plaintiff,

and JOHN P. BOSTANY,

    Defendant.

**PLAINTIFF/COUNTERCLAIM-DEFENDANT SH GROUP
GLOBAL IP HOLDINGS, L.L.C.'S MOTION TO COMPEL DEFENDANT JOHN P.
BOSTANY TO PRODUCE RESPONSIVE DOCUMENTS**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................... 2

III. ARGUMENT ........................................................................................................................ 4

    A. Legal Standard ......................................................................................................... 4

    B. Bostany Should Be Required to Produce Documents Responsive to the Requests for Production. ......................................................................................... 5

        1. Bostany's Failure to State Whether He Is Withholding Responsive Documents Violates Federal Rule 34. ........................................................ 7

        2. The Association's Discovery Responses Do Not Excuse Bostany From Conducting a Reasonable Search for Responsive Documents. .......... 8

IV. CONCLUSION ................................................................................................................... 10

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adelman v. Boy Scouts of Am.*,
  276 F.R.D. 681 (S.D. Fla. 2011)...................................................................................................4

*Catchplay Inc. (Cayman) v. Studio Sols. Grp., Inc.*,
  No. CV 12-7525 GW(JCX), 2013 WL 12137107 (C.D. Cal. June 17, 2013)...........................8

*Cuervo v. Airport Servs., Inc.*,
  No. 12-20608-CIV, 2014 WL 12802522 (S.D. Fla. Mar. 4, 2014) .........................................10

*Douglas v. Kohl's Dep't Stores, Inc.*,
  No. 15-CV-1185-ORL-22-TBS, 2016 WL 1637277 (M.D. Fla. Apr. 25, 2016) ......................5

*Hickman v. Taylor*,
  329 U.S. 495 (1947)................................................................................................................10

*LLB Convenience & Gas, Inc. v. Se. Petro Distribs., Inc.*,
  No. 18-CV-914-ORL-40TBS, 2019 WL 1586732 (M.D. Fla. Apr. 12, 2019).....................8, 9

*Miccosukee Tribe of Indians of Fla. v. Cypress*,
  No. 12-22439-CIV, 2013 WL 10740706 (S.D. Fla. June 28, 2013).........................................9

*Moore v. Chertoff*,
  577 F. Supp. 2d 165 (D.D.C. 2008)..........................................................................................9

*Panola Land Buyers Ass'n v. Shuman*,
  762 F.2d 1550 (11th Cir. 1985) ................................................................................................4

*In re Porsche Cars N. Am., Inc.*,
  No. 11–md–2233, 2012 WL 4361430 (S.D. Ohio Sept. 25, 2012) ..........................................8

*U. S. v. Procter & Gamble Co.*,
  356 U.S. 677 (1958)................................................................................................................10

*Waste Corp. of Am. v. Genesis Ins. Co.*,
  No. 03-61480-CIV, 2004 WL 7331295 (S.D. Fla. Dec. 21, 2004)...........................................9

**Rules**

Fed. R. Civ. P. 26.............................................................................................................................4

Fed. R. Civ. P. 34...............................................................................................................4, 5, 7, 8

Fed. R. Civ. P. 37...................................................................................................................5, 11

Local Rule 26(g)(2)..................................................................................................................5

Plaintiff/Counterclaim-Defendant SH Group Global IP Holdings, L.L.C. ("SH Group"), pursuant to Local Rule 26.1(g) and Federal Rule of Civil Procedure 37, hereby moves to compel the production of documents from Defendant John P. Bostany ("Bostany") in the above-captioned action (the "Litigation").

## I. INTRODUCTION

Bostany has refused to search for and produce documents that are relevant to many key issues in this case. In particular, SH Group's Requests for Production Nos. 6–7, 13–15, 36 and 39 to Bostany (collectively, the "Requests for Production") seek documents relating to the trademark infringement claims asserted against both Bostany and Defendant 2399 Collins Avenue Condominium Association, Inc. (the "Association"). Bostany has merely objected and refused to even search for such documents on the misplaced grounds that the Association has agreed to search for and produce them. Yet, as SH Group has explained, Bostany, who is the Association's Board President, may also have such documents, or may have documents that the Association does not currently have. Bostany has offered no response to these points and has refused to state that he has no responsive documents.

Moreover, Bostany operated in bad faith and attempted to delay the filing of this Motion to Compel as he initially agreed to amend his responses to the Requests for Production (the "Responses"), but then weeks later reversed course and refused to do so. SH Group has made numerous attempts to work with Bostany to resolve this discovery issue, but to no avail. As a result, SH Group has had no choice but to file this Motion to Compel. Accordingly, SH Group respectfully requests that Bostany be ordered to conduct a reasonable search for and produce any documents that are responsive to the Requests for Production. SH Group also respectfully requests that Bostany be ordered to pay SH Group's reasonable expenses incurred in making this Motion, including its attorneys' fees, pursuant to Federal Rule 37(a)(5)(A).

## II.     FACTUAL BACKGROUND

In this case, SH Group asserts trademark infringement claims against both the Association and its Board President, Bostany, relating to the use of the mark 1 HOMES.  (*See, e.g.*, D.E. 1 ("Compl.") ¶¶ 83–115.)  The trademark claims against Bostany are based not only on Bostany's personal use of infringing trademarks, such as on his LinkedIn page, but also based on Bostany's direction, inducement, and/or control of the Association's infringement.  (*Id.* ¶¶ 45–54.)  SH Group also has asserted against Bostany breach of contract claims based on his and the Association's interference with SH Group's trademark rights, including deriving from the Association's attempt to cancel SH Group's trademark registrations at Bostany's direction.  (*Id.* ¶¶ 58–77.)

On July 9, 2020, SH Group served its First Set of Requests for Production to Bostany.[1] *See* Exhibit 1.  SH Group sought documents regarding the Association, its members and stakeholders, its goods and services provided under infringing trademarks, and its attempt to cancel SH Group's trademark registrations.  *See id.* at 10–12, 14 (Request Nos. Nos. 6–7, 13–15, 33, and 36).  On August 10, 2020, Bostany served his Responses to SH Group's First Set of Requests for Production.  *See* Exhibit 2.  In the Responses, Bostany provided only objections and made no commitment to search for or produce responsive documents.  *Id.* at 4, 7, 14–15.  The common objection to each of the Requests for Production is that the "documents [sought] are not within Bostany's possession, custody, or control."  *Id.*

On August 20, 2020, SH Group's counsel sent a letter to Bostany's counsel raising its concerns about the Responses, among other deficiencies in Defendants' discovery responses.

---

[1]   SH Group also served a separate First Set of Requests for Production to the Association, to which the Association separately responded and which are not at issue in this Motion.

*See* Exhibit 3 at 4. SH Group requested that Bostany "amend his responses to provide substantive responses" to the Requests for Production. *Id.* at 4. Bostany's counsel responded on August 31, 2020, stating that "Mr. Bostany will . . . conduct a reasonable search of his personal records for documents responsive to RFP 6–7, 13–15, 33, and 36 and shall produce non-privileged documents should any exist." Exhibit 4 at 3. In a subsequent email, Bostany's counsel agreed to provide amended responses to the Requests for Production by September 14, 2020. *See* Exhibit 5 at 14; *see also id.* at 13.[2] On the evening of September 14, Bostany's counsel stated in an email that they were "experiencing some unanticipated delays in getting the amended responses to the Requests for Production directed to the Association and Mr. Bostany approved by our clients" and that "[i]n the event we cannot get those to you this evening we will continue our efforts to get them served to you by tomorrow." *Id.* at 6. Counsel for SH Group asked for the reasons for the delay but received no response. *Id.* at 5.

On the evening of September 15, 2020, Bostany served his *amended* Responses to SH Group's First Set of Requests for Production. *See* Exhibit 6. At the bottom of the cover email, Bostany's counsel stated: "Please note that responses to Requests for Production No. 6–7, 13–15, 33 and 36 directed to Mr. Bostany were not amended. Mr. Bostany wishes to maintain his original responses." *Id.* at 1. That same evening, counsel for SH Group emailed Bostany's counsel noting his prior agreement to amend the Responses and requesting that the Responses by amended accordingly. Exhibit 5 at 5. Bostany's counsel did not respond, and SH Group's counsel followed up on September 17. *Id.* at 4. Bostany's counsel responded to that follow up,

---

[2] The correspondence between the parties' counsel also reflects numerous other deficiencies in Defendants' discovery responses, and Defendants' delay tactics as to those issues as well. SH Group is not currently moving as to those other issues, but reserves its rights to do so, including once it receives Defendants' respective document productions as Defendants have not yet produced any documents.

3

reiterating that Bostany would not be amending his Responses. *Id.* at 3–4. In subsequent emails, counsel for SH Group continued to attempt to resolve this issue in order to avoid motion practice. *Id.* at 1–3. For instance, SH Group's counsel asked: "is your position that such documents are not in Mr. Bostany's possession, custody, or control? If that is the case, can you please confirm that there are no documents that are respons[ive] to [the Requests for Production] that are in Mr. Bostany's possession, custody, or control?" *Id.* at 3. Counsel for Bostany did not directly respond do those questions. *Id.* at 2–3. Instead, counsel stated that "Mr. Bostany stands by the objections provided for each response" and that "[t]hese requests are for documents that are all clearly Association records not personal records of Mr. Bostany." *Id.* at 2. In response, on September 18, SH Group's counsel explained:

> As the Association's Board President, Mr. Bostany presumably would have these documents as well. It is possible that Mr. Bostany could have documents that the Association does not have. We have no way of knowing. The simple solution here, and what is required under the Federal Rules, is for Mr. Bostany to agree to search for and produce any responsive documents that are in his possession, custody, or control. We understand from your below response that he is refusing to do so.

*Id.* at 1. Bostany's counsel did not respond.

### III.   ARGUMENT

#### A.   Legal Standard

A party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In turn, Federal Rule 34 allows any party to request the production of "any designated documents or electronically stored information" that is "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). The party responding to discovery requests bears the burden of establishing a basis for resisting production. *See, e.g., Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681 (S.D. Fla.

4

2011) (noting that court could grant motion to compel "solely based on [discovery respondent's] procedurally inadequate objections"). "When a party 'fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34,' the requesting party can move for an order compelling production." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 15-CV-1185-ORL-22-TBS, 2016 WL 1637277, at *1 (M.D. Fla. Apr. 25, 2016) (quoting Fed. R. Civ. P. 34(b)(2)(B)); *see also* Fed. R. Civ. P. 37(a)(3)(B)(iv). Moreover, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

      **B.    Bostany Should Be Required to Produce Documents Responsive to the Requests for Production.**

Pursuant to Local Rule 26(g)(2), below SH Group provides (1) the Requests for Production, (2) Bostany's objections and stated grounds for not producing responsive documents, and (3) the reasons that Bostany should be compelled to produce responsive documents.

**SH Group's Requests for Production:** The Requests for Production at issue in this Motion to Compel are as follows:

> **Request No. 6:** "DOCUMENTS sufficient to show all investors, shareholders, stakeholders, condominium association members, BOARD members, or others having an interest in the ASSOCIATION, the ASSOCIATION'S GOODS AND SERVICES, and/or the ASSOCIATION'S CLAIMED MARK."[3]

---

[3] Terms that appear in all capital letters are defined in SH Group's First Set of Requests for Production. *See* Exhibit 1. For instance, the term "ASSOCIATION'S CLAIMED MARK" "means and refers to 1 HOMES, as well as any other mark to which the ASSOCIATION claims rights that includes the term '1,' including but not limited to, any accompanying design elements." *Id.* at 2. The term "ASSOCIATION'S GOODS AND SERVICES" "means and refers to" various goods and services specified in the Association's pending trademark applications "and any other goods or services that the ASSOCIATION has made, sold, offered for sale, licensed, or distributed, or intends to make, sell, offer for sale, license,

**Request No. 7:** "DOCUMENTS sufficient to show the founding or formation of the ASSOCIATION and the scope of its authority."

**Request No. 13:** "DOCUMENTS sufficient to show all annual sales for the ASSOCIATION'S GOODS AND SERVICES in the United States."

**Request No. 14:** "DOCUMENTS sufficient to show all annual expenditures by the ASSOCIATION in connection with advertising, promoting, and/or marketing the ASSOCIATION'S GOODS AND SERVICES and/or the ASSOCIATION'S CLAIMED MARK."

**Request No. 15:** "All DOCUMENTS CONCERNING or REFERRING OR RELATING TO any MARKET RESEARCH or SURVEY CONCERNING or REFERRING OR RELATING TO the ASSOCIATION'S CLAIMED MARK, the term '1,' and/or SH GROUP'S MARKS in the United States."

**Request No. 33:** "All DOCUMENTS CONCERNING or REFERRING OR RELATING TO any profits earned by the ASSOCIATION from the sale of goods and services under the ASSOCIATION'S CLAIMED MARK in the United States."

**Request No. 36:** "All DOCUMENTS referenced, relied upon or otherwise consulted in preparing the PETITION FOR CANCELLATION."

**Bostany's Objections:** In response to each of the Requests for Production, Bostany stated that he "objects to this request as it seeks documents that are not within Bostany's possession, custody, or control." Exhibit 2 at 4, 7, 14–15. Bostany did not state affirmatively whether or not documents would be searched for and produced. Thereafter, Bostany's counsel stated that "Mr. Bostany will . . . conduct a reasonable search of his personal records for documents responsive to [the Requests for Production] and shall produce non-privileged documents should any exist." Exhibit 4 at 3. Nevertheless, Bostany subsequently changed course, reiterated his prior objections, and refused to amend his Responses and to search for and produce documents. *See* Exhibit 6 at 1; *see also* Exhibit 5 at 2. Bostany's counsel further stated

---

or distribute, in the United States using a trademark that includes the term '1,' including, but not limited to, '1 HOMES.'" *Id.*

that "[t]hese requests are for documents that are all clearly Association records not personal records of Mr. Bostany" and that "the Association has agreed to search and produce documents as provided in its response to each request [to the Association]."  Exhibit 5 at 2.

**Reasons Supporting this Motion to Compel**: Bostany's Responses are deficient for two reasons: (1) they do not clearly state whether or not documents are being withheld, and thus violate Federal Rule 34, and (2) the fact that the Association may also have some responsive documents does not absolve Bostany from searching his own records and producing all responsive documents in his possession, custody or control.  Bostany's refusal to search for and produce responsive documents prejudices SH Group as Bostany may have documents that the Association does not have, including for instance his own personal notes, drafts of documents he created or edited, and/or marked up copies of responsive documents.  Bostany also may have documents that the Association previously had, but have not been maintained, or otherwise were not included in or captured by the Association's search for documents.  Moreover, even if Bostany has the same documents as the Association, such production would confirm Bostany's personal knowledge of certain information, which is relevant to SH Group's claims that he directed, induced, and/or controlled the Association's infringement and interference with SH Group's trademark rights.  (*See* Compl. ¶¶ 2, 5, 46–47, 57.)

        **1.**     **Bostany's Failure to State Whether He Is Withholding Responsive Documents Violates Federal Rule 34.**

*First*, Bostany's Responses to the Requests for Production are deficient because they merely provide objections and fail to clearly state whether responsive documents are being withheld.  Federal Rule 34 provides that any objection to a request for production "must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P.

34(b)(2)(C). Moreover, the 2015 Committee Notes on Rule 34 state: "The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection." Fed. R. Civ. P. 34, Committee Notes on Rules—2015 Amendment. Accordingly, courts have granted motions to compel the production of documents in the face of deficient responses, finding that "[t]he rules require Defendant to state whether responsive information is being withheld on the basis of a specific objection. Defendant has not complied with this requirement. If Defendant has responsive information, it must produce it." *LLB Convenience & Gas, Inc. v. Se. Petro Distribs., Inc.*, No. 18-CV-914-ORL-40TBS, 2019 WL 1586732, at *4 (M.D. Fla. Apr. 12, 2019) (granting plaintiff's motion to compel); *see also Catchplay Inc. (Cayman) v. Studio Sols. Grp., Inc.*, No. CV 12-7525 GW(JCX), 2013 WL 12137107, at *5 (C.D. Cal. June 17, 2013) (granting motion to compel and ordering that amended responses "reflect that [defendant] conducted 'a diligent search and reasonable inquiry' within the time frame set forth below"). Only if the responding party indicates that "after a reasonable inquiry, no documents exist that are responsive to the request, then their obligations under the Federal Rules are satisfied and the Court can compel nothing more." *In re Porsche Cars N. Am., Inc.*, No. 11-md-2233, 2012 WL 4361430, at *9 (S.D. Ohio Sept. 25, 2012). Here, Bostany's Responses provide only objections and Bostany has not agreed to conduct a reasonable search for responsive documents. The Responses are thus facially deficient and Bostany should conduct a reasonable search for responsive documents.

    **2.** **The Association's Discovery Responses Do Not Excuse Bostany From Conducting a Reasonable Search for Responsive Documents.**

 *Second*, Bostany cannot deflect his own discovery obligations by pointing to the Association's separate discovery responses. The requesting party's possession of a document

through its own course of business or discovery from another party has no bearing on the responding party's obligation to produce relevant materials. *See LLB Convenience*, 2019 WL 1586732, at *4 ("That Plaintiff may already be in possession of the information is irrelevant to Defendant's duty to produce documents that are responsive, relevant and proportional to the needs of the case."); *Miccosukee Tribe of Indians of Fla. v. Cypress*, No. 12-22439-CIV, 2013 WL 10740706, at *5 (S.D. Fla. June 28, 2013) (finding that even though party may have documents from another party in the case, it still must produce responsive documents). Where a request for production to an individual requests only documents "in his possession" and the "failure to meet this obligation prompt[s] in large part, plaintiffs' motion to compel," granting a motion to compel is the proper remedy to correct the discovery deficiency. *Moore v. Chertoff*, 577 F. Supp. 2d 165, 168 (D.D.C. 2008) (overruling defendant's objection to the magistrate judge's grant of a motion to compel where defendant erroneously argued that the requests required the production of documents not in defendant's possession).

Here, the Requests for Production properly seek documents in Bostany's possession, custody, or control, pursuant to Federal Rule 34(a)(1). While such documents also may be in the possession, custody, or control of the Association, that does not excuse Bostany from also searching for and producing responsive documents. *See Waste Corp. of Am. v. Genesis Ins. Co.*, No. 03-61480-CIV, 2004 WL 7331295, at *2 (S.D. Fla. Dec. 21, 2004) (permitting discovery of additional information that is "related to, or might overlap with" other discovery in the case). Bostany is the Association's Board President and SH Group has alleged that he directed, induced, and/or controlled the Association's trademark infringement and interference with SH Group's trademark rights. (*See, e.g.*, Compl. ¶¶ 44–57.) Thus, it is likely that Bostany himself would have responsive documents concerning the Association and its stakeholders, its use of and

9

sales under the infringing marks, and documents relied upon in preparing the petition to cancel SH Group's trademark registrations. *See* Exhibit 1 at 10–12, 14 (Request Nos. 6–7, 13–15, 33, and 36). This may include Bostany's own notes and marked up copies, emails (including sent and received from his personal email addresses), and more. Bostany also may have documents that the Association previously had, but has not maintained, or documents that may not be included in the Association's searches, all of which would provide valuable information as to the adequacy of Defendants' document preservation, collection, and production efforts, pursuant to Federal Rule 37. Without an order compelling Bostany to search for and produce responsive documents, SH Group will have no way of knowing whether responsive documents exist and are being withheld. *See U. S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) ("Modern instruments of discovery serve a useful purpose . . . [and] together with pretrial procedures make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.") (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Moreover, the fact that Bostany possesses responsive documents also may shed light on his role in the Association's infringement and interference with SH Group's trademark rights. Bostany's ongoing failure to even search for responsive documents, necessitating this Motion, is completely unjustified.

### IV.   CONCLUSION

For the foregoing reasons, SH Group respectfully requests that the Court enter an order requiring Bostany to search for and produce all documents that are response to the Requests for Production, to award SH Group its reasonable expenses incurred relating to this Motion (including attorneys' fees),[4] and for all such other relief as the Court deems just and proper.

---

[4]   *See Cuervo v. Airport Servs., Inc.*, No. 12-20608-CIV, 2014 WL 12802522, at *4 (S.D. Fla. Mar. 4, 2014) ("[T]he Court *must* order [the losing party] and/or its counsel to pay [the

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(3)**

Pursuant to Local Rule 7.1 and Federal Rule 37, undersigned counsel certifies that SH Group has conferred with Bostany's counsel in a good faith effort to resolve the issues raised by this motion without Court involvement, but the parties have been unable to resolve these matters on their own.

---

winning party's] reasonable expenses (including attorney's fees) relating to the motion, unless the Court finds that [the losing party's] position was substantially justified, or there are other circumstances that make an award of expenses unjust.") (emphasis in original) (citing Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii)).

Dated: October 1, 2020    Respectfully submitted,

*/s/ Gavin C. Gaukroger*
Gavin C. Gaukroger
Fla. Bar. No. 76489
Christina M. Perry
Fla. Bar. No. 1003098
**BERGER SINGERMAN LLP**
350 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
Email: ggaukroger@bergersingerman.com
Email: cperry@bergersingerman.com
Email: DRT@bergersingerman.com

DALE M. CENDALI
(admitted *pro hac vice*)
CLAUDIA RAY
(admitted *pro hac vice*)
SHANTI SADTLER CONWAY
(admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel. (212) 446-4800
Fax (212) 446-6460
Email: dale.cendali@kirkland.com
Email: claudia.ray@kirkland.com
Email: shanti.conway@kirkland.com

*Attorneys for Plaintiff/Counterclaim-Defendant*

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on October 1, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF which will send notice of electronic filing to all counsel of record.

By: */s/ Gavin C. Gaukroger*
Gavin C. Gaukroger