# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:20-cv-22423-UU

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,

    Plaintiff,

v.

2399 COLLINS AVENUE CONDOMINIUM
ASSOCIATION, INC. and JOHN P. BOSTANY,

    Defendants.

**PLAINTIFF SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S**
**FIRST SET OF REQUESTS FOR PRODUCTION TO**
**<u>DEFENDANT JOHN P. BOSTANY</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida, Plaintiff SH Group Global IP Holdings, L.L.C. ("SH Group") hereby requests that Defendant John P. Bostany ("Bostany") produce for examination, inspection and copying by SH Group, its attorneys or others acting on its behalf, the documents and things set forth below at the offices of SH Group's attorneys, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, no later than thirty (30) days after service of these requests.

**<u>DEFINITIONS</u>**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these requests, the words set forth below shall be defined as follows:

1. The term "AGREEMENT(S)" means and refers to the PURCHASE AGREEMENT, DECLARATION OF CONDOMINIUM, RESORT COVENANTS, PROSPECTUS and BUYER'S ACKNOWLEDGEMENT.

2. The term "ASSOCIATION" means and refers to the Defendant 2399 Collins Avenue Condominium Association, Inc. in this LITIGATION.

3. The term "ASSOCIATION'S CLAIMED MARK" means and refers to 1 HOMES, as well as any other mark to which the ASSOCIATION claims rights that includes the term "1," including, but not limited to, any accompanying design elements.

4. The term "ASSOCIATION'S GOODS AND SERVICES" means and refers to "Building management; Real estate services, namely, condominium management services"; "mugs; glasses; and tea kettles"; "home goods, namely, beach towels, throws and blankets"; "stuffed animals and plush toys"; "hats; shirts"; and any other goods or services that the ASSOCIATION has made, sold, offered for sale, licensed, or distributed, or intends to make, sell, offer for sale, license, or distribute, in the United States using a trademark that includes the term "1," including, but not limited to, "1 HOMES."

5. The term "BOARD" means and refers to the governing board of directors and officers of the ASSOCIATION.

6. The terms "BOSTANY" or "YOU" means and refers to the Defendant John P. Bostany in this LITIGATION.

7. The term "BOSTANY'S ADMISSIONS" means and refers to BOSTANY's Responses to SH GROUP's First Set of Requests for Admission, and any subsequent, amended, or supplemental responses to requests for admission by BOSTANY.

8. The term "BOSTANY'S INITIAL DISCLOSURES" means and refers to the Initial Disclosures served by BOSTANY on SH GROUP in this LITIGATION and any subsequent, amended, or supplemental disclosures by BOSTANY.

9. The term "BOSTANY'S INTERROGATORY RESPONSES" means and refers to BOSTANY'S Responses to SH Group's First Set of Interrogatories to BOSTANY and any subsequent, amended, or supplemental interrogatory responses by BOSTANY.

10. The term "BUYER'S ACKNOWLEDGEMENT" means and refers to the contract executed by BOSTANY and dated January 21, 2014, as further described in Paragraphs 41–42 of the Complaint in this LITIGATION.

11. The term "COMMUNICATION" should be construed in the broadest possible sense to mean and refer to all forms of contact, oral, electronic, or written, formal or informal, direct or indirect, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted, transferred, recorded, or transcribed.

12. The terms "CONCERNING" and "REFERRING OR RELATING TO" should be construed in the broadest possible sense to mean referring, regarding, containing, identifying, monitoring, constituting, reflecting, embodying, comprising, stating, dealing with, commenting on, responding to, analyzing, describing, consisting of, discussing, evidencing, mentioning, pertaining to, citing, summarizing, or bearing any logical or factual connection with the matter discussed, as these terms are understood in the broadest sense.

13. The term "DECLARATION OF CONDOMINIUM" means and refers to the contract titled "Declaration of 2399 Collins Avenue Condominium" and dated December 24, 2014, as further described in Paragraphs 32–33 of the Complaint in this LITIGATION.

14. The term "DOCUMENT(S)" should be construed in the broadest possible sense to mean and refer to any written, printed, typed, recorded or graphic matter, however produced, reproduced or stored, including, but not limited to, the originals and all non-identical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody or control of YOU including, but not limited to, contracts, letter agreements, e-mails, text messages (SMS, MMS, or TMS), bulletin board programs, chat rooms, intranet sites, voicemail and data stored on voice-mail systems, social networking sites, electronically stored information, records, correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, all web-based media, photographs, corporate minutes, BOARD meeting minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, spreadsheets, microfiche, microfilm, notices, reports, recitals, statements, worksheets, abstracts, resumes, outlines, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, calendar appointments and invitations, expense reports, computer printouts and other computer readable records, and all drafts or modifications thereof.  Any such DOCUMENT bearing on any sheet or part thereof any marks such as initials, stamped indices, comments, track changes or notations or any character or characters which are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT.  Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENT(S)," such tangible item shall be produced.

15. The term "LITIGATION" means and refers to the litigation between SH GROUP on the one hand, and the ASSOCIATION and BOSTANY on the other hand, in the District Court for the Southern District of Florida, Case No. 1:20-cv-22423-UU.

16. The term "MARKET RESEARCH" means and refers to any type of research, study, survey or analysis of PERSONS, consumers or potential consumers of a product or potential product including, but not limited to, focus groups, consumer surveys, market analyses, behavioral analyses and consumer research.

17. The term "PERSON" means and refers to any natural person, firm, corporation, partnership, group, association, governmental entity or business entity.

18. The term "PETITION FOR CANCELLATION" means and refers to the Petition for Cancellation filed by the ASSOCIATION on December 31, 2019, including any amendments thereto.

19. The term "PROSPECTUS" means and refers to the contract titled "Prospectus for 2399 Collins Avenue Condominium" with an effective date of August 2013, as further described in Paragraphs 38–39 of the Complaint in this LITIGATION.

20. The term "PURCHASE AGREEMENT" means and refers to the contract executed by BOSTANY and dated January 21, 2014, as further described in Paragraphs 26–31 of the Complaint in this LITIGATION.

21. The term "RESORT COVENANTS" means and refers to the contract titled "Declaration of Covenants, Restrictions, and Easements" and dated December 26, 2014, as further described in Paragraphs 35–36 of the Complaint in this LITIGATION.

22. The term "SH GROUP" means and refers to the Plaintiff SH Group Global IP Holdings, L.L.C. in this LITIGATION.

23. The term "SH GROUP'S MARKS" means and refers to the 1 HOTEL & HOMES Marks, as defined in Paragraph 1 of the Complaint in this LITIGATION, including without limitation the SH Group Registered Marks, as defined in Paragraph 21 of the Complaint in this LITIGATION.

24. The term "SH GROUP'S GOODS AND SERVICES" means and refers to all goods or services that SH GROUP has made, sold, offered for sale, licensed, or distributed in connection with SH GROUP'S MARKS, including but not limited to goods and services related to hotels, residences, resorts, restaurants, spas, fitness centers, and event spaces.

25. The term "SURVEY" means and refers to any trademark search, survey, investigation, MARKET RESEARCH, market study, focus group, poll, or similar activity.

26. The term "TTAB PROCEEDING" means and refers to Cancellation No. 92,073,091 before the Trademark Trial and Appeal Board between SH GROUP and the ASSOCIATION.

27. The term "USPTO" means and refers to the United States Patent and Trademark Office.

28. "Including" shall be construed to mean "including without limitation." "Including" is used to emphasize certain examples and should not be construed as limiting the request in any way.

29. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of a request any information or DOCUMENTS which otherwise would not be brought within its scope.

30. "Any" and "all" are mutually interchangeable and are meant to encompass each other.

31. The singular includes the plural and vice versa.

32. The past tense shall be construed to include the present tense and vice versa.

## INSTRUCTIONS

1. These requests are intended to cover all DOCUMENTS in YOUR possession, custody or control, whether located at any of YOUR offices or residences, or at the offices of YOUR successors or assigns, agents, employees, representatives, attorneys, assistants, or others, or at any other place. If any DOCUMENT was, but is no longer, in YOUR possession or subject to YOUR control, or in existence, state whether it (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others (and if so, to whom); or (d) has been disposed of in some other manner. If YOU have reason to believe a responsive DOCUMENT is in the possession of a third party, state (w) the basis for this belief; (x) the party believed to be in possession of the responsive DOCUMENT(S); (y) where YOU believe the responsive DOCUMENT(S) may be located; and (z) other information as is sufficient to identify the DOCUMENT(S) for a subpoena *duces tecum*.

2. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

3. If in responding to these requests, YOU in good faith believe YOU encounter any ambiguity, YOU shall set forth the matter deemed ambiguous with specificity and the specific construction used in responding.

4. The production should include every DOCUMENT defined above known to YOU and every such DOCUMENT, which can be located or discovered by reasonably diligent efforts by YOU.

7

5. If any of the requested DOCUMENTS cannot be disclosed or produced in full, produce the DOCUMENTS to the extent possible, and specify YOUR reasons for YOUR inability to produce the remainder, stating whatever information, knowledge or belief YOU have CONCERNING the unproduced portions.

6. If any of the DOCUMENTS requested below are claimed to be privileged or are otherwise withheld, YOU are requested to provide a privilege log which identifies: (a) the basis for asserting the claim of privilege, and the precise ground on which the DOCUMENT is withheld; (b) the type of DOCUMENT; (c) the identity of the DOCUMENT'S author(s) and its addressee(s), and every PERSON who prepared or received the DOCUMENT or any portion thereof; (d) the relationship of its author(s) and its addressee(s); (e) the title and other identifying data of the DOCUMENT; (f) the date of the DOCUMENT; (g) the general subject matter of the DOCUMENT and/or any attachment(s) to the DOCUMENT; (h) the number of pages comprising the DOCUMENT; and (i) whether the DOCUMENT is typewritten or handwritten.

7. If a DOCUMENT responsive to a request has been lost or destroyed, it should be identified as follows: (a) preparer; (b) addressor (if different); (c) addressee; (d) each recipient and each PERSON to whom distributed or shown; (e) date prepared; (f) date transmitted (if different); (g) date received; (h) description of contents and subject matter; (i) date of destruction; (j) manner of destruction; (k) name, title and address of the PERSON who directed that the DOCUMENT be destroyed; (l) the PERSON who destroyed the DOCUMENT (if different); (m) the reason for the DOCUMENT'S destruction; (n) the names of PERSONS having knowledge of the destruction; and (o) a full description of the efforts made to locate the DOCUMENT.

8. The DOCUMENTS or other things responsive to the requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the request to which they are responsive.

9. All electronically stored information responsive to a request shall be produced in TIFF format with all corresponding metadata and any extracted character or character recognition information. In addition, SH GROUP reserves the right to request particular electronically stored information in another format, including native file format.

10. Any DOCUMENT responsive to a request should be produced in and with a file folder and other DOCUMENT (*e.g.*, envelope, file cabinet marker) in or with which the DOCUMENT was located when this request was served.

11. All pages of any DOCUMENT(s) now stapled or fastened together should be produced stapled or fastened together.

12. If it is otherwise not possible to produce any DOCUMENT called for by any request, or if any part of any request is objected to, the reasons for the objection should be stated with specificity as to all grounds.

13. For the convenience of the Court and the parties, each request should be quoted in full immediately preceding the response thereto.

14. These requests for DOCUMENTS and things shall be deemed continuing and require further and supplemental production by YOU as and whenever YOU acquire, make or locate additional DOCUMENTS or things between the time of the initial production and the time of final judgment in this action, as required by Rule 26(e) of the Federal Rules of Civil Procedure.

**DOCUMENTS TO BE PRODUCED**

1. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO YOUR and/or the ASSOCIATION's consideration, selection and clearance of the ASSOCIATION'S CLAIMED MARK, and any alternatives of the ASSOCIATION'S CLAIMED MARK, in the United States, including but not limited to, searches, investigations, SURVEYS, MARKET RESEARCH, studies, research, polls, reports and opinions that the YOU or the ASSOCIATION has ever conducted, received, requested, or seen.

2. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO YOUR and/or the ASSOCIATION's consideration, selection and clearance of any mark or term incorporating the term "1" in the United States, including but not limited to, searches, investigations, SURVEYS, MARKET RESEARCH, studies, research, polls, reports, and opinions that YOU or the ASSOCIATION has ever conducted, received, requested, or seen.

3. All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO the decision to adopt the ASSOCIATION'S CLAIMED MARK.

4. All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO the ASSOCIATION's applications before the USPTO, or any other application within the United States, for the ASSOCIATION'S CLAIMED MARK.

5. All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO YOUR and/or the ASSOCIATION's knowledge of SH GROUP, SH GROUP'S MARKS, and/or SH GROUP'S GOODS AND SERVICES.

6. DOCUMENTS sufficient to show all investors, shareholders, stakeholders, condominium association members, BOARD members, or others having an interest in the

ASSOCIATION, the ASSOCIATION'S GOODS AND SERVICES, and/or the ASSOCIATION'S CLAIMED MARK.

7. DOCUMENTS sufficient to show the founding or formation of the ASSOCIATION and the scope of its authority.

8. All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO the relatedness or lack of relatedness between SH GROUP'S GOODS AND SERVICES on the one hand and the ASSOCIATION'S GOODS AND SERVICES on the other hand.

9. All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO the similarity or lack of similarity between SH GROUP'S MARKS on the one hand and the ASSOCIATION'S CLAIMED MARK on the other hand.

10. All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO YOUR and/or the ASSOCIATION's actual, planned or contemplated use of the ASSOCIATION'S CLAIMED MARK or any other use of the term "1" in the United States.

11. All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO any other PERSON's actual, planned or contemplated use of the ASSOCIATION'S CLAIMED MARK or any other use of the term "1" in connection with real estate or related goods and services in the United States.

12. All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO the ASSOCIATION's advertising, marketing or promotion of the ASSOCIATION'S GOODS AND SERVICES.

11

13. DOCUMENTS sufficient to show all annual sales for the ASSOCIATION'S GOODS AND SERVICES in the United States.

14. DOCUMENTS sufficient to show all annual expenditures by the ASSOCIATION in connection with advertising, promoting, and/or marketing the ASSOCIATION'S GOODS AND SERVICES and/or the ASSOCIATION'S CLAIMED MARK.

15. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO any MARKET RESEARCH or SURVEY CONCERNING or REFERRING OR RELATING TO the ASSOCIATION'S CLAIMED MARK, the term "1," and/or SH GROUP'S MARKS in the United States.

16. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO instances of actual or potential consumer confusion between the SH GROUP'S MARKS on the one hand, and the ASSOCIATION'S CLAIMED MARK on the other hand.

17. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO instances of actual or potential consumer confusion between SH GROUP'S GOODS AND SERVICES on the one hand, and the ASSOCIATION'S GOODS AND SERVICES on the other hand.

18. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO any expert witnesses in this proceeding.

19. All COMMUNICATIONS identified in Federal Rule of Civil Procedure 26(b)(4)(C)(i)–(iii).

20. All COMMUNICATIONS between or among the ASSOCIATION and YOU CONCERNING or REFERRING OR RELATING TO SH GROUP'S MARKS.

21. All COMMUNICATIONS between or among the ASSOCIATION and YOU CONCERNING or REFERRING OR RELATING TO the ASSOCIATION'S CLAIMED MARK.

22. All COMMUNICATIONS between or among the ASSOCIATION and YOU CONCERNING or REFERRING OR RELATING TO the TTAB PROCEEDING.

23. All COMMUNICATIONS between or among the ASSOCIATION and YOU CONCERNING or REFERRING OR RELATING TO this LITIGATION.

24. All DOCUMENTS on which YOU intend to rely to support YOUR claims and defenses in this LITIGATION.

25. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO contracts or agreements REFERRING OR RELATING TO SH GROUP's trademarks and/or intellectual property, including but not limited to SH GROUP'S MARKS.

26. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the domain http://www.1homesmiami.com or any other domain or website owned, operated or controlled by YOU or the ASSOCIATION containing the term "1."

27. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the use, challenge of, or interference with SH GROUP'S MARKS under the AGREEMENTS.

28. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO any meeting convened by the ASSOCIATION or among its members, including but not limited to meetings of the BOARD, CONCERNING or REFERRING OR RELATING TO the ASSOCIATION'S CLAIMED MARK, SH GROUP'S MARKS, the TTAB PROCEEDING, and/or this LITIGATION, including but not limited to any meeting minutes and notes.

29. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the ASSOCIATION's contention that it has the right to use and register the ASSOCIATION'S CLAIMED MARK.

30. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the factual and legal basis for the claim in Paragraph 2 of the PETITION FOR CANCELLATION that "Petitioner has used the mark in commerce in connection with such services since at least as early as December 31, 2018."

31. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the meaning of the ASSOCIATION'S CLAIMED MARK and each term included therein (*i.e.*, "1" and "HOMES").

32. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO any profits earned by the ASSOCIATION from the sale of goods and services under the ASSOCIATION'S CLAIMED MARK in the United States.

33. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO this LITIGATION.

34. All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the TTAB PROCEEDING.

35. All DOCUMENTS referenced, relied upon or otherwise consulted in preparing the PETITION FOR CANCELLATION.

36. All DOCUMENTS referenced, relied upon or otherwise consulted in preparing BOSTANY'S INTERROGATORY RESPONSES.

37. All DOCUMENTS referenced, relied upon or otherwise consulted in preparing BOSTANY'S ADMISSIONS.

38. All DOCUMENTS referenced, relied upon or otherwise consulted in preparing BOSTANY'S INITIAL DISCLOSURES.

39. All DOCUMENTS referenced in BOSTANY'S INTERROGATORY RESPONSES.

40. All DOCUMENTS referenced in BOSTANY'S INITIAL DISCLOSURES.

41. DOCUMENTS sufficient to show the YOUR document retention, collection, and production efforts in connection with this LITIGATION.

42. All DOCUMENTS produced by any third party in response to any subpoena the ASSOCIATION or BOSTANY serves in this LITIGATION.

43. All DOCUMENTS on which YOU intend to rely at any hearing or at trial in this LITIGATION.

Dated: July 9, 2020

          */s/ Dale M. Cendali*
DALE M. CENDALI
(admitted *pro hac vice*)
CLAUDIA RAY
(admitted *pro hac vice*)
SHANTI SADTLER CONWAY
(admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel. (212) 446-4800
Fax (212) 446-6460
Email: dale.cendali@kirkland.com
Email: claudia.ray@kirkland.com
Email: shanti.conway@kirkland.com

Gavin C. Gaukroger
Fla. Bar. No. 76489
Christina M. Perry
Fla. Bar. No. 1003098
**BERGER SINGERMAN LLP**
350 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
Email: ggaukroger@bergersingerman.com
Email: cperry@bergersingerman.com
Email: DRT@bergersingerman.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, I caused a true and correct copy of the foregoing **PLAINTIFF SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT JOHN P. BOSTANY** to be served via email upon the following individuals:

>Brian R. Gilchrist
>Stephanie Vazquez
>Allen, Dyer, Doppelt + Gilchrist, PA
>255 South Orange Avenue, Suite 1401
>Orlando, Florida 32801
>bgilchrist@allendyer.com
>svazquez@allendyer.com
>
>*Counsel for Defendants*

Dated: July 9, 2020            */s/ Dale M. Cendali*
                    Dale M. Cendali