# EXHIBIT 3

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Shanti Sadtler Conway
To Call Writer Directly:
+1 212 446 5933
shanti.conway@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

August 20, 2020

**Via Electronic Mail**

Brian R. Gilchrist
Allen, Dyer, Doppelt + Gilchrist, PA
255 South Orange Avenue
Suite 1401
Orlando, Florida 32801

Re:   *SH Group Global IP Holdings L.L.C. v. 2399 Collins Avenue Condominium Association, Inc.*, No. 1:20-cv-22423-UU

Dear Brian:

We write regarding Defendants 2399 Collins Avenue Condominium Association, Inc. (the "Association") and John P. Bostany's ("Bostany") (collectively, "Defendants') respective responses, dated August 10, 2020 ("Responses"), to SH Group Global IP Holdings, L.L.C.'s ("SH Group") First Set of Requests for Admission ("RFAs"), First Set of Requests for Production ("RFPs"), and First Set of Interrogatories ("Interrogatories") (collectively, the "Requests") in the above-referenced action. As detailed below, Defendants' Responses contain improper objections and insufficient responses. Accordingly, please serve amended Responses by **August 27, 2020 at 12:00 pm EST**, consistent with Defendants' obligations under the Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the Southern District of Florida. If Defendants intend to refuse to appropriately supplement any of the Responses, please let me know when you are available for a meet and confer this week or early next week.

## I.   DEFENDANTS' "GENERAL OBJECTIONS" TO THE INTERROGATORIES ARE IMPROPER.

*First*, Defendants propound and appear to rely on a number of "General Objections" in response to SH Group's First Set of Interrogatories. In a number of these objections, Defendants object to all of the Interrogatories without specifying to which Interrogatory, if any, the objection actually applies. These boilerplate general objections are highly disfavored in this District and Defendants' reliance thereupon is improper. *See Chavez v. Mercantil Commercebank, N.A.*, No. 10- 23244-CIV-Ungaro/Simonton, 2011 WL 1135005, at *2 (S.D. Fla. Mar. 28, 2011)

## KIRKLAND & ELLIS LLP

Brian R. Gilchrist
August 20, 2020
Page 2

(Simonton, J.) (overruling general objections and stating that "[n]onspecific, boilerplate objections do not comply with U.S. Southern District of Florida Local Rule 26.1(g)(3)(A),[1] which provides, 'Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds'"); *see also Argiro v. Lan Airlines*, No. 13-61848-CIV, 2013 WL 12120549, at *1 (S.D. Fla. Dec. 12, 2013) (Snow, J.) ("the parties shall not make nonspecific, boilerplate objections").  Defendants' reference to these general objections at the beginning of every Interrogatory Response, and statement that their responses are "[s]ubject to and without waiving such objections," makes it unclear as to what extent, if any, Defendants' Responses are limited by any particular objection.  (*See generally* Association's Responses to the First Set of Interrogatories; Bostany's Responses to the First Set of Interrogatories.)  The Southern District of Florida has expressly condemned this form of discovery response:

> Parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the court.  Further, such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered.

*Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008) (Brown, J.); *Cornette v. I.C. Sys., Inc.*, No. 16-24454-CIV, 2017 WL 10398533, at *2 (S.D. Fla. Aug. 7, 2017) (Torres, J.) ("the oft-used 'boilerplate objections' and 'generalized responses, [] are improper and discouraged"); *UBS Fin. Servs., Inc. v. Bounty Gain Enters., Inc.,* No. 14-81603-CIV, 2016 WL 446556, at *3 (S.D. Fla. Feb. 2, 2016) (Matthewman, J.) ("the 'answer + objection' formula is not an acceptable form for an answer to an interrogatory" as the objections "preserve nothing, constitute a waste of time and effort of the parties and the Court, and leave [the requesting party] uncertain as to whether the Interrogatories have been fully answered")

Accordingly, SH Group requests that the Defendants amend their respective Responses to the Interrogatories to eliminate these broad, boilerplate "General Objections" and purported reliance thereon, and clarify to what extent Defendants are refusing to respond to each Interrogatory and on what basis.

---

[1] Local Rule 26.1(g)(3)(A) subsequently was renumbered and is now Local Rule 26.1(e)(2)(A).

## KIRKLAND & ELLIS LLP

Brian R. Gilchrist
August 20, 2020
Page 3

### II. DEFENDANTS' OBJECTIONS TO THE RFAS AS CALLING FOR LEGAL CONCLUSIONS ARE IMPROPER.

*Second*, in response to numerous of the RFAs, Defendants object that the RFAs seek a "legal conclusion." Defendants appear to rely on such objections in an improper attempt to avoid admitting 50 RFAs. (*See* Association's Responses to RFA Nos. 2–3, 18–38, 89–90; Bostany's Responses to RFA Nos. 4, 6, 21–41, 93–94.)

Such objections and responses are contrary to the Federal Rules and case law. Federal Rule of Civil Procedure 36(a)(1)(A) specifically permits requests for admission of "facts, the application of law to fact, or opinions about either." Federal Rule 36 also clearly states that "[a] party must not object solely on the ground that the request presents a genuine issue for trial." As SH Group's requests do not seek bare legal conclusions and "statements or opinions of fact or of the application of law to fact are appropriate responses to admissions requests under Rule 36," Defendants' objections are baseless. *Treister v. PNC Bank*, No. 05-23207-CIV, 2007 WL 521935, at *2 (S.D. Fla. Feb. 15, 2007) (overruling an objection to an RFA stating that the request "calls for a legal conclusion").

For example, RFA No. 2 to the Association asked: "Admit that the ASSOCIATION did not use the ASSOCIATION'S CLAIMED MARK in U.S. commerce prior to December 31, 2018." Similarly, RFA No. 6 to Bostany asked: "Admit that SH GROUP used the term '1' in U.S. commerce, including but not limited to in SH GROUP'S MARKS, prior to the ASSOCIATION's first use of the ASSOCIATION'S CLAIMED MARK." In response to each RFA, Defendants state that they "object[] to this request on the ground that the request seeks admission of a legal conclusion regarding an ultimate issue in the case" and proceede to deny the request. (*See also* Association's Responses to RFA Nos 3, 18–38, 89–90; Bostany's Responses to RFA Nos. 4, 21–41, 93–94.) Because the RFAs do not require Defendants to admit pure questions of law, as opposed to the application of facts to the law or simply facts such as which party used a term first, Defendants' objections and denials based thereon are improper.

Accordingly, SH Group requests that Defendants withdraw their misplaced objections and substantively answer RFA Nos. 2–3, 18–38, 89–90 to the Association, and RFA Nos. 4, 6, 21–41, 93–94 to Bostany.

### III. DEFENDANTS FAIL TO PROVIDE SUBSTANTIVE RESPONSES TO NUMEROUS REQUESTS.

*Third*, in an apparent attempt to avoid responding to SH Group's Requests, Defendants fail to provide substantive answers. Defendants have no adequate basis for such refusals.

**KIRKLAND & ELLIS LLP**

Brian R. Gilchrist
August 20, 2020
Page 4

### (a)   Bostany's Responses

Bostany's responses to SH Group's Interrogatories and RFPs contain multiple instances where he provides no substantive response to the Requests. (*See* Bostany's Responses to Interrogatory No. 2; Bostany's Responses to RFP Nos. 6–7, 13–15, 33, 36, 41.)

In response to Interrogatory No. 2, Bostany presents a number of objections (including his "General Objections") but fails to provide any substantive response. Interrogatory No. 2 requests: "IDENTIFY all PERSON(S) with knowledge of YOUR contractual obligations under each of the AGREEMENTS and DESCRIBE the subject matter of each PERSON's knowledge, including the relevant AGREEMENT." In response, Bostany simply objects and seems to complain that answering the Interrogatory would require listing a lot of people, stating: "The interrogatory as written presumably requests that Bostany identify any and all who have knowledge of any of the agreements referenced by Plaintiff including at least all condominium unit owners who signed the same agreements." That is not a basis to not respond.

Similarly, in response to numerous RFPs, Bostany propounds a laundry list of objections without providing a substantive response indicating whether or not he will produce responsive documents. (*See* Bostany's Responses to RFP Nos. 6–7, 13–15, 33, 36, 41.) For example, RFP No. 7 requests: "DOCUMENTS sufficient to show the founding or formation of the ASSOCIATION and the scope of its authority." In response, Bostany makes objections but does not indicate whether he will produce documents. A refusal to produce documents within his possession, custody, or control would be improper. Accordingly, SH Group requests that Bostany amend his responses to provide substantive responses to Interrogatory No. 2 and to confirm that he will search for and produce documents responsive to RFP Nos. 6–7, 13–15, 33, 36, and 41.

### (b)   The Association's Responses

The Association's Responses to SH Group's Interrogatories, RFPs, and RFAs also contain many instances where the Association does not substantively respond, but rather provides a list of objections and an attempt to defer responses to publically available documents. (*See* Association's Responses to Interrogatory Nos. 3–5, 7; Association's Responses to RFP Nos. 45–46; Associations Responses to RFA Nos. 4–17.)

The Association's Responses to SH Group's Interrogatories contain multiple instances in which the Association merely responds by conclusorily mentioning filings with the United States Patent and Trademark Office ("USPTO"), without responding to the Interrogatories or even indicating to which particular filings the Association is referring. (*See* Association's Interrogatory Nos. 3–5, 7.) These Interrogatories request that the Association either identify or describe facts or instances beyond the information contained in the USPTO's records to which

## KIRKLAND & ELLIS LLP

Brian R. Gilchrist
August 20, 2020
Page 5

the Association vaguely refers.  For example, Interrogatory No. 3 asks: "DESCRIBE any goods and services that the ASSOCIATION has offered under the ASSOCIATION'S CLAIMED MARK."  The Association's response does nothing to describe the goods and services, but rather states: "All of the Association's uses of the mark 1 HOMES on goods and services are set forth pursuant to Section 1(a) of the Lanham Act in applications on file with the United States Patent and Trademark Office."  The Association does not specify any goods or services, or even to which applications it refers.

Similarly, the Association provides no substantive response as to 14 of the RFAs, stating merely that the USPTO's records "speak for themselves."  (*See* Association's Responses to RFA Nos. 4–17.)  For example, SH Group's RFA No. 4 asks: "Admit that the USPTO approved for registration on the Principal Register SH GROUP'S REGISTERED MARKS without requiring SH GROUP to show that SH GROUP'S MARKS had acquired distinctiveness."  The Association's response denies sufficient knowledge to admit or deny, and therefore denies the RFA, and then proceeds to state that the "USPTO trademark application records . . . speak for themselves."  The Association cannot avoid admitting these properly served RFAs.  Rather, Federal Rule 36 requires that an answering party "ma[k]e reasonable inquiry" in investigating an RFA, and that it "assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny" (emphasis added).  Yet, it appears that the Association has done nothing to investigate.

Moreover, in response to RFP Nos. 45 and 46, the Association merely makes objections, without stating whether it will search for and produce responsive documents.  (*See* Association's Responses to RFP Nos. 45–46.)  These RFPs seek "DOCUMENTS sufficient to show the ASSOCIATION's document retention policies and practices" as well as "DOCUMENTS sufficient to show the ASSOCIATION'S document retention, collection, and production efforts in connection with this LITIGATION."  The Association's Responses to these RFPs merely state: "The Association objects to the request as unduly burdensome as such information is not reasonably calculated to lead to the discovery of admissible information."  But the information is highly relevant as documents sufficient to show the Association's document retention policies and practices generally, as well as in this litigation, will help determine whether the Association has adequately met its discovery obligations.  Federal Rule 26 expressly provides for the permissible discovery of the "custody" of "any documents or other tangible things."  *See also In re Takata Airbag Prod. Liab. Litig.*, No. 15-02599-MD-MORENO, 2017 WL 8812734, at *6 (S.D. Fla. July 5, 2017), *report & recommendation adopted*, No. 14-24009-CV, 2018 WL 1859338 (S.D. Fla. Feb. 6, 2018) (granting motion to compel production of defendant's document retention policies).

Accordingly, SH Group requests that the Association amend its responses to Interrogatory Nos. 3, 4, 5, 7; RFP Nos. 45–46; and RFA Nos. 4–17.

## KIRKLAND & ELLIS LLP

Brian R. Gilchrist
August 20, 2020
Page 6

### IV. DEFENDANTS' INTERROGATORY RESPONSES THAT VAGUELY REFER TO DOCKET ENTRIES ARE IMPROPER.

Defendants also attempt to avoid providing substantive responses to SH Group's Interrogatories by vaguely citing to previously filed docket entries in this litigation. (*See* Association's Interrogatory Responses Nos. 8–9; Bostany's Interrogatory Response No. 6.) Such responses are inadequate and leave SH Group to guess as to what Defendants are referring.

For instance, Interrogatory No. 6 to Bostany asks: "STATE YOUR position, including the complete factual and legal basis for such position, regarding whether YOU have breached each of the AGREEMENTS." In response, Bostany sets forth various "General Objections" and then states that his "position is presented in Section II(A) and II(C) of Defendants' Motion to Dismiss (D.E. 22) and is incorporated herein by reference." Such a response is deficient. It is not clear what in Sections II(A) and II(C) of Defendants' Motion to Dismiss Bostany is relying on, and those sections do not deal with whether Bostany breached the agreements. Rather, they address Bostany's arguments that he cannot be sued for breach of contract or trademark infringement given his role with the Association.

The Association's responses to Interrogatory Nos. 8–9 also are inadequate. Interrogatory No. 8 asks: "STATE the ASSOCIATION's position, including the complete factual and legal basis for such position, regarding whether the AGREEMENTS in any way limit the ASSOCIATION's ability to challenge the validity of SH GROUP'S MARKS and assert ownership over the ASSOCIATION'S CLAIMED MARK." Interrogatory No. 9 asks: "STATE the ASSOCIATION's position, including the complete factual and legal basis for such position, regarding whether the AGREEMENTS prevent or limit the ASSOCIATION's use of SH GROUP'S MARKS or the ASSOCIATION'S CLAIMED MARK." In response, the Association states that its "position is presented in Section II(A) of Defendants' Motion to Dismiss (D.E. 22) and is incorporated herein by reference." Section II(A) of the Motion to Dismiss primarily relates to the breach of contract claims against Bostany. It does not discuss the Association's "ability to challenge the validity of SH GROUP'S MARKS and assert ownership over the ASSOCIATION'S CLAIMED MARK," nor does it discuss "whether the AGREEMENTS prevent or limit the ASSOCIATION's use of SH GROUP'S MARKS or the ASSOCIATION'S CLAIMED MARK."

Accordingly, SH Group requests that Defendants correct these deficiencies and amend Bostany's Responses to Interrogatory No. 6 and the Association's Responses to Interrogatory Nos. 8 and 9 to substantively respond.

\* \* \*

KIRKLAND & ELLIS LLP

Brian R. Gilchrist
August 20, 2020
Page 7

      SH Group requests that Defendants correct the above-discussed deficiencies and serve amended Responses by **August 27, 2020 at 12:00 pm EST**.  If Defendants intend to refuse to amend their Responses, then please let me know when you are available for a meet and confer this week or early next week.

      The foregoing is not intended to be a full and complete recitation of SH Group's position with respect to any discovery issues, and SH Group hereby expressly reserves, and does not waive, all of its rights and remedies, including pursuant to Federal Rules 37(c) and (d), in connection with these issues.

Sincerely,

Shanti Sadtler Conway

cc: All counsel of record