# **EXHIBIT 4**



| | | |
|---|---|---|
| Herbert L. Allen | John F. Woodson II | Allison R. Imber |
| Ava K. Doppelt | Stephen H. Luther | Matthew G. McKinney |
| Brian R. Gilchrist | Ryan T. Santurri | Jaafar Choufani |
| Christopher F. Regan | Robert H. Thornburg | Stephanie Vazquez |
| David L. Sigalow | Jack G. Abid | David Roncayolo |
| Richard K. Warther | David S. Carus | |
| Michael W. Taylor | Justin R. Sauer | |

svazquez@allendyer.com

August 31, 2020

*Via Electronic Mail Only*

Shanti Sadtler Conway, Esq.
shanti.conway@kirkland.com
Kirkland & Ellis, LLP
601 Lexington Avenue
New York, New York 10022

    Re:    *SH Group Global IP Holdings L.L.C. v. 2399 Collins Avenue Condominium Association, Inc., et al.*, No. 1:20-cv-22423-UU – Response to August 20th Letter Regarding Defendants' Discovery Responses

Dear Shanti:

    We write in response to your August 20th letter concerning issues raised on behalf of SH Group Global IP Holdings L.L.C. ("Plaintiff" or "SH Group") regarding Defendants 2399 Collins Avenue Condominium Association, Inc. (the "Association") and John P. Bostany's ("Mr. Bostany") (collectively, "Defendants') respective responses, dated August 10, 2020 ("Responses"), to SH Group Global IP Holdings, L.L.C.'s ("SH Group") First Set of Requests for Admission ("RFAs"), First Set of Requests for Production ("RFPs"), and First Set of Interrogatories ("Interrogatories") (collectively, the "Requests") in the above-referenced action.

        **I.**    <u>**"General Objections" Raised in Defendants' Responses to Interrogatories**</u>

    Regarding Defendants' "General Objections" raised in response to SH Group's First Set of Interrogatories, Defendants clarify that no response or portion thereof has been withheld on the basis of these objections. In fact, Defendants' "General Objections" are akin to Plaintiff's own "Preliminary Statement" included in its response to the Association's First Set of Requests for Production, namely including statements addressing that the responses provided are made pursuant to the Federal Rules of Civil Procedure and Local Rules, that the responding party does not waive attorney-client privilege or work-product privilege, that responses are based upon the party's best knowledge, information, and belief held at that time, that discovery is ongoing and therefore new information may be discovered, and that the party reserves the right to supplement or amend its answers. Thus, the objections raised are not the type of "boilerplate" objections typically

**Orlando Office (Main)**
255 South Orange Ave., Suite 1401
Orlando, FL 32801
Mail to: P.O. Box 3791
Orlando, FL 32802-3791

tel 407-841-2330
fax 407-841-2343

**Winter Springs Office**
1135 E. State Road 434, Suite 3001
Winter Springs, FL 32708

tel 407-796-5051
fax 407-796-5065

**Miami Office**
1221 Brickell Ave., Suite 2400
Miami, FL 33131

tel 305-374-8303
fax 305-374-8306

**Jacksonville Office***
4720 Salisbury Road
Jacksonville, FL 32256

tel 904-398-7000
fax 904-398-7003

**www.allendyer.com**        * Satellite Office

Shanti Sadtler Conway, Esq.
Kirkland & Ellis, LLP
Re: *SH Group Global IP Holdings v. 2399 Collins Avenue Condominium Association*
    Case No. 1:20-cv-22423-UU
August 31, 2020
Page 2 of 4

disfavored by courts in this District such as those which leave the requesting party "unable to a certain whether the question has been fully answered, or only a portion of the question has been answered." *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008). Nonetheless, in an attempt to eliminate any ambiguities concerning "General Objections," Defendants agree to provide amended responses to SH Group's First Set of Interrogatories.

## II. Objections to Plaintiff's Requests for Admissions Which Seek Admission of Legal Conclusions

Concerning the issues raised regarding Defendants' responses to SH Group's First Set of Requests for Admission, Defendants stand by their objections. The RFA objected to by Defendants asked Defendants to admit to legal conclusions. For example, RFA No. 2, mentioned in the August 20th letter, asks the Association to "[a]dmit that the ASSOCIATION did not use the ASSOCIATION'S CLAIMED MARK in U.S. commerce prior to December 31, 2018" requiring that the Association admit a legal conclusion as to whether the Association's use of said mark prior to December 31, 2018 constitutes "use in commerce" as defined under the Lanham Act. Similarly, RFA No. 6, also mentioned in the August 20th letter, asks the Association to "[a]dmit that SH GROUP used the term '1' in U.S. commerce, including but not limited to in SH GROUP'S MARKS, prior to the ASSOCIATION's first use of the ASSOCIATION'S CLAIMED MARK" requiring that the Association admit a legal conclusion as to whether the SH Group's use of term "1" prior to the Association's use of its mark constitutes "use in commerce" as defined under the Lanham Act.

Although Rule 36(a) authorizes a party to serve a request for admission relating to the application of law to fact, a party may not seek an admission as to a pure conclusion of law. *See Perez v. Aircom Mgmt. Corp*, No. 12-60322-CIV-WILLIAMS/SELTZER, 2013 U.S. Dist. LEXIS 849, at *4-5 (S.D. Fla. Jan. 3, 2013) (citing *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006) ("In 1970, Rule 36 was amended to allow for requests applying law to fact. It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion. . . . For example, it would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts.") (internal citations omitted); *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 U.S. Dist. LEXIS 7130, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003) ("A party cannot be asked to admit a legal conclusion."); *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) ("[R]equests that seek legal conclusions are not allowed under Rule 36."); 8B Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 2255 (3rd ed. 2008) ("As the Committee Note indicates, even the amended rule does not allow a request for admission of a pure legal conclusion.")).

Shanti Sadtler Conway, Esq.
Kirkland & Ellis, LLP
Re: *SH Group Global IP Holdings v. 2399 Collins Avenue Condominium Association*
    Case No. 1:20-cv-22423-UU
August 31, 2020
Page 3 of 4

Thus, Plaintiff's requests for admissions directed to the Association Nos. 2–3, 18–38, 89–90 and RFA directed to Mr. Bostany Nos. 4, 6, 21–41, 93–94 improperly seek admissions of legal conclusions. *See Perez v. Aircom Mgmt. Corp*, No. 12-60322-CIV-WILLIAMS/SELTZER, 2013 U.S. Dist. LEXIS 849, at *6; *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006); (requests seeking admission that no provision of the ADA, Rehabilitation Act, or the Federal Transit Administration regulations were applicable to the plaintiff's claims improperly sought legal conclusion); *Reichenbach v. City of Columbus*, No. 2:03-CV-1132, 2006 U.S. Dist. LEXIS 3058, 2006 WL 143552 at *2 (S.D. Ohio Jan. 19, 2006) (the defendants properly objected to a request asking them to admit that the curb ramp at issue was not in compliance with ADA accessibility design standards on the ground that the request sought a pure legal conclusion).

### III. Mr. Bostany's Response to Interrogatory 2

Plaintiff's Interrogatory 2 directed at Mr. Bostany, as written, is vague and overbroad. Interrogatory 2 requests that Mr. Bostany "[i]dentify all person(s) with knowledge of [his] contractual obligations under each of the Agreements and describe the subject matter of each person's knowledge, including the relevant Agreement." As objected to, this request potentially calls for Mr. Bostany to identify every condominium unit owner who has signed the same agreements which is not feasible nor reasonably calculated to lead to the discovery of admissible evidence. It is unclear what the relevance is of such a request. Should Plaintiff wish to specify and/or narrow its request, Mr. Bostany is will work in good faith to provide Plaintiff a more substantive response.

### IV. Mr. Bostany's Response to Plaintiff's Requests for Production 6-7, 13-15, 33, 36, 41

Plaintiff's Requests for Production 6-7, 13-15, 33, and 36 directed to Mr. Bostany, request documents which are not within Mr. Bostany's possession, custody, or control. These are documents which, should they exist, would be in the possession, custody, or control of the Association. Mr. Bostany will nonetheless conduct a reasonable search of his personal records for documents responsive to RFP 6-7, 13-15, 33, and 36 and shall produce non-privileged documents should any exist.

Mr. Bostany shall also conduct a reasonable search of his personal records for documents responsive to RFP 41 and shall produce non-privileged documents should any exist.

Mr. Bostany shall serve amended responses to SH Group's First Set of Requests for Production reflecting the above.

Shanti Sadtler Conway, Esq.
Kirkland & Ellis, LLP
Re: *SH Group Global IP Holdings v. 2399 Collins Avenue Condominium Association*
      Case No. 1:20-cv-22423-UU
August 31, 2020
Page 4 of 4

### V. The Association's Responses to Plaintiff's Interrogatories 3-5, and 7

The Association's responses to Plaintiff's Interrogatories 3-5, and 7 direct the Plaintiff to records which can be publicly accessed as permitted under Federal Rule of Civil Procedure 33. To the extent that it is unclear which federal trademark applications for the Association's mark 1 HOMES are referenced in the responses, the Association refers to the following trademark applications: U.S. Application Serial No. 88457662, U.S. Application Serial No. 88879248, and U.S. Application Serial No. 88914537.

### VI. The Association's Responses to Plaintiff's Requests for Admission 4-17

Similarly, the Association's responses to Plaintiff's Requests for Admission 4-17, reference the USPTO trademark application records for SH Group's specified marks and provide that the Association at this time is "without sufficient knowledge to admit or deny [the] request[s] and therefore denies." The Association does not at this time have sufficient knowledge to admit these requests pertaining to the prosecution history of trademark applications for which it was not an applicant or party itself. The only information available to the Association at this time regarding SH Group's trademark applications for the marks specified is the USPTO record which is publicly available and referenced by the Association in its response. The completeness or accuracy of the records cannot at this time be admitted to by the Association without the benefit of further discovery.

### VII. The Association's Responses to Plaintiff's Requests for Production 45-46

Regarding Plaintiff's Requests for Production 45-46, the Association shall amend its response. The Association will conduct a reasonable search of its records for documents responsive to RFP 45-46 and shall produce non-privileged documents should any exist.

The Defendants shall produce amended responses to Plaintiff's discovery requests as discussed above. Should Plaintiff have any remaining concerns regarding Defendants' discovery responses, Defendants' counsel are available to conduct a meet-and-confer call this week to address any remaining issues.

                                        Sincerely,

                                        */s/ Stephanie Vazquez*

                                        Stephanie Vazquez

SV/sh
cc: Client