# EXHIBIT 6

**From:** Shelley Hotz <shotz@allendyer.com>
**Sent:** Tuesday, September 15, 2020 7:06 PM
**To:** Conway, Shanti Sadtler; Ray, Claudia; Cendali, Dale M.; Doerge, Johannes; #SHGroup-1Hotel; Gavin Gaukroger; cperry@bergersingerman.com
**Cc:** Brian Gilchrist; Stephanie Vazquez
**Subject:** SERVICE OF COURT DOCUMENTS -1:20-cv-22423-UU - SH Group Global v. 2399 Collins Avenue
**Attachments:** Bostanys amended response to production requests.PDF; Associations amended responses.PDF



> This message is from an EXTERNAL SENDER - be cautious, particularly with links and attachments.

Counsel:

Attached please find the following:

| | |
|---|---|
| **COURT** | US District Court<br>Southern District of Florida |
| **CASE NO.** | 1:20-cv-22423-UU |
| **CASE STYLE** | SH GROUP GLOBAL IP HOLDINGS, L.L.C., v. 2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC., and JOHN P. BOSTANY |
| **DOCUMENT(S) SERVED** | 1. Defendant 2399 Collins Avenue Condominium Association, Inc.'s Amended Responses Plaintiff's First Set of Request for Production; and<br><br>2. Defendant John Bostany's Amended Responses to Plaintiff's First Set of Requests for Production<br><br>Please note that responses to Requests for Production No. 6-7, 13-15, 33 and 36 directed to Mr. Bostany were not amended. Mr. Bostany wishes to maintain his original responses. |

/s/ Stephanie Vazquez
Telephone: 305-374-8303





**Shelley Hotz**
*Florida Registered Paralegal*

Allen, Dyer, Doppelt + Gilchrist, PA
255 South Orange Avenue | Suite 1401 | Orlando, FL 32801

(407) 841-2330 | phone
(407) 841-2343 | fax

website | vCard | map | email

1

Note: The information in this e-mail message is intended for the confidential use of the addressees only. The information is subject to the attorney-client privilege and/or may be attorney work-product. Recipients should not file copies of this e-mail with publicly accessible records. If you are not an addressee or an authorized agent responsible for delivering this e-mail to a designated addressee, you have received this e-mail in error, and any further review, dissemination, distribution, copying or forwarding of this e-mail is strictly prohibited. If you received this e-mail in error, please notify us immediately at (407) 841-2330. Thank you.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:20-cv-22423-UU**

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,

       Plaintiff,

v.

2399 COLLINS AVENUE CONDOMINIUM
ASSOCIATION, INC. and JOHN P. BOSTANY,

       Defendants.

**DEFENDANT 2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC.'S
AMENDED RESPONSES TO PLAINTIFF SH GROUP GLOBAL IP HOLDINGS,
L.L.C.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT
2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC.**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and the Local Rules

of the Southern District of Florida, Defendant 2399 Collins Avenue Condominium Association,

Inc. (the "Association") hereby responds to Plaintiff SH Group Global IP Holdings, L.L.C.'s First

Set of Requests for Production as follows:

**DOCUMENTS TO BE PRODUCED**

1.     All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the

ASSOCIATION's consideration, selection and clearance of the ASSOCIATION'S CLAIMED

MARK, and any alternatives of the ASSOCIATION'S CLAIMED MARK, in the United States,

including but not limited to, searches, investigations, SURVEYS, MARKET RESEARCH,

studies, research, polls, reports and opinions that the ASSOCIATION has ever conducted,

received, requested, or seen.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and

information protected by attorney-client or work product privileges. The Association will make a

1

reasonable search for  documents regarding the consideration, selection, and clearance of the Association's 1 Homes mark and shall produce non-privileged documents, to the extent they exist.

2.      All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the ASSOCIATION's consideration, selection and clearance of any mark or term incorporating the term "1" in the United States, including but not limited to, searches, investigations, SURVEYS, MARKET RESEARCH, studies, research, polls, reports, and opinions that the ASSOCIATION has ever conducted, received, requested, or seen.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. The Association will make a reasonable search for documents regarding the consideration, selection and clearance of any mark or term incorporating the term "1" and shall produce non-privileged documents, to the extent they exist.

3.      All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO the decision to adopt the ASSOCIATION'S CLAIMED MARK.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. The Association will make a reasonable search for documents and communications relating to the decision to adopt the Association's 1 HOMES mark and shall produce non-privileged documents, to the extent they exist.

4.      All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO the ASSOCIATION's applications before the USPTO, or any other application within the United States, for the ASSOCIATION'S CLAIMED MARK.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. The Association will make a reasonable search for documents and communications relating to the Association's 1 HOMES trademark applications and shall produce non-privileged documents, to the extent they exist.

5.      All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO the ASSOCIATION's knowledge of SH GROUP, SH GROUP'S MARKS, and/or SH GROUP'S GOODS AND SERVICES.

**RESPONSE:** The Association objects to this request as vague, ambiguous, overly broad and unduly burdensome, and not proportional to the needs of the case, to the extent it seeks all documents and communications "concerning, referring, or relating to the Association's knowledge of SH GROUP, SH GROUP'S MARKS, and/or SH GROUP'S GOODS AND SERVICES." The Association further objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. The Association will make a reasonable search for documents and communications relating to the Association's knowledge of SH Group's Marks and shall produce non-privileged documents, to the extent they exist.

6.      DOCUMENTS sufficient to show all investors, shareholders, stakeholders, condominium association members, BOARD members, or others having an interest in the

ASSOCIATION, the ASSOCIATION'S GOODS AND SERVICES, and/or the ASSOCIATION'S CLAIMED MARK.

**RESPONSE:** The Association objects to this request as vague, ambiguous, overly broad and unduly burdensome, and not proportional to the needs of the case, to the extent it seeks documents "sufficient to show all investors, shareholders, stakeholders, condominium association members, BOARD members, or others having an interest in the ASSOCIATION, the ASSOCIATION'S GOODS AND SERVICES, and/or the ASSOCIATION'S CLAIMED MARK." The Association will make a reasonable search for documents showing the condominium association members, Board members, and others having an interest in the ASSOCIATION, the ASSOCIATION'S GOODS AND SERVICES, and/or the ASSOCIATION'S CLAIMED MARK and shall produce non-privileged documents, to the extent they exist.

7.      DOCUMENTS sufficient to show the founding or formation of the ASSOCIATION and the scope of its authority.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. The Association shall produce copies of its articles of incorporation and its bylaws.

8.      All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO the relatedness or lack of relatedness between SH GROUP'S GOODS AND SERVICES on the one hand and the ASSOCIATION'S GOODS AND SERVICES on the other hand.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. The Association will make a reasonable search for documents and communications concerning the relatedness or lack of relatedness between SH GROUP'S GOODS AND SERVICES on the one hand and the ASSOCIATION'S GOODS AND SERVICES on the other hand and shall produce non-privileged documents, to the extent they exist.

9.     All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO the similarity or lack of similarity between SH GROUP'S MARKS on the one hand and the ASSOCIATION'S CLAIMED MARK on the other hand.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. The Association will make a reasonable search for documents and communications concerning the similarity or lack of similarity between SH GROUP'S MARKS on the one hand and the ASSOCIATION'S CLAIMED MARK on the other hand and shall produce non-privileged documents, to the extent they exist.

10.     All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO the ASSOCIATION's actual, planned or contemplated use of the ASSOCIATION'S CLAIMED MARK or any other use of the term "1" in the United States.

**RESPONSE:** The Association objects to this request as vague, ambiguous, overly broad and unduly burdensome, and not proportional to the needs of the case, to the extent it seeks all documents and communications "CONCERNING or REFERRING OR RELATING TO the

ASSOCIATION's actual, planned or contemplated use of the ASSOCIATION'S CLAIMED MARK or use of the term '1' in the United States." The Association further objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. The Association will make a reasonable search for documents and communications concerning the Association's actual, planned or contemplated use of the Association's 1 Homes mark and shall produce non-privileged documents, to the extent they exist.

11.     All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO any other PERSON's actual, planned or contemplated use of the ASSOCIATION'S CLAIMED MARK or any other use of the term "1" in connection with real estate or related goods and services in the United States.

**RESPONSE:** The Association objects to this request as vague, ambiguous, overly broad and unduly burdensome, and not proportional to the needs of the case, to the extent it seeks all documents and communications "CONCERNING or REFERRING OR RELATING TO any other PERSON's actual, planned or contemplated use of the ASSOCIATION'S CLAIMED MARK or use of the term '1' in the United States." The Association further objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to these objections, as understood, the Association does not have any documents responsive to this request at this time.

12.     All DOCUMENTS and COMMUNICATIONS CONCERNING or REFERRING OR RELATING TO the ASSOCIATION's advertising, marketing or promotion of the ASSOCIATION'S GOODS AND SERVICES.

6

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. The Association will make a reasonable search for documents and communications concerning the Association's advertising, marketing or promotion of its 1 Homes mark and shall produce non-privileged documents, to the extent they exist.

13.     DOCUMENTS sufficient to show all annual sales for the ASSOCIATION'S GOODS AND SERVICES in the United States.

**RESPONSE:** The Association will make a reasonable search for documents showing annual sales for the ASSOCIATION'S GOODS AND SERVICES in the United States and shall produce non-privileged documents, to the extent they exist.

14.     DOCUMENTS sufficient to show all annual expenditures by the ASSOCIATION in connection with advertising, promoting, and/or marketing the ASSOCIATION'S GOODS AND SERVICES and/or the ASSOCIATION'S CLAIMED MARK.

**RESPONSE:** The Association will make a reasonable search for documents showing annual expenditures by the ASSOCIATION in connection with advertising, promoting, and/or marketing the ASSOCIATION'S GOODS AND SERVICES and/or the ASSOCIATION'S CLAIMED MARK and shall produce non-privileged documents, to the extent they exist.

15.     All DOCUMENTS CONCERNING or REFERRING OR RELATING TO any MARKET RESEARCH or SURVEY CONCERNING or REFERRING OR RELATING TO the

ASSOCIATION'S CLAIMED MARK, the term "1," and/or SH GROUP'S MARKS in the United States.

**RESPONSE:** The Association objects to this request as overly broad and not proportional to the needs of the case, to the extent it seeks "[a]ll DOCUMENTS CONCERNING or REFERRING OR RELATING TO any MARKET RESEARCH or SURVEY CONCERNING or REFERRING OR RELATING TO the ASSOCIATION'S CLAIMED MARK, the term "1," and/or SH GROUP'S MARKS in the United States." Subject to this objection, as understood, the Association does not have any documents responsive to this request at this time.

16.    All DOCUMENTS CONCERNING or REFERRING OR RELATING TO instances of actual or potential consumer confusion between SH GROUP'S MARKS on the one hand, and the ASSOCIATION'S CLAIMED MARK on the other hand.

**RESPONSE:** The Association objects to this request as overly broad and not proportional to the needs of the case, to the extent it seeks "[a]ll DOCUMENTS CONCERNING or REFERRING OR RELATING TO instances of actual or potential consumer confusion between SH GROUP'S MARKS on the one hand, and the ASSOCIATION'S CLAIMED MARK on the other hand." Subject to this objection, as understood, the Association does not have any documents responsive to this request at this time.

17.    All DOCUMENTS CONCERNING or REFERRING OR RELATING TO instances of actual or potential consumer confusion between SH GROUP'S GOODS AND SERVICES on the one hand, and the ASSOCIATION'S GOODS AND SERVICES on the other hand.

**RESPONSE:** The Association objects to this request as overly broad and not proportional to the needs of the case, to the extent it seeks "[a]ll DOCUMENTS CONCERNING or REFERRING OR RELATING TO instances of actual or potential consumer confusion between SH GROUP'S GOODS AND SERVICES on the one hand, and the ASSOCIATION'S GOODS AND SERVICES on the other hand." Subject to this objection, as understood, the Association does not have any documents responsive to this request at this time.

18.    All DOCUMENTS CONCERNING or REFERRING OR RELATING TO any expert witnesses in this LITIGATION.

**RESPONSE:** The Association objects to this request as premature and to the extent it seeks information covered by the attorney-client privilege and/or work product doctrine. Subject to these objections and the general objections set forth above, the Association states that it will provide documents responsive to this request at the appropriate time in this litigation, should any exist.

19.    All COMMUNICATIONS identified in Federal Rule of Civil Procedure 26(b)(4)(C)(i)–(iii).

**RESPONSE:** The Association objects to this request as premature and to the extent it seeks information covered by the attorney-client privilege and/or work product doctrine. Subject to these objections and the general objections set forth above, the Association states that it will provide documents responsive to this request at the appropriate time in this litigation, should any exist.

20.    All DOCUMENTS on which the ASSOCIATION intends to rely on to support its claims and defenses in this LITIGATION.

**RESPONSE:** The Association objects to this request as premature and to the extent it seeks information covered by the attorney-client privilege and/or work product doctrine. The Association will make a reasonable search for and produce documents it intends to rely on to support its claims and defenses.

21.     All COMMUNICATIONS between or among the ASSOCIATION and BOSTANY CONCERNING or REFERRING OR RELATING TO SH GROUP'S MARKS.

**RESPONSE:** The Association objects to this request as overly broad and not proportional to the needs of the case, to the extent it seeks "[a]ll COMMUNICATIONS between or among the ASSOCIATION and BOSTANY CONCERNING or REFERRING OR RELATING TO SH GROUP'S MARKS." The Association further objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

22.     All COMMUNICATIONS between or among the ASSOCIATION and BOSTANY CONCERNING or REFERRING OR RELATING TO the ASSOCIATION'S CLAIMED MARK.

**RESPONSE:** The Association objects to this request as overly broad and not proportional to the needs of the case, to the extent it seeks "[a]ll COMMUNICATIONS between or among the ASSOCIATION and BOSTANY CONCERNING or REFERRING OR RELATING TO the ASSOCIATION'S CLAIMED MARK." The Association further objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges.

Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

23.     All COMMUNICATIONS between or among the ASSOCIATION and BOSTANY CONCERNING or REFERRING OR RELATING TO the TTAB PROCEEDING.

**RESPONSE:** The Association objects to this request as overly broad and not proportional to the needs of the case, to the extent it seeks "[a]ll COMMUNICATIONS between or among the ASSOCIATION and BOSTANY CONCERNING or REFERRING OR RELATING TO the TTAB PROCEEDING." The Association further objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

24.     All COMMUNICATIONS between or among the ASSOCIATION and BOSTANY CONCERNING or REFERRING OR RELATING TO this LITIGATION.

**RESPONSE:** The Association objects to this request as overly broad and not proportional to the needs of the case, to the extent it seeks "[a]ll COMMUNICATIONS between or among the ASSOCIATION and BOSTANY CONCERNING or REFERRING OR RELATING TO this LITIGATION." The Association further objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

25.    All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the ASSOCIATION's decision to file the PETITION FOR CANCELLATION.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. The Association will make a reasonable search for documents regarding the Association's decision to file the PETITION FOR CANCELLATION and shall produce non-privileged documents, to the extent they exist.

26.    All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the TTAB PROCEEDING.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Further, the Association objects to the extent that documents relating or concerning the TTAB proceeding would be equally available (and likewise in the possession) of Plaintiff. Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

27.    All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the ASSOCIATION's contention that it has the right to use and register the ASSOCIATION'S CLAIMED MARK.

**RESPONSE:** The Association objects to this request as overly broad and not proportional to the needs of the case, to the extent it seeks "[a]ll DOCUMENTS CONCERNING or REFERRING OR RELATING TO the ASSOCIATION's contention that it has the right to use and register the

ASSOCIATION'S CLAIMED MARK." The Association further objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

28.    All DOCUMENTS CONCERNING or REFERRING OR RELATING TO contracts or agreements REFERRING OR RELATING TO SH GROUP's trademarks and/or other intellectual property, including but not limited to SH GROUP'S MARKS.

**RESPONSE:** The Association objects to this request as overly broad and not proportional to the needs of the case, to the extent it seeks "[a]ll DOCUMENTS CONCERNING or REFERRING OR RELATING TO contracts or agreements REFERRING OR RELATING TO SH GROUP's trademarks and/or other intellectual property, including but not limited to SH GROUP'S MARKS." The Association further objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to these objections, as understood, the Association does not have any documents responsive to this request at this time.

29.    All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the factual and legal basis for the claim in Paragraph 2 of the PETITION FOR CANCELLATION that "Petitioner has used the mark in commerce in connection with such services since at least as early as December 31, 2018."

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to this objection, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

30.     All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the meaning of the ASSOCIATION'S CLAIMED MARK and each term included therein (i.e., "1" and "HOMES").

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to this objection, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

31.     All DOCUMENTS CONCERNING or REFERRING OR RELATING TO any meeting convened by the ASSOCIATION, including but not limited to meetings of the BOARD, CONCERNING or REFERRING OR RELATING TO the ASSOCIATION'S CLAIMED MARK, SH GROUP'S MARKS, the TTAB PROCEEDING, and/or this LITIGATION, including but not limited to any meeting minutes and notes.

**RESPONSE:** The Association objects to this request as overly broad and not proportional to the needs of the case, to the extent it seeks, without limitations as to time, "[a]ll DOCUMENTS CONCERNING or REFERRING OR RELATING TO any meeting convened by the ASSOCIATION, including but not limited to meetings of the BOARD, CONCERNING or REFERRING OR RELATING TO the ASSOCIATION'S CLAIMED MARK, SH GROUP'S

14

MARKS, the TTAB PROCEEDING, and/or this LITIGATION, including but not limited to any meeting minutes and notes." The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

32.     All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the domain http://www.1homesmiami.com or any other domain or website owned, operated or controlled by the ASSOCIATION containing the term "1."

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to this objection, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

33.     All DOCUMENTS CONCERNING or REFERRING OR RELATING TO SH GROUP's business relationship with BOSTANY under the AGREEMENTS.

**RESPONSE:** The Association objects to this request as overly broad and not proportional to the needs of the case, to the extent it seeks, "[a]ll DOCUMENTS CONCERNING or REFERRING OR RELATING TO SH GROUP's business relationship with BOSTANY under the AGREEMENTS." Subject to this objection, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

34.     All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the ASSOCIATION's awareness of SH GROUP's business relationship with BOSTANY under the AGREEMENTS.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to this objection, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

35.     All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the use, challenge of, or interference with SH GROUP'S MARKS under the AGREEMENTS.

**RESPONSE:** The Association objects to this request as vague, ambiguous, overly broad and unduly burdensome, and not proportional to the needs of the case, to the extent it seeks "[a]ll DOCUMENTS CONCERNING or REFERRING OR RELATING TO the use, challenge of, or interference with SH GROUP'S MARKS under the AGREEMENTS." Subject to this objection, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

36.     All DOCUMENTS CONCERNING or REFERRING OR RELATING TO any profits earned by the ASSOCIATION from the sale of goods and services under the ASSOCIATION'S CLAIMED MARK in the United States.

**RESPONSE:** The Association objects to this request as vague, ambiguous, overly broad and unduly burdensome, and not proportional to the needs of the case, to the extent it seeks "[a]ll DOCUMENTS CONCERNING or REFERRING OR RELATING TO any profits earned by the

16

ASSOCIATION from the sale of goods and services under the ASSOCIATION'S CLAIMED MARK in the United States." Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

37.     All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the LITIGATION.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. The Association further object to the request as unduly burdensome as documents concerning the litigation may be equally accessible to Plaintiff. Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

38.     All DOCUMENTS CONCERNING or REFERRING OR RELATING TO the TTAB PROCEEDING.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. The Association further object to the request as unduly burdensome as documents concerning the TTAB proceeding may be equally accessible to Plaintiff. Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

39.     All DOCUMENTS referenced, relied upon or otherwise consulted in preparing the PETITION FOR CANCELLATION.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

40. All DOCUMENTS referenced, relied upon or otherwise consulted in preparing the ASSOCIATION's INTERROGATORY RESPONSES.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

41. All DOCUMENTS referenced, relied upon or otherwise consulted in preparing the ASSOCIATION's ADMISSIONS.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to these objections, as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

42. All DOCUMENTS referenced, relied upon or otherwise consulted in preparing the ASSOCIATION's INITIAL DISCLOSURES.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. Subject to these objections,

as understood, the Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

43.    All    DOCUMENTS    referenced    in    the    ASSOCIATION'S    INITIAL DISCLOSURES.

**RESPONSE:** The Association will make a reasonable search for and shall produce non-privileged documents, to the extent not already produced.

44.    All DOCUMENTS referenced in the ASSOCIATION'S INTERROGATORY RESPONSES.

**RESPONSE:** The Association will make a reasonable search for and shall produce non-privileged documents, to the extent they exist.

45.    DOCUMENTS sufficient to show the ASSOCIATION's document retention policies and practices.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. There are no known responsive documents.

46.    DOCUMENTS sufficient to show the ASSOCIATION'S document retention, collection, and production efforts in connection with this LITIGATION.

**RESPONSE:** The Association objects to this request to the extent it seeks documents and information protected by attorney-client or work product privileges. There are no known responsive documents.

47.     All DOCUMENTS produced by any third party in response to any subpoena the ASSOCIATION or BOSTANY serves in this LITIGATION.

**RESPONSE:** The Association objects to this request as premature. Subject to this objection, the Association states that it will provide documents responsive non-privileged documents in response to this request at the appropriate time in this litigation, should any exist.

48.     All DOCUMENTS on which the ASSOCIATION intends to rely at any hearing or at trial in this LITIGATION.

**RESPONSE:** The Association objects to this request as premature and to the extent it seeks information covered by the attorney-client privilege and/or work product doctrine. Subject to this objection, the Association states that it will provide documents responsive non-privileged documents in response to this request at the appropriate time in this litigation, should any exist.

Dated:  September 15, 2020

/s/ *Stephanie Vazquez*
Stephanie Vazquez, FL Bar #1011124
Email: svazquez@allendyer.com
**ALLEN, DYER, DOPPELT + GILCHRIST, PA**
1221 Brickell Ave., Suite 2400
Miami, Florida 33131
Telephone:     (305) 374-8303
Facsimile:     (305) 374-8306

Brian R. Gilchrist, Esq., FL Bar #774065
Email: bgilchrist@allendyer.com
**ALLEN, DYER, DOPPELT + GILCHRIST, PA**
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone:     (407) 841-2330
Facsimile:     (407) 841-2343

*Counsel for Defendants/Counterclaimants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 15, 2020, the foregoing was served by electronic (e-mail) transmission to all counsel of record on the Service List below.

/s/ *Stephanie Vazquez*
Stephanie Vazquez, FL Bar #1011124

## SERVICE LIST

Gavin C. Gaukroger, FL Bar #76489
Email:  ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
350 East Las Olas Blvd., Ste 1000
Fort Lauderdale, FL 33301
Telephone:  (954) 525-9900
Facsimile:  (954) 523-2872

Christina Michele Perry, FL Bar #1003098
Email: cperry@bergersingerman.com
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Ste. 1000
Miami, FL 33131
Telephone:  305-755-9500
Facsimile:  305-714-4340

Claudia Ray, *Admitted Pro Hac Vice*
Email: claudia.ray@kirkland.com
Dale M. Cendali, *Admitted Pro Hac Vice*
Email: dale.cendali@kirkland.com
Shanti Sadtler Conway, *Admitted Pro Hac Vice*
Email: shanti.conway@kirkland.com
*Admitted Pro Hac Vice*
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone:  212-446-4800
Facsimile:  212-446-6460