**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:20-cv-22423-UU**

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,
A Delaware limited liability company,

        Plaintiff,

v.

2399 COLLINS AVENUE CONDOMINIUM
ASSOCIATION, INC., a Florida corporation,
and JOHN P. BOSTANY, an Individual,

        Defendants.

## MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL AND REDACT

Defendants' motion for leave should be granted since the documents contain attorney client privilege information that does not pertain to any central issue in the lawsuit. In *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304 (11th Cir.2001), the Court determined that the public had no common law right to access documents if they were not "filed in connection with pretrial motions that require judicial resolution of the merits."

In the *Chicago Tribune* case, the Court allowed documents to be sealed finding that "the equities weighed against opening the declarations to the press because the declarations were incredible, appeared to be an attempt to circumvent the revised protective order, and would likely taint the jury pool and prejudice the right of Drummond to a fair trial." The district court also sealed a motion to reconsider in the same case because it "outlined much of the [other] sealed material." The Court in *Rosolen v. Home Performance Alliance, Inc.,* 2020 WL 4750339 (M.D.Fla. Aug. 17, 2020) also held that documents should be concealed where the "proposed seal does not implicate the general presumption that substantive aspects of a civil action are a matter

of public concern, and instead relates to the parties' confidentiality and access-to-information interests during the conduct of discovery, the Court grants the motion to seal." *Id.*

Local Rule 5.4 of the Southern District of Florida, Filings Under Seal; Disposal of Sealed Materials allows documents to be filed under seal. Local Rule 5.4 sets forth the procedure to file a document under seal stating that "a party seeking to file matters under seal and/or ex parte shall follow the procedures prescribed by this Local Rule and Sections 5A, 5K, 9A-D, and 10B, as applicable, of the CM/ECF Administrative Procedures." Section (b) sets forth the procedure for filing under seal in Civil Cases . A party seeking to file information or documents under seal in a civil case shall:

> (1) In a case that is not otherwise sealed in its entirety as permitted or required by federal law, file and serve electronically via CM/ECF a motion to file under seal that sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the "proposed sealed material") with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material. The proposed sealed material shall not be filed unless the Court grants the motion to file under seal. The motion to file under seal shall specify the proposed duration of the requested sealing. The motion to file under seal and the docket text shall be publicly available on the docket. If, prior to the issuance of a ruling on the motion to file under seal, the moving party elects or is required to publicly file a pleading, motion, memorandum, or other document that attaches or reveals the content of the proposed sealed material, then the moving party must redact from the public filing all content that is the subject of the motion to file under seal. If the Court grants the motion to file under seal, then the moving party shall file any pleading, motion, memorandum, or other document that has been authorized to be filed under seal via CM/ECF using events specifically earmarked for sealed civil filings, but if a redacted filing previously has been made or is accompanying the sealed filing, then the material that is being filed under seal shall be filed as an attachment to a "Notice of Sealed Filing" which shall be filed via CM/ECF (using events specifically earmarked for sealed civil filings). The moving party must complete any required service of the sealed filing or Notice of Sealed Filing conventionally, indicating the corresponding docket number of the sealed filing or Notice of Sealed Filing.

…

The Office of Clerk for the United States District Court in the Southern District Court of Florida, Civil Filing Requirements Rule 2L states as follows:

2L. Sealed Documents

Documents and cases are sealed when it is determined by a Judge that the information contained in them should not be a part of the public record. Sealed documents are not available for inspection by case participants or the public. Effective December 1, 2015, attorneys authorized to file electronically in the CM/ECF system must file sealed documents electronically in civil cases otherwise open to the public. In instances where the entire civil case is sealed, the initial complaint or other initiating documents as well as subsequent sealed filings must continue to be filed conventionally. Parties seeking to file matters under seal must follow the procedures prescribed by the CM/ECF Administrative Procedures and Local Rule 5.4.

Note: In civil cases only, the Motion to Seal (not the proposed sealed filing) and the docket text will be publically available on the docket unless otherwise ordered by the Court.

The Motion to Seal must explain the basis for departing from the general policy of public access to filings. The motion must specify how long the party is requesting to have the matter sealed. In addition, the filing party must submit a proposed order. The proposed filing to be sealed must be clearly marked as "sealed document".

In the instant case, Defendants are seeking to seal documents already filed that contain attorney-client privileged information in the Declaration of John Bostany (Docket Entry 47), Declaration of Nicole Salcedo with attached exhibits (Docket Entry 46); do not pertain to any of the central issues to be decided in this lawsuit.

It is anticipated that Plaintiff has not consented to this motion because it plans to seek to capitalize on the misfortune between Defendants and their prior counsel by arguing that the Defendants hasty disclosure of general reference to attorney client communications should be used against them.  The references to communications between Defendants and their counsel go to the central issues in the case.

To be sure, "[t]he attorney-client privilege may be waived in the following instances: (1) when a client testifies concerning portions of the attorney-client communication; (2) when a client places the attorney-client relationship directly at issue; and (3) when a client asserts reliance on an attorney's advice as an element of a claim or defense." Jones v. RS&H, Inc., 2018 WL 538742, at *2–3 (M.D. Fla. 2018)

In Jones, the defendant testified as to communications with her counsel and relies upon the legal advice in defense of her claims. *Id.* Thereafter, counsel advised by letter that defendant would not use the disclosed communications to support a good faith defense in this case. *Id.* "Further, Defendant did not raise reliance on the advice of counsel as an affirmative defense in this action. (See Dkt. 8.) *Butterworth v. Lab. Corp. of Am. Holdings*, No. 3:08–CV–411–J–34JRK, 2010 WL 11470895, at *6 (M.D. Fla. Dec. 2, 2010) (explaining that defendant's assertion of good faith as an affirmative defense "is separate and apart from the advice it received from counsel" because defendant "has not relied on, and does not intend to rely on, [defendant's corporate representative's] deposition testimony referencing his conversations with in-house counsel to prove Defendant acted in good faith in its compliance with Title VII")." *Id.*

Here none of the issues discussed in the filings that Defendants seek to seal discuss defenses to any of the substantive issues in the case, much less a central issue in the case. Sealing the disclosures which refer to an internal dispute between the Defendants and their counsel regarding levels of cooperation in discovery will serve to shield Defendants and ADDG from prejudice stemming from this satellite issue.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request this Court to allow the Defendants to seal the Declaration of John Bostany (Docket Entry 47), Declaration of Nicole Salcedo with attached exhibits (Docket Entry 46) and to allow the Declaration of Richard Egan with evidence to be filed in camera in the event the Court believes additional evidence is necessary at this time.

Respectfully submitted on October 21, 2020,

By: /s/ Dania S. Fernandez
Dania S. Fernandez, Esq.
Dania S. Fernandez & Associates, P.A.
13500 SW 88 Street, Suite 265
Miami, Florida 33186
Phone: 305-254-4492
Fax: 305-254-4514
Email: dania@dsfpa.com
**Attorney for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2020, the undersigned presented the foregoing to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a Notice of Electronic Filing to Counsel of Record:

Gavin Cunningham Gaukroger
Berger Singerman LLP
350 East Las Olas Blvd., Ste 1000
Fort Lauderdale, FL 33301
(954) 525-9900
Fax: (954) 523-2872
Email: ggaukroger@bergersingerman.com

Christina Michele Perry
Berger Singerman LLP
1450 Brickell Avenue, Ste. 1000
Miami, FL 33131

Claudia Ray
Email: claudia.ray@kirkland.com
Dale M. Cendali
Email: dale.cendali@kirkland.com
Shanti Sadtler Conway
Email: shanti.conway@kirkland.com
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

305-755-9500
Fax: 305-714-4340
Email: cperry@bergersingerman.com

Brian R. Gilchrist
Fla. Bar No. 774065
Allen, Dyer, Doppelt + Gilchrist, P.A.
255 South Orange Avenue,
Suite 1401
Orlando, Florida 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343
bgilchrist@allendyer.com