**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:20-cv-22423-UU

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,

    Plaintiff/Counterclaim-Defendant,

v.

2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC.

    Defendant/Counterclaim-Plaintiff,

and JOHN P. BOSTANY,

    Defendant.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL AND REDACT**

Plaintiff and Counterclaim-Defendant SH Group Global IP Holdings, L.L.C. ("SH Group") hereby responds in opposition to Defendant and Counterclaim-Plaintiff 2399 Collins Avenue Condominium Association, Inc. (the "Association") and Defendant John P. Bostany's ("Bostany") (collectively, "Defendants") Memorandum in Support of its Motion to Seal and Redact (D.E. 59) (the "Memorandum"), and respectfully requests that the Memorandum be denied.

**I.     INTRODUCTION**

Defendants provide no adequate basis for sealing or redacting the declarations of Nicole Salcedo and Bostany (collectively, the "Declarations") and exhibits that they and their attorneys voluntarily filed on the public docket over two weeks ago in an effort to excuse Bostany's failure to comply with basic discovery obligations. Such failure already has prejudiced SH Group and

1

cost it thousands of dollars in connection with the Motion to Compel Bostany to Produce Responsive Documents (D.E. 42) (the "Motion to Compel"). Defendants' only stated reason for belatedly sealing their own filings (*in full*) is attorney-client privilege, but the material they seek to protect is not privileged, and even if it were, Defendants voluntarily waived such privilege. Accordingly, Defendants' Memorandum should be denied.

*First*, and as a preliminary matter, Defendants are not entitled to relief because the Memorandum and its related filing (D.E. 58) are *again* procedurally improper and violate the Court's October 15, 2020 Order (D.E. 57). In violation of Local Rule 5.4(b)(1), Defendants did not file their motion to seal (presumably, D.E. 58) on the public docket, nor did they serve such motion on SH Group. The Memorandum also does not provide all content required by Local Rule 5.4(b)(1), such as the duration for which the material should be sealed and an adequate basis for sealing such filings.

*Second*, the information that Defendants assert should be removed from the public record is not protected by the attorney-client privilege as it does not seek or provide legal advice. To the extent the Court determines any of the content in the Declarations to be privileged, Defendants themselves voluntarily waived such privilege. This is not a case of inadvertent disclosure of privileged information. Rather, Defendants and their attorney knowingly filed the material on the public docket and seek to rely on it in responding to SH Group's Motion to Compel.

*Third*, granting the Memorandum would continue to prejudice SH Group. For months, Defendants and their attorneys cost SH Group thousands of dollars in what should have been unnecessary attorneys' fees that SH Group was forced to incur based on Defendants' obstructive discovery tactics. The filings that Defendants wish to seal and redact make clear that SH Group

should never have had to file the Motion to Compel. Defendants now, including in their latest and *fourth* response to the Motion to Compel, continue to rely on the Declarations to avoid having to actually search for responsive documents and to pay SH Group's expenses, as required under Federal Rule of Civil Procedure 37(a)(5)(A). Defendants cannot use statements they voluntarily filed on the public docket weeks ago as both a sword and a shield.

## II.     FACTUAL BACKGROUND[1]

On October 1, 2020, SH Group filed the Motion to Compel Bostany to Produce Responsive Documents. (D.E. 42.) Such filing followed weeks of SH Group's counsel meeting and conferring with Defendants' counsel about certain Requests for Production to Bostany. As further discussed in the Motion to Compel, Bostany had objected outright to certain Requests for Production, then agreed to search for and produce documents, only to then change course and refuse to do so. (*See id.* at 5–6.) Despite SH Group's additional efforts to meet and confer and avoid motion practice, Bostany maintained his position, thus forcing SH Group to file the Motion to Compel. (D.E. 42-05.)

Thereafter, on October 6, 2020, Defendants filed the Declarations in response to the Motion to Compel. (D.E. 46, 47.) The Declarations discussed Defendants' efforts to collect and produce certain documents, and blamed the conduct that necessitated the Motion to Compel on Defendants' counsel, Allen, Dyer, Dopplet + Gilchrist, P.A. ("Allen Dyer"). Allen Dyer, in turn, withdrew as counsel and stated that the Declarations "are not accurate and suggest improper conduct on behalf of Counsel," and refuted certain statements therein. (D.E. 49 at 3.) On October 9, 2020, the Court ordered that Defendants' remaining counsel "respond to the Allen

---

[1]   As Ordered by Magistrate Judge Reid, SH Group will file a Reply in support of the Motion to Compel by October 29, 2020. SH Group provides the following factual background for the Court's convenience as it is relevant to the Memorandum.

3

Dyer firm's concerns as to the veracity" of the Declarations. (D.E. 53 at 3.) Defendants responded to the Court's order on October 14, 2020, stating that they filed the Declarations "as an attempt to resolve the discovery issues pending." (D.E. 54 ¶ 7.) Defendants also requested to withdraw the Bostany Declaration and file the Salcedo Declaration under seal. (*Id.* ¶ 12.)

On October 15, 2020, the Court issued an Order noting that the requests to withdraw and file under seal were improper as they "must be made by motion and must be done in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court." (D.E. 57.) The Court denied Defendants' request without prejudice and with leave to refile the appropriate motions. (*Id.*) Defendants filed their Memorandum on October 22, 2020, requesting to seal in full the Declarations, as well as all exhibits thereto. (D.E. 59.)

## III.   ARGUMENT

### A.   Removing Information from the Public Docket is Disfavored.

"This Court is generally disinclined to allow sealed filings, both for . . . public policy reasons . . . and the administrative burden and potential confusion that such filings cause." *Jansen v. W. Palm Nissan, Inc.*, No. 05-80889CIV, 2006 WL 1582068, at *1 (S.D. Fla. June 6, 2006). As the Eleventh Circuit has noted, "[a]bsent a showing of extraordinary circumstances . . . the court file must remain accessible to the public." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). Accordingly, Local Rule 5.4 has specific requirements that must be met in order to justify "departing from the policy that Court filings are public." S.D. Fla. L.R. 5.4(b)(1).[2]

---

[2] The two cases that Defendants cite for the proposition that public access to the material is unwarranted are inapposite. Rather, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.* merely reflected that certain material attached to discovery motions may be confidential, and thus shielded from public disclosure. 263 F.3d 1304, 1311 (11th Cir. 2001). But that same decision also reflected that "judicial records" such as the Declarations should be public. *Id.* Moreover, *Rosolen v. Home Performance Alliance, Inc.* granted an unopposed motion to seal

**B.     Defendants Failed to Comply with the Court's Order and Local Rule 5.4.**

As a preliminary matter, the Memorandum should be denied as a procedural matter because it fails to Comply with the Court's October 15, 2020 Order, as well as Local Rule 5.4. The Court's Order made clear that Defendants must file "appropriate motions," which "must be done in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court." (D.E. 57.)  Local Rule 5.4(b)(1) requires that "[t]he motion to file under seal and the docket text shall be publicly available on the docket" and that "[t]he moving party must complete any required service of the sealed filing or Notice of Sealed Filing conventionally, indicating the corresponding docket number of the sealed filing or Notice of Sealed Filing."  The Rule also requires that the motion "specify the proposed duration of the requested sealing" and that it "sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed . . . with as much particularity as possible."  S.D. Fla. L.R. 5.4(b)(1).

Defendants did not comply with any of these requirements.  Instead, they merely filed on the public docket the Memorandum.  Presumably, a motion also was filed as D.E. 58, but that filing was not made on the public docket, nor was it served on SH Group.  The Memorandum also fails to specify any proposed duration for the sealing.  Moreover, the Memorandum fails to adequately specify the factual and legal basis for sealing the filings, instead merely reciting rules (which Defendants have not complied with) and inapposite case law, as discussed further below.

---

a deposition that contained confidential information.  No. 2:19-cv-24-FtM-66NPM, 2020 WL 4750339, at *1 (M.D. Fla. Aug. 17, 2020).

### C.  The Information Defendants Seek to Seal Is Not Privileged, But if so, Such Privilege Has Been Waived.

"The attorney-client privilege attaches . . . to confidential communications between an attorney and client for the purposes of securing legal advice or assistance." *Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1334 (11th Cir. 2018); *see also Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994).  A client may waive the attorney-client privilege "either expressly or by implication." *Knox v. Roper Pump Co.*, 957 F.3d 1237, 1248–49 (11th Cir. 2020) (citing *Cox*, 17 F.3d at 1417)); *see also Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 687 (S.D. Fla. 2010) ("[V]oluntary disclosure of the facts in question constitutes a waiver of the [attorney-client] privilege.").

> Under the doctrine of waiver by implication, "[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." *Id.* (alteration in original) (citation omitted).  "[T]he doctrine of waiver by implication reflects the position that the attorney-client privilege 'was intended as a shield, not a sword.'" *Id.* (quoting *GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987)). Thus, a party waives the attorney-client privilege when that party places privileged information in issue "through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party." *Cox*, 17 F.3d at 1417 (citation omitted).

*Knox*, 957 F. 3d at 1248–49.

Here, Defendants seek to seal, *in full*, the Declarations, along with the documents attached as exhibits to Ms. Salcedo's declaration.  Defendants state that such filings "contain attorney-client privileged information" (D.E. 59 at 3) without explaining what content is privileged and why.  The filings contain references to communications between Defendants and their former counsel about discovery issues, but do not appear to contain legal advice.

Regardless, to the extent the filings contain material protected by the attorney-client privilege, Defendants waived such privilege by voluntarily filing such information on the public docket, producing it to SH Group, and relying on it in defending against the Motion to Compel.

6

Defendants do not claim to have inadvertently disclosed privileged information, nor could they. Rather, the filings were made by Defendants' current counsel, Dania S. Fernandez, P.A., with Defendants' knowledge and consent. Moreover, Bostany himself is a practicing lawyer, and thus knew the implications of filing the materials on the public docket and producing them to SH Group. (*See* D.E. 49 at 3.)

To the extent Defendants now seek to excuse their "hasty" filing of the Declarations (D.E. 59 at 3) as an inadvertent production of privileged information (which it is not), Defendants cannot show "the holder of the privilege or protection took reasonable steps to prevent disclosure" and "the holder promptly took reasonable steps to rectify the error." Fed. R. Evid. 502(b)(2)–(3). Indeed, the filings were made over two weeks ago, and even after the Court allowed Defendants to file an appropriate motion, they waited another week before making such filing. (*See* D.E. 46, 47, 57, 59.) Any attempt to clawback or seal the information Defendants themselves published should be rejected outright.

Defendants' only stated argument against the waiver of the privilege is that "none of the issues discussed in the filings that Defendants seek to seal discuss defenses to any of the substantive issues in the case, much less a central issue in the case." (D.E. 59 at 4.) Yet, the Declarations form the very basis of Defendants' response to the Motion to Compel, including in the latest response to such motion that Defendants' new counsel filed. (D.E. 60 at 3–4.) Defendants cannot have it both ways. Moreover, the Declarations merely confirm that SH Group should never have had to file the Motion to Compel, thus going to the heart of the issues the Court must determine in deciding the Motion to Compel.

The two cases that Defendants cite do not support their position that the privilege was not waived. Both *Jones v. RS&H, Inc.* and *Butterworth v. Laboratory Corp. of Am. Holdings* dealt

7

with testimony elicited during depositions, where the witnesses merely stated that they had consulted with counsel. *Jones v. RS&H, Inc.*, No. 8:17-CV-54-T-24JSS, 2018 WL 538742, at *2 (M.D. Fla. Jan. 24, 2018); *Butterworth v. Lab'y Corp. of Am. Holdings*, No. 3:08-CV-411-J-34JRK, 2010 WL 11470895, at *6 (M.D. Fla. Dec. 2, 2010), *aff'd*, No. 3:08-CV-411-J-34JRK, 2011 WL 13137953 (M.D. Fla. Oct. 14, 2011). The witnesses did not disclose the contents of such privileged communications, and the disclosing parties also stated that they would not rely on the deposition testimony. *Jones*, 2018 WL 538742, at *3; *Butterworth*, 2010 WL 11470895, at *6. In contrast, here, Defendants themselves voluntarily presented the content of communications with their attorneys to the Court and SH Group, thus choosing to waive any privilege, and are continuing to rely on such information. Such information also goes to the heart of the Motion to Compel.

### D. It Would Be Unfair to SH Group for the Publicly Filed Information to Be Sealed.

As is clear from the procedural history here, SH Group has already been prejudiced by Defendants' obstructive discovery tactics and their numerous filings in response to the Motion to Compel have only forced SH Group to incur further expenses. Defendants should not be allowed to withdraw and seal the filings that they made public weeks ago while also relying on such filings to defend against the Motion to Compel. Nor should they be allowed to shield from this Court and SH Group their apparent failure to comply with their discovery obligations, as is made clear by the Declarations.

At base, this case is similar to *Cox* as Defendants "injected the issue" of their lawyers' alleged refusals to comply with Defendants' instructions and revealed those attorney-client privileged discussions to do so. *See Cox*, 17 F.3d at 1418. Thus, "it would be inequitable to allow [Defendants] to present evidence tending to show that it intended to comply with the law,

while allowing it to cloak in privilege those documents tending to show [their or their attorneys'] actions did not conform to the law." *Id.*

Here, due to Bostany's failure to properly respond to document requests, the Motion to Compel was filed under Fed. R. Civ. P. 37(a)(3)(B)(iv). (*See* D.E. 42 at 10 ("Bostany's ongoing failure to even search for responsive documents, necessitating this Motion, is completely unjustified.").) As part of the Motion to Compel, SH Group sought its expenses, including attorneys' fees under Fed. R. Civ. P. 37(a)(5)(A). (*Id.* at 1, 10.) It is clear that Defendants filed the Declarations in an attempt to avoid an award of SH Group's attorneys' fees for the Motion to Compel. As such, the Declarations remain necessary and relevant to the Motion to Compel and the Court's determination of whether Bostany's failure to comply with discovery was or was not "substantially justified" under Rule 37(a)(5)(A). For the avoidance of any doubt, SH Group reasserts that Bostany's conduct was not "substantially justified" and that he should be ordered to pay SH Group's expenses, including attorneys' fees, for the Motion to Compel.

Because Defendants themselves injected their discourse with their former counsel into the case, in an apparent attempt to avoid the relief sought in the Motion to Compel, they have waived the attorney-client privilege. *See Chick-fil-A v. ExxonMobil Corp.*, 08-61422-CIV, 2009 WL 3763032, at *8 (S.D. Fla. Nov. 10, 2009) (quoting *Cox*, 17 F.3d at 1419) ("To waive a privilege, a party must do more than merely deny the opposing party's accusations; it must affirmatively 'inject a new factual or legal issue into the case.'"). To seal or otherwise imbue the Declarations with the protections of the attorney-client privilege *after* they have been publicly filed and used in a manner intended to be against SH Group would be manifestly unfair. Defendants cannot now seek to seal the Declarations, and bring their communications with

9

counsel behind the shield, after they have used such communications as a sword against SH Group.  *See Cox*, 17 F.3d at 1417.

## IV. CONCLUSION

For the reasons discussed above, SH Group requests that the Court deny Defendants' Memorandum (D.E. 59) and the related, but improperly concealed, motion (D.E. 58), if the Court considers them.

Dated: October 23, 2020

Respectfully submitted,

*/s/ Gavin C. Gaukroger*
Gavin C. Gaukroger
Fla. Bar. No. 76489
Christina M. Perry
Fla. Bar. No. 1003098
**BERGER SINGERMAN LLP**
350 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900; Fax (954) 523-2872
Email: ggaukroger@bergersingerman.com
Email: cperry@bergersingerman.com
Email: DRT@bergersingerman.com

DALE M. CENDALI
(Admitted *Pro Hac Vice*)
CLAUDIA RAY
(Admitted *Pro Hac Vice*)
SHANTI SADTLER CONWAY
(Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel. (212) 446-4800; Fax (212) 446-6460
Email: dale.cendali@kirkland.com
Email: claudia.ray@kirkland.com
Email: shanti.conway@kirkland.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HERBY CERTIFY that on October 23, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF which will send notice of electronic filing to all counsel of record.

By: */s/ Gavin C. Gaukroger*  
Gavin C. Gaukroger