**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:20-CV-22423-UU

SH GROUP GLOBAL IP HOLDINGS, L.L.C.,

    Plaintiff/Counterclaim-Defendant,

v.

2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC.

    Defendant/Counterclaim-Plaintiff,

and JOHN P. BOSTANY,

    Defendant.

**PLAINTIFF/COUNTERCLAIM-DEFENDANT SH GROUP GLOBAL
IP HOLDINGS, L.L.C.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
<u>DEFENDANT JOHN P. BOSTANY TO PRODUCE RESPONSIVE DOCUMENTS</u>**

**TABLE OF CONTENTS**

|      |                                                                                                           | Page |
|------|-----------------------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION ........................................................................................... | 1    |
| II.  | ARGUMENT.................................................................................................. | 2    |
|      | A.  Bostany's Refusal to Search for and Produce Responsive Documents Is Unjustified................. | 2    |
|      | B.  SH Group Should Not Be Prejudiced by Bostany's Dispute with His Former Counsel.............. | 4    |
|      | C.  Bostany's Amended Responses to the RFPs Remain Deficient. ........................... | 6    |
| III. | CONCLUSION.............................................................................................. | 7    |

**I.     INTRODUCTION**

Defendant John P. Bostany's ("Bostany") responses to Plaintiff/Counterclaim-Defendant SH Group Global IP Holdings, L.L.C.'s ("SH Group") Motion to Compel Bostany to Produce Responsive Documents (D.E. 46, 47, 54, 60) (collectively, the "Responses") reflect that Defendants have not lived up to their discovery obligations, but rather have engaged in obstructive tactics. The result has been unnecessary motion practice and a waste of the parties' and this Court's resources. And despite filing the four Responses and now serving Amended Responses to SH Group's Requests for Production Nos. 6–7, 13–15, 33, and 36 (the "RFPs"), Bostany still refuses to search for and produce documents. This Court should grant the Motion to Compel and reimburse SH Group's reasonable expenses, including its attorneys' fees, as required by Federal Rule of Civil Procedure 37(a)(5)(A).[1]

First, the Responses confirm that Bostany (a practicing attorney) had no justification for not searching for and producing responsive documents. Bostany claimed that responsive documents were held by Defendant and Counterclaim-Plaintiff 2399 Collins Avenue Condominium Association, Inc. (the "Association"). But as Bostany does not contest, that does not excuse him from also searching for and producing any responsive documents. Bostany also objected on the basis that documents were not within his possession, custody, or control, but was vague as to whether that was the basis for withholding production and whether it was a representation that he did not have *any* responsive documents, as opposed to not having *some* responsive documents. SH Group repeatedly sought clarification, but to no avail.

---

[1]   SH Group defers to the Court with respect to whether it would find a hearing on the Motion to Compel helpful.

1

Second, to the extent that Bostany blames his now former counsel for his deficient discovery responses, that does not excuse Bostany's unfounded objections.  Nor does it change that SH Group had to incur expenses in connection with the Motion to Compel.

Third, Bostany's Amended Responses to the RFPs remain deficient.  For some, Bostany merely states that the Association has responsive documents, which, again, is no excuse.  For other RFPs, Bostany claims to not have any responsive documents, but he has not conducted a reasonable search, nor is such a statement credible given his position with the Association.

**II.    ARGUMENT**

   **A.    Bostany's Refusal to Search for and Produce Responsive Documents Is Unjustified.**

The Responses provide no adequate justification for Bostany's refusal to search for and produce documents in response to the RFPs.  He argues that the RFPs call for documents in the possession, custody, or control of the Association and that do not relate to Bostany, and thus he should not have to search for or produce documents.  This is both legally and factually wrong.

As a legal matter, the fact that another entity may have responsive documents does not excuse the party from conducting a reasonable search and producing responsive documents.  *See LLB Convenience & Gas, Inc. v. Se. Petro Distribs., Inc.*, No. 18-CV-914-ORL-40TBS, 2019 WL 1586732, at *4 (M.D. Fla. Apr. 12, 2019) (granting motion to compel and finding "irrelevant" that another party may already have documents); *Miccosukee Tribe of Indians of Fla. v. Cypress*, No. 12-22439-CIV, 2013 WL 10740706, at *5 (S.D. Fla. June 28, 2013).  Thus, while the Association may also have responsive documents, that does not excuse Bostany from searching for and producing documents.  *See Kindred Rehab Servs., Inc. v. Fla. Convalescent Ctrs., Inc.*, No. 3:06-CV-218-J-33MCR, 2007 WL 1695991, at *2 (M.D. Fla. June 11, 2007) (noting defendant's independent "duty to produce all responsive documents"); *Floeter v. City of*

*Orlando*, No. 6:05-CV-400-ORL-22KRS, 2007 WL 486633, at *7 (M.D. Fla. Feb. 9, 2007) ("it was not appropriate for Floeter to refuse to produce responsive documents in his possession, custody or control based on his contention that the City already possessed the documents"). Bostany offers no response to this argument and case law.

Bostany's argument that the RFPs seek documents that only could be held by the Association, and not Bostany, also is factually flawed. Bostany is the Board President of the Association and is accused in this litigation of directing, controlling, and inducing the Association's trademark infringement and tortious interference. (*See* D.E. 1 ¶¶ 2, 5, 46–47, 57.) Bostany has used personal email addresses in connection with matters for the Association. He also may have personal text messages, hard copy documents, and electronic documents (including drafts) on his personal computing devices. The Association did not represent that their collection efforts covered those potential sources for Bostany's documents, and Defendants' insistence on distinguishing between the Association and Bostany (including in the pending motion to dismiss the claims against Bostany[2]) suggested the contrary. Moreover, the Association's document collection efforts discussed in the Declarations of Bostany and Nicole Salcedo (the "Declarations") refer only to a "Google Drive" of documents (*e.g.*, D.E. 46 ¶ 3; 47 ¶ 6), indicating that the Association did not search other sources.

Moreover, it should not be lost that Bostany is responsible for the Motion to Compel. Bostany's responses to the RFPs merely provided objections, without stating whether documents would be searched for and produced, or if Bostany was refusing to do so. (*See* D.E. 42 at 2, 7–8; D.E. 42-02 at 4, 7, 14–15.) SH Group sought clarification, and attempted to avoid motion

---

[2] Bostany notes that his Motion to Dismiss the Complaint remains pending. (D.E. 60 at 2 n.1.) Bostany has not, however, moved to stay discovery pending that motion.

3

practice, many times. For instance, after Bostany broke his agreement to amend his responses to the RFPs and to search for and produce responsive documents, SH Group asked:

> [I]s your position that such documents are not in Mr. Bostany's possession, custody or control? If that is the case, can you please confirm that there are no documents that are respons[ive] to [the Requests for Production] that are in Mr. Bostany's possession, custody, or control? Please clarify so we can assess whether a motion to compel is needed.

(D.E. 42-05 at 3.) In response, Bostany stated that he "stands by the objections provided for each response. These requests are for documents that are all clearly Association records not personal records of Mr. Bostany." (*Id.* at 2.) In response, SH Group explained:

> As the Association's Board President, Mr. Bostany presumably would have these documents as well. It is possible that Mr. Bostany could have documents that the Association does not have. We have no way of knowing. The simple solution here, and what is required under the Federal Rules, is for Mr. Bostany to agree to search for and produce any responsive documents that are in his possession, custody, or control. We understand from your below response that he is refusing to do so.

(*Id.*) SH Group followed up again after that, noting: "If we do not receive a response, including amended/supplemental discovery responses, we will have no choice but to move to compel." (*Id.* at 1.) Bostany never responded. Because Bostany's conduct caused the Motion to Compel, he must be ordered to reimburse SH Group's reasonable expenses. *See* Fed. R. Civ. P. 37(a)(5)(A).

### B. SH Group Should Not Be Prejudiced by Bostany's Dispute with His Former Counsel.

The Declarations blame Defendants' former counsel, Allen, Dyer, Doppelt + Gilchrist, P.A. ("Allen Dyer") for Bostany's discovery deficiencies. The Declarations do not contest that Bostany (a practicing attorney) instructed and approved the Responses to the RFPs, nor that he instructed counsel to stand on the objections thereto after he previously agreed to produce responsive documents. In fact, the Bostany Declaration reveals that Bostany was an active

4

participant in the Responses to the RFPs.  (*See* D.E. 47 ¶ 7.)  Moreover, while the Salcedo Declaration claims that Allen Dyer did not inform Defendants as to SH Group's most recent follow-ups regarding the RFPs (D.E. 46 ¶ 8), they do not contest that they were aware of the pending issue based on prior correspondence (*see* D.E. 42-05).

Defendants accuse Allen Dyer of "resisting" and "refus[ing]" to produce certain documents.  (D.E. 46 ¶ 19; D.E. 47 ¶¶ 7, 9.)  Bostany also accuses Allen Dyer of instructing him to lie, stating that the firm "advis[ed] that they would only provide the documents to the Plaintiff if I pretended that the documents were not on the Google Drive."  (D.E. 47 ¶ 9.)  In response, Allen Dyer has stated that the Declarations are "not accurate" and that the firm "has not refused to produce documents and has never suggested, advised, or hinted in any manner that Mr. Bostany, a practicing lawyer, should 'pretend' something to be not what it is or in any way mislead this Court."  (D.E. 49 at 3.)  This Court specifically ordered Defendants to "respond to the Allen Dyer firm's concerns as to the veracity of [the Declarations.]"  (D.E. 53 at 3.)  In response, Defendants merely claimed that "[t]here was some miscommunication between Defendants and prior counsel concerning what was directed to be produced."  (D.E. 54 ¶ 6.)

SH Group should not be the victim of whatever "miscommunication" or misconduct occurred between Defendants and their former counsel.  Rule 37(a)(5)(A) requires that:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A); *see also Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) ("Federal courts routinely award Rule 37 expense awards (including attorney's fees) against both the party and its counsel.") (emphasis removed). It is clear that Bostany was responsible for the objections that led to the Motion to Compel.

5

Even if Allen Dyer also is responsible, the failure to search for and produce documents was not justified and SH Group is thus entitled to reimbursement of its expenses. *See Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 916 (11th Cir. 1982) ("the perception that counsel was primarily at fault . . . should play no role in the decision whether to assess attorney's fees"); *Jones v. Anheuser Busch, Inc.*, No. 4:07-CV-0208-HLM, 2008 WL 11431078, at *2 (N.D. Ga. Dec. 19, 2008), *aff'd sub nom.*, 331 F. App'x 708 (11th Cir. 2009) (finding party "responsible for his lawyer's actions or inactions in this case").

### C. Bostany's Amended Responses to the RFPs Remain Deficient.

In Defendants' fourth filing relating to the Motion to Compel, Bostany has now served Amended Responses to the RFPs (D.E. 60-01), over two months after the initial responses were due, and almost two months after Bostany had initially agreed to provide amended responses (only weeks later to breach that agreement) (D.E. 42-04 at 3; D.E. 42-05 at 14). As a preliminary matter, even if the Amended Responses resolved the deficiencies, SH Group still would be entitled to its expenses as such amendment was made after the Motion to Compel was filed. Fed. R. Civ. P. 37(a)(5). Moreover, Bostany's responses remain deficient.

In response to RFP Nos. 6–7 and 14–15, Bostany states that "responsive documents are in the possession, custody, or control of the ASSOCIATION[.]" (D.E. 60-01 at 2–3.) As discussed above, that does not excuse Bostany from also producing responsive documents. To the extent that Bostany possesses the same documents as the Association, that is relevant. For instance, RFP No. 7 requests "DOCUMENTS sufficient to show the founding or formation of the ASSOCIATION and the scope of its authority." (D.E. 42-01 at 11.) In response, Bostany pointed to "a Condo Declaration and Association Formation documents[.]" (D.E. 60-01 at 2.) To the extent Bostany also has such documents, that goes to his knowledge regarding the scope of the Association's authority, including its ability (or lack thereof) to use and apply to register

6

trademarks owned by SH Group, or which otherwise infringe SH Group's trademark rights. (*See* D.E. 1 ¶¶ 32–34, 44, 62–64, 79, 81 (referencing the Declaration of Condominium).) Likewise, to the extent Bostany possesses documents regarding the Association's expenditures on marketing, surveys, or research regarding the 1 HOMES mark, as requested in RFP Nos. 14–15, that is relevant to establishing Bostany's involvement in the Association's trademark infringement, as well as Bostany's breach of his contractual obligations. (*See id.* ¶¶ 4–5, 44, 46, 57, 66, 74.)

In response to RFP Nos. 13, 33, and 36, Bostany states that "there are no responsive documents within Bostany's possession, custody, or control[.]" (D.E. 60-01 at 2–3.) This is not credible. In particular, Bostany was directly involved in the filing of the Petition for Cancellation of SH Group's trademark registrations, and thus should have documents that were "referenced, relied upon or otherwise consulted" in preparing that petition. Bostany has refused to search his emails or other potential document sources, which would not be held by the Association. The recent filings involving Allen Dyer also raise serious credibility concerns about Bostany, thus supporting the need for the Court to ensure that he conducts an appropriate search for any responsive documents. *See Evergreen Media Holdings, LLC v. Paul Rock Produced, LLC*, No. 2:14-cv-499-FTM-29MRM, 2017 WL 8811732, at *2 (M.D. Fla. Dec. 13, 2017) (requiring certification of reasonably diligent search and awarding attorneys' fees); *Arconic, Inc. v. Universal Alloy Corp.*, No. 1:15-CV-01466-ELR, 2017 WL 9516598, at *2 (N.D. Ga. Nov. 28, 2017) (same).

### III. CONCLUSION

For the foregoing reasons, SH Group respectfully requests that the Court enter an order requiring Bostany to search for and produce all documents that are responsive to the RFPs, to award SH Group its reasonable expenses incurred relating to this Motion (including attorneys' fees), and for all such other relief as the Court deems just and proper.

7

Dated: October 29, 2020          Respectfully submitted,

         */s/ Gavin C. Gaukroger*
Gavin C. Gaukroger
Fla. Bar. No. 76489
Christina M. Perry
Fla. Bar. No. 1003098
**BERGER SINGERMAN LLP**
350 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
Email: ggaukroger@bergersingerman.com
Email: cperry@bergersingerman.com
Email: DRT@bergersingerman.com

DALE M. CENDALI
(admitted *pro hac vice*)
CLAUDIA RAY
(admitted *pro hac vice*)
SHANTI SADTLER CONWAY
(admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel. (212) 446-4800
Fax (212) 446-6460
Email: dale.cendali@kirkland.com
Email: claudia.ray@kirkland.com
Email: shanti.conway@kirkland.com

*Attorneys for Plaintiff/Counterclaim-Defendant*

8

## **CERTIFICATE OF SERVICE**

I HERBY CERTIFY that on October 29, 2020, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the court via CM/ECF which will send notice of electronic filing to all counsel of record.

By: <u>*/s/ Gavin C. Gaukroger*</u><br>
Gavin C. Gaukroger