UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22423-CV-UNGARO
MAGISTRATE JUDGE REID

SH GROUP GLOBAL IP HOLDINGS, L.C.C.,

    Plaintiff/Counter-Defendant,

v.

2399 COLLINS AVENUE CONDOMINIUM
ASSOCIATION, INC., a Florida corporation,
and JOHN P. BOSTANY, an Individual,

    Defendants/Counter-Plaintiffs.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO SEAL [ECF No. 58]

This matter is before the Court on Defendants/Counter-Plaintiffs 2399 Avenue Condominium Association, Inc. and John P. Bostany's Motion to Seal. [ECF No. 58]. This cause has been referred to the Undersigned to take all necessary and proper action as required by law with respect to the Motion. [ECF No. 43].

In the Motion, Defendants seek to seal certain statements in Declarations made by Nicole Salcedo [ECF No. 46] and John P. Bostany [ECF No. 47], filed in response to Plaintiff's Motion to Compel. Defendants state that these statements contain attorney-client privileged communications with their counsel regarding documents sought by Plaintiff's Motion to Compel and that the communications were inadvertently disclosed.

A hearing was held on Plaintiff's Motion to Compel and Defendants' Motion to Seal on November 12, 2020 [ECF No. 69] and the Motion to Seal was also discussed at a second hearing regarding discovery matters before the Undersigned on December 16, 2020, where the

Undersigned orally denied the Motion to Seal. [ECF No. 79]. However, upon further consideration, the Motion [ECF No. 58] should instead be **GRANTED**.

There are two reasons for this change. First, now that the Motion to Compel and the payment of Plaintiff's attorneys' fees related to that motion has been resolved, the Declarations and the statements made in them are no longer relevant to this case and have no bearing on the claims or defenses of either party. Second, a further review of the pleadings and the Eleventh Circuit's binding holding in *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-13 (11th Cir. 2001), reveals that the proposed sealed material is not subject to the common-law right of public access because it was filed in connection with a discovery motion, rather than in connection with a pretrial motion that required judicial resolution of the merits of the case. As such, sealing the Declarations is proper when balancing the respective interests of the parties.

In opposition to the Motion to Seal, Plaintiff argues that the Motion: (1) was incorrectly filed in violation of the Local Rules; (2) is not protected by attorney-client privilege or waived such privilege; and (3) that Plaintiff would be prejudiced by sealing the statements because they "go to the heart of the issues the Court must determine in deciding the Motion to Compel" and Defendants cannot use them as both a sword to defend against the Motion to Compel, while also hiding behind the shield of the privilege to protect themselves. [ECF No. 62].

Plaintiff's first argument is that the Motion to Seal fails to comply with S.D. Fla. L.R. 5.4 because the Motion was not filed on the public docket, was inadvertently not served on Plaintiff until some time after it was filed, and did not contain all content required under 5.4(b)(1), such as the duration for which the material should be sealed and an adequate basis for sealing such filings. Plaintiff is correct; however, Defendants' non-compliance was inadvertent and did not prejudice

Plaintiff because it was cured shortly after the Motion to Seal was filed. Thus, this non-compliance does not require denial.

Plaintiff's second argument is that the Motion to Seal should be denied because the statements from the Declarations are not protected by attorney-client privilege or waived such privilege. Plaintiff states that "the Declarations merely confirm that SH Group should never have had to file the Motion to Compel, thus going to the heart of the issues the Court must determine in deciding the Motion to Compel." Similarly, Plaintiff's third argument is that Plaintiff would be prejudiced by the sealing of the statements in the Declarations because of it would be unfair to allow Defendants to use them as both as sword and a shield as they relate to the then-pending Motion to Compel.

However, as previously mentioned, because the Motion to Compel was granted and the issue of attorneys' fees incurred by Plaintiff has been resolved, any prejudice has been remedied. Further, the fact that the statements go to the heart of the Motion to Compel, as opposed to the substantive claims or defenses in the case, favors sealing them pursuant to the Eleventh Circuit in *Chicago Tribune*, 263 F.3d at 1312-13. Thus, while prejudice to Plaintiff may have been a sufficient basis to deny the Motion to Seal when it was first filed, these arguments can no longer support the denial of the Motion.

Accordingly, it is hereby **ORDERED** that the Motion to Seal [ECF No. 58] is **GRANTED**, and that the Declarations remain under seal until further ordered by the Court.

**DONE AND ORDERED** this 18th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  **U.S. District Judge Ursula Ungaro**; and

   **All Counsel of Record via CM/ECF**