UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1-20-cv-22423-UU**

SH GROUP GLOBAL IP HOLDINGS,
L.L.C., a Delaware limited liability
company,

    Plaintiff,

vs.

2399 COLLINS AVENUE
CONDOMINIUM ASSOCIATION, INC., a
Florida corporation, and JOHN P.
BOSTANY, an individual,

    Defendants.

**DEFENDANT JOHN P. BOSTANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant JOHN P. BOSTANY ("Mr. Bostany"), by and through his undersigned counsel, submits the following answer in response to the Complaint [D.E. 1] filed by Plaintiff SH GROUP GLOBAL IP HOLDINGS, L.L.C.'s ("SH Group" or "Plaintiff"), and states as follows:

**ANSWER**

**NATURE OF THE CASE**

1. Admitted only to the extent this action is described as one for trademark infringement. The reminder of this paragraph is denied.

2. Admitted only to the extent that Defendant 2399 COLLINS AVENUE CONDOMINIUM ASSOCIATION, INC. ("the Association"), represents the condominiums located at 2399 Collins Avenue, Miami Beach, FL 33139. Admitted that Mr. Bostany is the Association's Board President and owns a unit in the condominium. Admitted that the Association

has asserted ownership rights in its trademark 1 HOMES and has filed federal trademark registrations for its 1 HOMES mark. The remainder of the paragraph is denied.

3. Admitted only to the extent that Mr. Bostany executed the Purchase Agreement and Buyer's Acknowledgement in his individual capacity when purchasing his condominium unit. The remainder of the paragraph is denied.

4. Admitted only to the extent that the Association has filed federal trademark registrations for its 1 HOMES mark. The remainder of the paragraph is denied.

5. Admitted only to the extent that on December 31, 2019, the Association moved to cancel Plaintiff's registrations for the marks 1 HOTEL & HOMES (Stylized), Reg. No. 4,837,287; 1 HOTEL & HOMES (Stylized), Reg. No. 4,832,423; and 1 HOTEL & HOMES SOUTH BEACH (Stylized), Reg. No. 4,837,289 (collectively, the "SHG Registrations" or "SHG Marks") on the basis of fraud in the prosecution of the SHG registrations, descriptiveness, lack of bona fide intent to use the marks when filing the applications, lack of bona fide use of the marks when filing the Statements of Use, and abandonment of the marks. The remainder of the paragraph is denied.

6. Denied.

## THE PARTIES

7. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies them.

8. Admitted.

9. Admitted.

## JURISDICTION AND VENUE

10. Admitted only to the extent that the Court has subject-matter jurisdiction over this action, otherwise denied.

11. Admitted only to the extent that Court has personal jurisdiction over the Association in this action and that the Association is a Florida corporation and conducts business in Florida, otherwise denied.

12. Admitted.

13. Admitted.

14. Denied.

**SH GROUP, ITS SERVICES AND ITS 1 HOTEL & HOMES TRADEMARKS**

15. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of these paragraphs, and therefore denies them.

16. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of these paragraphs, and therefore denies them.

17. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of these paragraphs, and therefore denies them.

18. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of these paragraphs, and therefore denies them.

19. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of these paragraphs, and therefore denies them.

20. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of these paragraphs, and therefore denies them.

21. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of these paragraphs, and therefore denies them.

22. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of these paragraphs, and therefore denies them.

23. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of these paragraphs, and therefore denies them.

24. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of these paragraphs, and therefore denies them.

## DEFENDANT BOSTANY'S CONTRACTUAL DUTIES

25. Admitted that Mr. Bostany is the Association's Board President and owns a unit in the condominiums located at 2399 Collins Avenue, Miami Beach, FL 33139.

26. Admitted only to the extent that Mr. Bostany executed the Purchase Agreement in his individual capacity when purchasing his condominium unit. Mr. Bostany is without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and therefore denies them.

27. Denied.

28. The document speaks for itself.

29. The document speaks for itself.

30. This paragraph appears to assert a legal conclusion and, as such, does not require any response from Mr. Bostany. To the extent any allegations present require a response, Mr. Bostany denies them.

31. The document speaks for itself.

32. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies them.

33. The document speaks for itself.

34. Denied.

35. The document speaks for itself.

36. The document speaks for itself.

37. Denied.

38. The document speaks for itself.

39. The document speaks for itself.

40. This paragraph appears to assert a legal conclusion and, as such, does not require any response from Mr. Bostany. To the extent any allegations present require a response, Mr. Bostany denies them.

41. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies them.

42. Mr. Bostany is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore denies them.

43. This paragraph appears to assert a legal conclusion and, as such, does not require any response from Mr. Bostany. To the extent any allegations present require a response, Mr. Bostany denies them.

44. Denied.

**DEFENDANTS' INFRINGEMENT OF THE 1 HOTEL & HOMES MARKS**

45. Denied.

46. Admitted only to the extent that Mr. Bostany signed the Association's federal trademark application Serial No. 88/457,662 in his capacity as the Association's Board President. The remainder of the paragraph is denied.

47. Denied.

48. The trademark application file history speaks for itself.

49. Admitted only to the extent that the Association has filed the following trademark registrations applications: (1) Serial No. 88/879,248 for "1 HOMES" in International Class 25 for "Hats; Shirts"; (2) Serial No. 88/914,537 for "1 HOMES" in International Class 21 for "mugs; glasses; and tea kettles," in International Class 24 for "home goods, namely beach towels, throws and blankets," and in International Class 28 for "stuffed animals and plush toys"; and (3) Serial No. 88/925,433 for "1 HOMES" in International Class 35 for "online retail store services for clothing and accessories; On-line retail gift shops", otherwise denied.

50. Admitted.

51. Denied.

52. Admitted only to the extent that the Association operates an on-line retail shop that offers for sale t-shirts, hats, and bags bearing the Association's 1 HOMES mark, otherwise denied.

53. Denied.

54. Bostany admits that his LinkedIn profile has referred to him as the "Board President for 1 Homes at 1 Hotels." Bostany also admits that his LinkedIn profile has used a 1 Hotels logo. Bostany further admits that he has never been an employee or board member of SH Group. Bostany denies all the remaining allegations of this paragraph.

**DEFENDANTS' ATTEMPT TO CANCEL SH GROUP'S REGISTERED MARKS**

55. Denied, the Petition to Cancel for Cancellation Petition (No. 92073091) was filed on December 31, 2019 and the proceeding was instituted by the TTAB on January 6, 2020.

56. Admitted.

57. Denied.

## COUNT I
## BREACH OF THE PURCHASE AGREEMENT (Against Defendant Bostany)

58. Mr. Bostany restates and incorporates by reference its answers to paragraphs 1 – 57.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## COUNT II
## BREACH OF THE BUYER'S ACKNOWLEDGEMENT
## (Against Defendant Bostany)

71. Mr. Bostany restates and incorporates by reference its answers to paragraphs 1 – 70.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT III
## TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP
### (Against Defendant Association)

78. Mr. Bostany restates and incorporates by reference its answers to paragraphs 1 – 77.

79. The Count is not directed to Bostany and was dismissed by Court Order; thus, no answer from Mr. Bostany is necessary.

80. The Count is not directed to Bostany and was dismissed by Court Order; thus, no answer from Mr. Bostany is necessary.

81. The Count is not directed to Bostany and was dismissed by Court Order; thus, no answer from Mr. Bostany is necessary.

82. The Count is not directed to Bostany and was dismissed by Court Order; thus, no answer from Mr. Bostany is necessary.

## COUNT IV
## INFRINGEMENT OF REGISTERED TRADEMARKS (SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114)

83. Mr. Bostany restates and incorporates by reference its answers to paragraphs 1 – 82.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## COUNT V
## FALSE DESIGNATION OF ORIGIN
## (SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A))

92. Mr. Bostany restates and incorporates by reference its answers to paragraphs 1–91.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

## COUNT VI
## TRADEMARK INFRINGEMENT
## (UNDER SECTION 495.001, ET SEQ., FLORIDA STATUTES)

99. Mr. Bostany restates and incorporates by reference its answers to paragraphs 1-98.

100. The Count was dismissed by Court Order; thus, no answer from Mr. Bostany is necessary.

101. The Count was dismissed by Court Order; thus, no answer from Mr. Bostany is necessary.

102. The Count was dismissed by Court Order; thus, no answer from Mr. Bostany is necessary.

103. The Count was dismissed by Court Order; thus, no answer from Mr. Bostany is necessary.

104. The Count was dismissed by Court Order; thus, no answer from Mr. Bostany is necessary.

105. The Count was dismissed by Court Order; thus, no answer from Mr. Bostany is necessary.

106. The Count was dismissed by Court Order; thus, no answer from Mr. Bostany is necessary.

107. The Count was dismissed by Court Order; thus, no answer from Mr. Bostany is necessary.

## COUNT VII
## COMMON LAW TRADEMARK INFRINGEMENT

108. Mr. Bostany restates and incorporates by reference its answers to paragraphs 1–107.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

## COUNT VIII
## COMMON LAW UNFAIR COMPETITION

116. Mr. Bostany restates and incorporates by reference its answers to paragraphs 1–115.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

## COUNT IX
## DECLARATORY JUDGMENT FOR THE DENIAL OF THE ASSOCIATION'S 1 HOMES APPLICATIONS (15 U.S.C. § 1119; 28 U.S.C. §§ 2201 and 2202)

123. Mr. Bostany restates and incorporates by reference its answers to paragraphs 1–122.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

## GENERAL DENIAL

To the extent not specifically admitted above, Mr. Bostany denies all other allegations of the Complaint.

## PLAINTIFF SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S PRAYER FOR RELIEF

In response to the allegations and demands of Plaintiff's Prayer for Relief, Mr. Bostany denies the same, and respectfully requests that Plaintiff be denied all relief requested by its Complaint, that judgment be entered in favor of the Association and John P. Bostany (collectively

"Defendants") and that the Court award Defendants the costs of this action and reasonable attorneys' fees as well as such other and further relief as the Court shall deem just.

## AFFIRMATIVE DEFENSES

Without admitting any allegations of the Complaint not otherwise admitted, Mr. Bostany asserts the following affirmative defenses:

### First Affirmative Defense

Mr. Bostany has not engaged in any acts which constitute infringement of any of Plaintiff's asserted trademarks.

### Second Affirmative Defense

Mr. Bostany's use of Plaintiff's asserted trademarks constitutes fair use, nominative fair use, and/or descriptive use.

### Third Affirmative Defense

Mr. Bostany's use of Plaintiff's asserted trademarks is not likely to cause confusion with Plaintiff as to the source or sponsorship of any goods or services.

### Fourth Affirmative Defense

Plaintiff's asserted trademarks are not inherently distinctive and have not attained secondary meaning because consumers do not associate Plaintiff's alleged trademarks with Plaintiff alone.

### Fifth Affirmative Defense

The Association has priority of use and is therefore the senior user of the 1 HOMES mark.

### Sixth Affirmative Defense

Plaintiff has abandoned any rights to its asserted trademarks.

### Seventh Affirmative Defense

Plaintiff's claims are barred or limited, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel.

### Eighth Affirmative Defense

Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of the Association's actions.

### Ninth Affirmative Defense

Plaintiff is precluded by the unclean hands doctrine from seeking any relief from this Court, let alone equitable relief, including because Plaintiff acquired its SHG registrations through fraud.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has misused the asserted trademarks.

Mr. Bostany reserves the right to assert additional defenses, affirmative or otherwise, if their existence is established through discovery or investigation, particularly with respect to any equitable conduct on behalf of Plaintiff or its affiliates.

### JURY DEMAND

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Mr. Bostany demands a trial by jury of all issues properly triable as of right by a jury.

December 21, 2020                                  Respectfully submitted,

                                                   */s/ John C. Carey*
                                                   John C. Carey
                                                   Florida Bar No.: 78379
                                                   Email: jcarey@careyrodriguez.com
                                                   **CAREY RODRIGUEZ MILIAN, LLP**
                                                   1395 Brickell Avenue, Suite 700
                                                   Miami, Florida 33131
                                                   Telephone: (305) 372-7474